**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **AGILON ENERGY HOLDINGS II LLC** | § § § | **Case No. 21-32156** |
| **Debtor.** | § § § | |

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **VICTORIA PORT POWER LLC** | § § § | **Case No. 21-32157** |
| **Debtor.** | § § § | |

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **VICTORIA CITY LLC** | § § § | **Case No. 21-32158** |
| **Debtor.** | § § § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE**

1

**OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

To the Honorable Marvin Isgur
United States Bankruptcy Judge:

Agilon Energy Holdings II LLC, Victoria Port Power LLC, and Victoria City Power LLC (collectively, the "***Debtors***"), the debtors and debtors in possession in the above-captioned Chapter 11 cases, hereby state the following in support of this motion:

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "***Order***"): (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief.  The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of Agilon Energy Holdings II LLC and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC,** *et al.* | § | **Case No. 21-32156** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

---

[1]  The debtors and debtors in possession these chapter 11 cases (the "Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("Agilon"), Case No. 21-32156; Victoria Port Power LLC (4894) ("VPP"), Case No. 21-32157; and Victoria City

Power  LLC (4169) ("VCP" and together with Agilon and CPP, the "Debtors"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

2.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Agilon Energy Holdings II LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of: Agilon Energy Holdings II LLC, Case No. 21-32156; Victoria Port Power LLC, Case No. 21-32157; and Victoria City Power LLC, Case No. 21-32158.  The docket in Case No. 21-32156 should be consulted for all matters affecting this case.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-32156**.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The legal predicates for the relief requested herein are Bankruptcy Code section 342(c)(1), Bankruptcy Rules 1005, 1015(b), and 2002(n), and Local Bankruptcy Rule 1015-1.

## BACKGROUND

6.      On June 27, 2021 (the "***Petition Date***"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "***Chapter 11 Cases***").

7.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

8.      To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "***United States Trustee***").  No trustee or examiner has been appointed in any of the Chapter 11 Cases.

**BASIS FOR RELIEF**

9.      Bankruptcy Rules 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliate.

10.     Each of the other Debtors in these Chapter 11 Cases is a wholly-owned subsidiary of Agilon Energy Holdings II LLC.  Accordingly, all of the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

12.     The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

13.     Joint administration will also save time and money and will avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each Debtor's chapter 11 case will be apprised of all filings and matters before the Court relating to the Chapter 11 Cases.  Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

15.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 Cases because the relief sought is purely procedural and in no way is intended to affect any substantive rights.  Each creditor and other party in interest will retain whatever claims or rights they may have against any of the Debtors or such Debtor's estate.

16.     The Debtors' estates will benefit from the reduction in costs that will result from joint administration.

16.     Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years.  FED. R. BANKR. P. 2002(n).

17.     The Debtors submit that use of this simplified caption without full tax identification numbers will ensure uniformity of pleading identification.  All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, their respective case numbers, and the last four digits of their tax identification numbers.  All such pleadings will also include a note specifying that the Chapter 11 Cases are "Jointly Administered."  Moreover, the full tax identification numbers are listed in the petitions for each Debtor, and those petitions are publicly available to all parties in interest and will be provided by the Debtors upon request.   Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) and Local Bankruptcy Rule 1015(i) have been satisfied.

19.     It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize their joint administration.  The Debtors envision that

many of the motions, hearings, and other matters involved in the Chapter 11 Cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process without the procedural problems that would otherwise arise through the separate administration of these related cases.

**APPLICABLE AUTHORITY**

20.     No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect any substantive right of any creditor or other party in interest. An order of joint administration is related to the routine administration of a case and may be entered by the Court in its discretion, and the relief requested is commonly granted by bankruptcy courts in this District. *See, e.g. In re University General Health System, Inc.*, No. 15-31086 (Bankr. S.D. Tex.), at Dkt. No. 43; *In re ESCO Marine, Inc.*, No. 15-20107 (Bankr. S.D. Tex.), at Dkt. No. 29; *In re Luca International Group, LLC*, No. 15-34221 (Bankr. S.D. Tex.), at Dkt. No.; *In re Diverse Energy Systems, LLC*, No. 15-34736 (Bankr. S.D. Tex.), at Dkt. No. 37; *In re HII Technologies, Inc.*, No. 15-60070 (Bankr. S.D. Tex.), at Dkt. No. 18.; *In re RAAM Global Energy Co.*, No. 15-35615 (Bankr. S.D. Tex.), at Dkt. No. 22; *In re Sherwin Alumina Co., LLC*, No. 16-20012 (Bankr. S.D. Tex.), at Dkt. No. 39; *In re ESP Petrochemicals, Inc.*, No. 16-60020 (Bankr. S.D. Tex.), at Dkt. No. 23; *In re Southcross Holdings, LP*, No. 16-20111 (Bankr. S.D. Tex.), at Dkt. No. 27; *In re Aztec Oil & Gas, Inc.*, No. 16-31895 (Bankr. S.D. Tex.), at Dkt. No. 7; *In re Energy XXI Ltd.*, No. 16-31928 (Bankr. S.D. Tex.), at Dkt. No. 23; *Ultra Petroleum Corp.*, No. 16-32202 (Bankr. S.D. Tex.), at Dkt. No. 40.

**NOTICE**

21.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002 and 3017; (iii) counsel for and the members of any committees appointed by this Court; (iv) The Prudential Insurance Company of America, Prudential Legacy Insurance Company of New Jersey, Prudential Retirement Insurance and Annuity Company (collectively, "***Prudential***") and their counsel; (v) a consolidated list of the thirty (30) largest unsecured creditors of the Debtors; and (vi) governmental agencies having a regulatory or statutory interest in these cases.  In light of the nature of the relief requested, and the exigent circumstances of these cases, the Debtors submit that no further notice is necessary.

**NO PRIOR REQUEST**

22.     No previous request for the relief requested in the Motion has been made to this Court or any other court.

**CONCLUSION**

The Debtors respectfully request that the Court enter an order, substantially in the form filed with this Motion, granting the relief requested in this Motion and such other and further relief as the Court deems just and proper.

Dated: June 28, 2021                    Respectfully submitted,
       Houston, TX

                                           */s/ Simon R. Mayer*
                                           Elizabeth M. Guffy
                                           Texas Bar No. 08592525
                                           Simon R. Mayer
                                           Texas Bar No. 24060243
                                           LOCKE LORD LLP
                                           600 Travis St., Suite 2800
                                           Houston, TX 77002
                                           Telephone:  (713) 226-1200
                                           Facsimile:  (713) 223-3717
                                           Email:  eguffy@lockelord.com
                                                          simon.mayer@lockelord.com

                                           **Proposed Attorneys for**
                                           **Agilon Energy Holdings II LLC, et al.**

## Rule 9013-1(i) Certificate

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                           */s/ Simon R. Mayer*
                                           Simon R. Mayer

## Certificate of Service

The undersigned certifies that this Motion was served electronically on June 28, 2021 via ECF those parties registered to receive ECF service and electronically on counsel for Prudential.

                                           */s/ Simon R. Mayer*
                                           Simon R. Mayer