**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC,** *et al.* | § | Case No. 21-32156 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**DEBTORS' EMERGENCY APPLICATION TO (I) RETAIN AND EMPLOY STRETTO**
**AS CLAIMS, NOTICING, AND SOLICITATION AGENT,**
**AND (II) GRANTING RELATED RELIEF**

**Emergency relief has been requested.**

**If you object to the requested relief or you believe that emergency consideration is not warranted, you must file a written response prior to the below date by which relief is requested. Otherwise, the Court may treat the request as unopposed and grant the relief requested.**

**Relief is requested not later than July 15, 2021.**

To the Honorable Marvin Isgur,
United States Bankruptcy Judge:

Agilon Energy Holdings II LLC, Victoria Port Power LLC, and Victoria City Power LLC

(collectively, the "***Debtors***"), file this *Emergency Application to (I) Retain and Employ Stretto as*

*Claims, Noticing, and Solicitation Agent and (II) Granting Related Relief* (the "***Application***"), and

would respectfully show the Court as follows:

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

---

[1]  The debtors and debtors in possession these chapter 11 cases (the "***Bankruptcy Cases***"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("***Agilon***"), Case No. 21-32156; Victoria Port Power LLC (4894) ("***VPP***"), Case No. 21-32157; and Victoria City Power  LLC (4169) ("***VCP***" and together with Agilon and VPP, the "***Debtors***"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

**Exhibit 1** (the "***Proposed Order***"), (a) authorizing the Debtors to retain and appoint Stretto ("***Stretto***")[2] as claims, noticing, and solicitation agent (the "***Claims and Noticing Agent***") in the Debtors' chapter 11 cases; and (b) granting related relief.  Specifically, the Debtors request entry of an order authorizing the Debtors to retain and appoint the Claims and Noticing Agent to, among other tasks: (a) serve as the noticing agent to mail notices to the estates' creditors, equity security holders, and other parties in interest; (b) provide computerized claims, objection, solicitation, and balloting-related services; and (c) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to these chapter 11 cases.   In support of this Application, the Debtors submit the *Declaration of Sheryl Betance  in Support of Debtors' Emergency Application (I) to Retain and Employ Stretto as Claims, Noticing, and Solicitation Agent, and (II) Granting Related Relief* (the "***Betance Declaration***"), attached hereto as **Exhibit 2**.

## <u>Jurisdiction and Venue</u>

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by the Court.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are 28 U.S.C. § 156(c), sections 105(a), 327, 328(a), and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

---

[2]  Stretto is the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries.

"*Bankruptcy Code*"), Bankruptcy Rules 2002(f), 2014(a), 2016, and 6003, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "*Local Rules*").

## Background

### Procedural Background

5.     On June 27, 2021 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "*Chapter 11 Cases*").

6.     The Debtors continue in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### Relevant Factual Background

7.     The Debtors are in the business of providing gas-fired peaking electric energy to the ERCOT market.  The Debtors own and operate two (2) facilities located near Victoria, Texas. The two facilities are Victoria Port Generation Station ("*Victoria Port*") and Victoria City Generation Station ("*Victoria City*").  When fully functional, the total nominal capacity that the facilities can provide is 172 Megawatts.  The facilities incorporate two refurbished LM6000 aero derivative combustion turbines and associated generators manufactured by General Electric.

8.     During the construction of the facilities certain disputes arose that ultimately resulted in increased costs and delays in bringing the facilities on line.  These delays, in part, resulted in the Debtors not generating revenue which caused certain defaults in their loan covenants.  After the facilities became commercially operational, the refurbished combustion turbines experienced additional maintenance issues resulting in further delays.

9.      The Debtors began exploring options with their senior lenders to restructure their debt.  The Debtors were making progress toward resolving their operational issues when, in February 2021, an abnormal cold weather event occurred in Texas.  The Debtors' combustion turbine engines were not constructed to operate in freezing temperatures.  This resulted in the Debtors incurring additional liabilities for an unprecedented amount of purchased power expense during the week of cold weather.  The liability created during this weather event has caused the companies supply and purchase agreement to be terminated and ultimately led to the filing of these bankruptcy cases.

### Basis for Relief

10.      The Debtors request entry of the Order (a) authorizing the retention and appointment of Stretto as the Claims and Noticing Agent for the Debtors and their Chapter 11 Cases, to, among other tasks: (i) serve as the noticing agent to mail notices to the estates' creditors, equity security holders, and parties in interest; (ii) provide computerized claims, objection, solicitation, and balloting database services; and (iii) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to the Debtors' Chapter 11 Cases, pursuant to the provisions of the engagement agreement, attached hereto as **Exhibit 3** (the "***Engagement Agreement***") and (b) granting related relief.

