

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
07/15/2021

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC**, *et al.* | § | Case No. 21-32156 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

***AMENDED* ORDER (I) AUTHORIZING THE DEBTORS' TO CONTINUE**
**INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY**
**PREPETITION OBLIGATIONS RELATED THERETO AND**
**(II) GRANTING RELATED RELIEF**
[Relates to Dkt. No. 37]

Upon the *Debtors' Emergency Motion for Entry of an Order (i) Authorizing the Debtors to Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto and (ii) Granting Related Relief* (the "***Motion***")[2] filed by the debtors and debtors in possession (collectively, the "***Debtors***" ); this Court having determined that it has jurisdiction over this matter, that this is a core proceeding, that venue of this proceeding and the Motion in this district is proper; and this Court having authority to enter a final order; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and this Court having found that the Debtors' notice of the Motion was proper and adequate under the circumstances and that no other notice is necessary; and upon the record herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The debtors and debtors in possession these chapter 11 cases (the "***Bankruptcy Cases***"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("***Agilon***"), Case No. 21-32156; Victoria Port Power LLC (4894) ("***VPP***"), Case No. 21-32157; and Victoria City Power  LLC (4169) ("***VCP***" and together with Agilon and VPP, the "***Debtors***"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

1.     The Debtors are authorized to continue and honor the terms of the Premium Financing Agreement identified on **Exhibit 1** to the Motion, and to the extent applicable, the terms of the Insurance Policy, and to pay all pre- and post-petition amounts that may be or may come due in connection therewith, including the $66,248.68 due under the Premium Financing Agreement, provided, however, the Debtors will notify the United States Trustee and any statutory committee appointed in these cases if Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance or change insurance carriers, enter into any new premium financing agreements, or obtain additional insurance coverage.

2.     The Debtors are further authorized, but not directed, to reuse, extend, renew, rollover, replace, or obtain new Insurance Policies, and to take all appropriate actions in connection therewith, in the ordinary course of business.

3.     The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion.  Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order.

4.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order

2

granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Policy are owed, including Bank Direct.

6.      Notwithstanding anything else contained herein, (a) any relief granted herein, including any payment to be made or authorization contained hereunder, shall be subject in all respects to the terms and conditions of, including all requirements imposed upon the Debtors under, any interim or final order of the Court in these chapter 11 cases approving the post-petition secured financing facility and authorizing the use of cash collateral (as may be modified, amended or supplemented, the "*Financing Orders*") (including, without limitation, the budget required in connection therewith)) and the post-petition financing credit documents approved therein and (b) to the extent there is any inconsistency between the terms and conditions of such Financing Orders or DIP Credit Documents and any action taken or proposed to be taken

3

hereunder, the terms and conditions of such Financing Orders or DIP Credit Documents shall control.

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: July 15, 2021

_____
                Marvin Isgur
          United States Bankruptcy Judge

4