

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
07/15/2021

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC, *et al.*** | § | **Case No. 21-32156 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**INTERIM ORDER PROVIDING**
**ADEQUATE ASSURANCE OF UTILITY PAYMENTS**
[Relates to Dkt. No. 34]

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders Providing Adequate Assurance of Utility Payments* (the "***Motion***")[2] filed by the debtors and debtors in possession (collectively, the "***Debtors***"); this Court having determined that it has jurisdiction over this matter, that this is a core proceeding, that venue of this proceeding and the Motion in this district is proper; and this Court having authority to enter a final order; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and this Court having found that the Debtors' notice of the Motion was proper and adequate under the circumstances and that no other notice is necessary; and upon the record herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT;

1.       The Debtors shall cause a copy of the Motion and this Order to be served on each Utility listed on the Utility Services List no later than one (1) business day after the date this

---

[1]  The debtors and debtors in possession these chapter 11 cases (the "***Bankruptcy Cases***"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("***Agilon***"), Case No. 21-32156; Victoria Port Power LLC (4894) ("***VPP***"), Case No. 21-32157; and Victoria City Power  LLC (4169) ("***VCP***" and together with Agilon and VPP, the "***Debtors***"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

93026797v.2

Order is entered.

2.     Subject to the procedures described below, no Utility may (a) alter, refuse, terminate, or discontinue utility service to, or discriminate against, the Debtors on the basis of the commencement of these Cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving such utility services pending the entry of a Final Order or this order becoming a Final Order as set forth below.

3.     The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

4.     The Debtors shall deposit the Adequate Assurance Deposit into the segregated account within five business days or as soon as reasonably practicable after entry of the order granting this motion.

5.     The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

6.     Each Utility shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility in the column labeled "Proposed Adequate Assurance" on the Utility Services List, and as may be amended or modified in accordance with this Order.

7.     If an amount relating to utility services provided post-petition by a Utility is unpaid, and remains unpaid beyond any applicable grace period, such Utility may request a disbursement from the Adequate Assurance Account by giving notice to: (a) the Debtors, 5850 San Felipe, Ste 601, Houston, Texas 77057, Attn.: Hugh Smith; (b) proposed co-counsel to the

93026797v.2

Debtors, Locke Lord LLP, Attn:  Elizabeth M. Guffy and Simon R. Mayer, 600 Travis, Suite 2800, Houston, Texas  77002; (c) counsel to any statutory committee appointed in these cases; (d) counsel to the first-lien prepetition lender and proposed debtor-in-possession credit facility, Morgan, Lewis & Bockius LLP, Attn: David L. Lawton and Julia Frost-Davies, One Federal Street, Boston, Massachusetts 02110-1726 and Gray Reed & McGraw LLP, Attn: Paul D. Moak, 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056; (e) counsel for the official committee of unsecured creditors (if any) appointed in these chapter 11 cases, and (f) the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (collectively, the "***Notice Parties***").  The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

8.     The portion of the Adequate Assurance Deposit attributable to each Utility shall be returned to the Debtors on the earlier of (a) reconciliation and payment by the Debtors of the Utility's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of utility services from such Utility and (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

9.     The following Adequate Assurance Procedures are approved in all respects:

> (a) Within one (1) business day after entry of the Interim Order, the Debtors will mail a copy of the Interim Order to the Utilities on the Utility Service List.  If a Utility is not satisfied with the Proposed Adequate Assurance and seeks additional assurances of payment in the form of deposits, prepayments, or otherwise (an "***Additional Assurance Request***"), it must serve a request within 10 days of service of the Interim Order upon (i) the Debtors and their proposed counsel at the following address:  Locke Lord LLP, Attn:  Elizabeth M. Guffy and

3

Simon R. Mayer, 600 Travis, Suite 2800, Houston, Texas 77002; e-mail: eguffy@lockelord.com and simon.mayer@lockelord.com; and (ii) counsel for the Debtors' first-lien prepetition lender and proposed debtor-in-possession credit facility, at the following address: Morgan, Lewis & Bockius LLP, Attn: David L. Lawton and Julia Frost-Davies, One Federal Street, Boston, Massachusetts 02110-1726; email: david.lawton@morganlewis.com and Julia.frost-davies@morganlewis.com and Gray Reed & McGraw LLP, Attn: Paul D. Moak, 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056; email: pmoak@grayreed.com.