11.      The Debtors' selection of Stretto to act as the Claims and Noticing Agent is appropriate under the circumstances and in the best interest of the estates.  Moreover, the Debtors submit that, based on all engagement proposals requested, obtained and reviewed, Stretto's rates are competitive and reasonable given Stretto's quality of services and expertise.  The terms of Stretto's retention are set forth in the Engagement Agreement.

12.      Although the Debtors have not yet filed their respective schedules of assets and

liabilities and statements of financial affairs (collectively, the "***Schedules***"), the Debtors anticipate that there will potentially be approximately between one and two hundred parties to be noticed.  In view of the number of anticipated notice parties and the complexity of the Debtors' business, the Debtors submit that the appointment of a claims and noticing agent will provide the most effective and efficient means of, and relieve the Debtors and/or the Office of the Clerk of the Bankruptcy Court (the "***Clerk***") of the administrative burden of, noticing, administering claims, and soliciting and tabulating votes and is in the best interests of the Debtors' estates and their creditors.

## Stretto's Qualifications

13.      Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex Chapter 11 Cases.  Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of Chapter 11 Cases and experience in matters of this size and complexity.   Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of Chapter 11 Cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Stretto's active and former cases include: *In re Hornbeck Offshore Services, Inc.,* Case No. 20-32679 (DRJ) (Bankr. S.D. Tex. May 19, 2020); *In re Neiman Marcus Group LTD LLC,* Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. May 7, 2020); *In re Whiting Petrol. Corp.*, No. 20-32021 (DRJ) (Bankr. S.D. Tex. April 1, 2020); *In re Tri-Point Oil & Gas Production Systems, LLC*, No. 20-31777 (DRJ) (Bankr. S.D. Tex. Mar. 18, 2020); *In re Burkhalter Rigging, Inc.*, Case No. 19-30495 (MI) (Bankr. S.D. Tex. Feb. 6, 2019); *In re REVA Medical, Inc.,* Case No. 20-10072 (JTD) (Bankr.

D. Del. Jan. 16, 2020); *In re Seabras 1 USA, LLC*, Case No. 19-14006 (SMB) (Bankr. S.D.N.Y.

Dec. 27, 2019); *In re Clover Technologies Group, LLC*, Case No. 1912680 (KBO) (Bankr. D. Del.

Dec. 23, 2019); *In re MTE Holdings LLC*, Case No. 19-12269 (KBO) (Bankr. D. Del. Nov. 15

2019); *In re Fleetwood Acquisition Corp.*, Case No. 19-12330 (KG) (Bankr. D. Del. Nov. 5, 2019);

*In re Zenergy Brands, Inc.*, Case No. 19-42886 (Bankr. E.D. Tex. Oct. 31, 2019); *In re Agera*

*Energy LLC*, Case No. 19-23802 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019); *In re News-Gazette, Inc.*,

Case No. 19-11901 (KBO) (Bankr. D. Del. Sept. 4, 2019); *In re Loot Crate, Inc.*, Case No. 19-

11791 (BLS) (Bankr. D. Del. Aug. 14, 2019); *In re Barneys New York, Inc.*, Case No. 19-36300

(CGM) (Bankr. S.D.N.Y. Aug. 7, 2019).[3]

## Services to be Provided

14.     This Application pertains to the work to be performed by Stretto under section

327(a) of the Bankruptcy Code and under the Clerk's delegation of duties permitted by 28 U.S.C.

§ 156(c). Under the Engagement Agreement, Stretto will perform the following services

(collectively, the "***Services***"), as the Claims and Noticing Agent, at the request of the Debtors or

the Clerk:

(a)     assist the Debtors with the preparation and distribution of all required
notices and documents in accordance with the Bankruptcy Code and the
Bankruptcy Rules in the form and manner directed by the Debtors and/or
the Court, including: (i) notice of the commencement of the Chapter 11
Cases and the initial meeting of creditors under Bankruptcy Code section
341(a); (ii) notice of any claims bar date; (iii) notice of any proposed sale
of the Debtors' assets; (iv) notices of objections to claims and objections to
transfers of claims; (v) notices of any hearings on a disclosure statement
and confirmation of any plan or plans of reorganization, including under
Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; and
(vii) all other notices, orders, pleadings, publications and other documents
as the Debtors, the Court, or the Clerk may deem necessary or appropriate
for an orderly administration of these Chapter 11 Cases;

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application.
Copies of these cited orders are available upon request to the Debtor's proposed counsel.