(b) If a Utility is not satisfied with procedures outlined herein and wishes to object to such procedures, it must file an objection with the Court (the "***Procedures Objection***") within 10 days of service of the Interim Order and serve such Procedures Objection upon (i) the Debtors and their counsel at the following address: Locke Lord LLP, Attn: Elizabeth M. Guffy and Simon R. Mayer, 600 Travis, Suite 2800, Houston, Texas 77002; e-mail: eguffy@lockelord.com and simon.mayer@lockelord.com; and (ii) counsel for the Debtors' first-lien prepetition lender and proposed debtor-in-possession credit facility, at the following address: Morgan, Lewis & Bockius LLP, Attn: David L. Lawton and Julia Frost-Davies, One Federal Street, Boston, Massachusetts 02110-1726; email: david.lawton@morganlewis.com and Julia.frost-davies@morganlewis.com and Gray Reed & McGraw LLP, Attn: Paul D. Moak, 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056; email: pmoak@grayreed.com.

(c) Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits, prepayments, or other security currently held by the requesting Utility; (iv) explain why the requesting Utility believes the Proposed Adequate Assurance is insufficient adequate assurance of future payment; and (v) identify, and explain the basis of, the Utility's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

(d) Upon the Debtors' timely receipt of an Additional Assurance Request at the address noted above, the Debtors may negotiate with the requesting Utility to resolve its Additional Assurance Request until the Final Hearing (defined below) (the "***Resolution Period***"). The Resolution Period may be extended by agreement between the parties.

(e) The Debtors may resolve any Additional Assurance Request by mutual agreement with the requesting Utility and without further order of the Court and may, in connection with any such resolution, provide

4

the requesting Utility with additional adequate assurance of future payment in a form satisfactory to the Utility, including, without limitation, cash deposits, prepayments, and/or other forms of security, if the Debtors believe such additional assurance is reasonable. The Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in these cases, counsel to Ad Hoc Lender Group, and the U.S. Trustee upon request.

(f) **A hearing on any unresolved Additional Adequate Assurance Requests pursuant to section 366(c)(3)(A) or any unresolved Procedures Objections raised by any of the Utilities listed on the Utility Service List will be held on <u>July 27, 2021 at 10:00 a.m.</u> in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002** (the "*Final Hearing*").

(h) Any Utility that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance). The Interim Order shall be deemed the Final Order vis-a-vis on all Utilities that do not timely file and serve a Procedures Objection.

10.    The Utilities are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

11.    Unless and until a Utility files an objection or serves an Additional Assurance Request, such Utility shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility in compliance with section 366 of the Bankruptcy Code; and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

12.    The Debtors are authorized, following the giving of two weeks' notice to the

5

affected Utility, and the Debtors having received no objection from any such Utility, to remove any Utility from the Utility Services List.  If an objection is received, the Debtors or the affected Utility may request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility may agree.  The Debtors are authorized to subtract from the Adequate Assurance Deposit an amount equal to the amount indicated with regard to such removed entity on the Utility Service List; provided that the Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility that the Debtors seek to remove from the Utility Service List unless the two week notice period has passed, and either the Debtors have not received any objection to removal of such Utility from the Utility Service List, or until any such objection has been resolved consensually or by order of the Court.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common

6

law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

14.     Any non-Debtor Landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; provided that a non-Debtor Landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

15.     Notwithstanding anything else contained herein, (a) any relief granted herein, including any payment to be made or authorization contained hereunder, shall be subject in all respects to the terms and conditions of, including all requirements imposed upon the Debtors under, any interim or final order of the Court in these chapter 11 cases approving the post-petition secured financing facility and authorizing the use of cash collateral (as may be modified, amended or supplemented, the "***Financing Orders***") (including, without limitation, the budget required in connection therewith)) and the post-petition financing credit documents approved therein and (b) to the extent there is any inconsistency between the terms and conditions of such Financing Orders or DIP Credit Documents and any action taken or proposed to be taken hereunder, the terms and conditions of such Financing Orders or DIP Credit Documents shall control.

16.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.     This order shall be deemed a Final Order to any Utility that does not file a Procedures Objection as described herein.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: July 15, 2021

Marvin Isgur
United States Bankruptcy Judge