(b)     maintain an official copy of the Debtors' Schedules, listing the Debtors' known creditors and the amounts owed thereto;

(c)     maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and update and make said lists available upon request by a party-in-interest or the Clerk;

(d)     to the extent applicable, furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)     maintain a post office box or address for receiving claims and returned mail, and process all mail received;

(f)     for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service no more frequently than every 7 days that includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

(g)     receive and process all proofs of claim, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h)     provide an electronic interface for filing proofs of claim;

(i)     maintain the official claims registers for the Debtors (the "<u>Claims Registers</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) address for payment, if different from the notice address; (v) the amount asserted; (vi) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); and (vii) any disposition of the claim;

(j)     provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(k)     record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l)     implement reasonable security measures designed to ensure the completeness and integrity of the Claims Registers and the safekeeping of any proofs of claim;

(m)     relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto not less than weekly;

(n)     monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o)     identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information is available);

(p)     assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(q)     provide docket updates via email to parties who subscribe for such service on the Debtors' case website;

(r)     comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements in connection with the Services rendered pursuant to the Engagement Agreement;

(s)     if the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk within 3 days of notice to Stretto of entry of the order converting the case;

(t)     30 days prior to the close of the Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Stretto as claims, noticing, and solicitation agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Cases;

(u)     within 7 days of notice to Stretto of entry of an order closing the Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the cases;

(v)     at the close of the Chapter 11 Cases: (i) box and transport all original documents, in proper format, as provided by the Clerk, to (A) the Federal Records Center, or (B) any other location requested by the Clerk; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

(w)     assist the Debtors with, among other things, plan-solicitation services including: (i) balloting; (ii) distribution of applicable solicitation materials; (iii) tabulation and calculation of votes; (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court; (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (vi) in connection with the foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(x)     if requested, assist with the preparation of the Debtors' Schedules and gather data in conjunction therewith;

(y)     provide a confidential data room, if requested;

(z)     coordinate publication of certain notices in periodicals and other media;

(aa)     manage and coordinate any distributions pursuant to a chapter 11 plan; and

(bb)     provide such other claims, noticing, processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, that may be requested from time to time by the Debtors, the Court, or the Clerk.

## **Professional Compensation**

15.    The Debtors respectfully request that the undisputed fees and expenses incurred by Stretto in the performance of the above Services be treated as administrative expenses of the Debtors chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business pursuant to the Engagement Agreement without further application to or order of the Court.

16.    Stretto agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve, no less frequently than monthly, invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any

official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from this Court.

17.     In addition, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting from Stretto's bad faith, gross negligence, willful misconduct, or as otherwise provided in the Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

## Disinterestedness

18.     Stretto has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

19.     To the best of the Debtors' knowledge, Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, as Stretto represents in the Betance Declaration, among other things, that:

(a)     Stretto is not a creditor of the Debtors;

10

(b)     Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c)     By accepting employment in these Chapter 11 Cases, Stretto waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

(d)     In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

(e)     Stretto will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

(f)     Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g)     In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Stretto will not intentionally misrepresent any fact to any person;

(h)     Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)     Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     None of the services provided by Stretto as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

18.     Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

19.     To the extent that there is any inconsistency between this Application, the Order, and the Engagement Agreement, the Order shall govern.

**Emergency Consideration**

20.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the

commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into operations under chapter 11 is in the best interest of the Debtors.  Furthermore, failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would disrupt the Debtors' operations and restructuring efforts.

21.    The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

22.    The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

23.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002 and 3017; (iii) counsel for and the members of any committees appointed by this Court; (iv) counsel for the Debtors' first-lien prepetition lender and proposed debtor-in-possession credit facility; (v) the thirty (30) largest unsecured creditors of the Debtors; and (vi) governmental agencies having a regulatory or statutory interest in these cases. In light of the nature of the relief requested, and the exigent circumstances of these cases, the Debtors submit that no further notice is necessary.

### Conclusion

The Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: July 9, 2021                        Respectfully submitted,

                                          */s/ Simon R. Mayer*
                                          Elizabeth M. Guffy
                                          Texas Bar No. 08592525
                                          Simon R. Mayer
                                          Texas Bar No. 24060243
                                          LOCKE LORD LLP
                                          600 Travis St., Suite 2800
                                          Houston, TX 77002
                                          Telephone:  (713) 226-1200
                                          Facsimile:  (713) 223-3717
                                          Email: eguffy@lockelord.com
                                                        simon.mayer@lockelord.com

                                          ***Proposed Attorneys for***
                                          ***Agilon Energy Holdings II LLC, et al.***

## Rule 9013-1(i) Certificate

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                          */s/ Simon R. Mayer*
                                          Simon R. Mayer

## Certificate of Service

The undersigned certifies that this Motion was served electronically on July 9, 2021 via ECF those parties registered to receive ECF service.

                                          */s/ Simon R. Mayer*
                                          Simon R. Mayer