IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § § § | Case No. 21-32156 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE INSURANCE
COVERAGE ENTERED INTO PREPETITION AND SATISFY POSTPETITION
OBLIGATIONS RELATED THERETO AND (II) GRANTING RELATED RELIEF**

**Emergency relief has been requested.**

**If you object to the requested relief or you believe that emergency consideration is not warranted, you must file a written response prior to the below date by which relief is requested. Otherwise, the Court may treat the request as unopposed and grant the relief requested.**

**Relief is requested not later than July 29, 2021.**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

Agilon Energy Holdings II LLC, Victoria Port Power LLC, and Victoria City Power LLC (collectively, the "***Debtors***") file this emergency motion (the "***Motion***") for entry of an order authorizing the debtors to continue certain insurance coverage entered into prepetition and to satisfy certain post-petition obligations related thereto, and in support of the requested relief would respectfully show the Court as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("***Agilon***"), Case No. 21-32156; Victoria Port Power LLC (4894) ("***VPP***"), Case No. 21-32157; and Victoria City Power LLC (4169) ("***VCP***" and together with Agilon and VPP, the "***Debtors***"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

1

93786390v.1

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) and 363 of title 11 of the United States Code (11 U.S.C. §§ 101, *et seq*., as amended, the "**Bankruptcy Code**").

**Background**

4. The Debtors are in the business of providing gas-fired peaking electric energy to the ERCOT market. The Debtors own and operate two (2) facilities located near Victoria, Texas: Victoria Port Generation Station (the "*Victoria Port Facility*") and Victoria City Generation Station (the "*Victory City Facility*" and together with the Victoria Port Facility, the "*Facilities*"). When fully functional, the Facilities have a total nominal capacity of 172 Megawatts. The Facilities incorporate two refurbished LM6000 aero derivative combustion turbines and associated generators manufactured by General Electric.

5. On June 27, 2021 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "*Chapter 11 Cases*").

6. The Debtors continue in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### The Insurance Policy and Related Payment Obligation

7. Prior to the Petition Date and in the ordinary course of business, Agilon entered into an insurance policy under Policy Number 36045451 (the "*Insurance Policy*"). The Insurance Policy is with Federal Insurance Company, CHUBB (the "*Insurance Carrier*"). The Insurance Policy provides, among other things, umbrella liability coverage related to the Facilities and an office located at 5850 San Felipe Street, Houston, Texas (the "*San Felipe Office*"). The San Felipe Office is occupied by Castleman Power Development, LLC ("*Castleman*"), the management company that had been responsible for managing the debtor companies pre-petition.

8. The annual gross premium for the Debtor's current Insurance Policy is $81,574.00 (the "*Premium*"). Agilon pays the cost of the Premium through a financing agreement with Bank Direct Capital Finance ("*Bank Direct*"). A copy of the Bank Direct Capital Finance agreement (the "*Premium Financing Agreement*") is attached as **Exhibit 1**. Under the Premium Financing Agreement, the Debtors were required to make an initial down payment in the amount of $12,237.00 followed by ten (10) monthly payments of $7,088.76 beginning on April 12, 2021. The Debtors' obligations under the Premium Financing Agreement are secured by, among other things, any gross unearned premiums, dividend payments, and payment on account of losses that result in a reduction of unearned premiums.

9. Pre-petition, the Debtors remained current under the Premium Financing Agreement and paid the first five (5) monthly payments as they came due. Five (5) additional payments remain to be paid, with one coming due each month for the next five months, for a

total amount of $35,443.00.

10.     **The next monthly payment is due Friday, July 30, 2021**.

11.     Of the total Premium, approximately $995.00 is allocated to Castleman for liability coverage for the San Felipe Office. Pro-rated over the term of the Premium Financing Agreement the portion allocated to the San Felipe Office equals $84.85 monthly. Through its counsel, Castleman has agreed to pay the monthly pro-rated amount of its portion ($84.85) directly to Bank Direct.

12.     Less the portion allocable to the coverage of the San Felipe Office, the Debtors' pro rata portion of the liability coverage for the Facilities equals $7,003.91 monthly.

13.     The Debtors, through their broker, are in the process of investigating and possibly obtaining seeking separate liability coverage for the Facilities. However, this process is expected not to be finalized until August or September 2021. Out of an abundance of caution, the Debtors seek the Court's authorization to pay all of the future monthly payments, except for the $84.85 portion related to the San Felipe Office, under the Premium Financing Agreement.

14.     The Debtors seek authorization to pay the post-petition amounts related to the liability coverage for the Facilities as they come due under the Premium Financing Agreement and thereby maintain their existing Insurance Policy on a post-petition basis.

## Basis for Relief Requested

15.     Continuation of the Insurance Policy is essential to the preservation of the value of the Debtors' businesses and operations. Moreover, in many instances, insurance coverage is required by regulations, laws, credit agreements, and contracts that govern the Debtors' operations, including the requirement by the United States Trustee for the Southern District of Texas ("*U.S. Trustee*") that a debtor maintain adequate coverage given the circumstances of its

chapter 11 case. Further, section 1112(b)(4)(C) of the Bankruptcy Code provides that a "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C). Therefore, it is essential to their estates, and consistent with the Bankruptcy Code and the U.S. Trustee's Operating Guidelines, that the Debtors maintain, and continue to make all monthly premium financing payments required under the Premium Financing Agreement, without further order of the Court.

16. In addition, to the extent applicable, section 363(b) of the Bankruptcy Code permits a court to authorize Debtors to pay certain prepetition claims. Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). To permit payment of prepetition claims, a court must conclude that the debtor has "articulate[d] some business justification, other than the mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

17. Likewise, the Court is empowered to approve payment of certain prepetition claims, including those under the Insurance Policy, under section 105 of the Bankruptcy Code and the "doctrine of necessity." Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Today, the rationale for the necessity of payment rule—the rehabilitation of a debtor in reorganization cases—is the paramount policy and goal of chapter 11. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (finding that, where claims require satisfaction for the debtor in possession to perform its obligations, the bankruptcy court is able to use section 105 of the Bankruptcy Code to authorize satisfaction of prepetition

5

claims in aid of preservation or enhancement of the estate). Satisfying possible future obligations related to the Insurance Policy and the Premium Financing Agreement is warranted under the doctrine of necessity.

18. While the Debtors seek authority to make post-petition payments, the Premium Financing Agreement is a pre-petition obligation of the Debtors. For the reasons set forth herein, and in light of the critical need for the Debtors to preserve the value of their estates, authorizing the Debtors to pay the aforementioned obligations as requested herein and to honor their prepetition and ongoing obligations under the Insurance Policy and Premium Financing Agreement is proper in accordance with section 105 of the Bankruptcy Code. *See, e.g.*, *In re CoServ, L.L.C.*, 273 B.R. at 497 (noting that "[i]mplicit in the duties of a . . . debtor in possession . . . is the duty of such a fiduciary to protect and preserve the estate" and that "[t]here are occasions when this duty can only be fulfilled by the . . . satisfaction of a prepetition claim").

19. The Insurance Policy is critical to the preservation of the Debtors' Facilities, and nonpayment of any premiums, or similar obligations under the Premium Financing Agreement could result in the Insurance Carrier (a) terminating the existing policy, (b) declining to renew the Insurance Policy, or (c) refusing to enter into new insurance agreements with the Debtors in the future. Any interruption in insurance coverage could expose the Debtors to serious risks, such as (a) incurring direct liability for claims, material costs, and other losses that would have been payable by the Insurance Carrier under the Insurance Policy, and (b) higher costs to obtain new insurance coverage.

20. Authorizing the Debtors to pay the prepetition and post-petition amounts owing under the Premium Financing Agreement and thereby maintain their existing Insurance Policy on a post-petition basis is proper.

### Emergency Consideration

21. The Debtors respectfully request emergency consideration of this Motion. The next payment under the Insurance Financing Agreement is due on **Friday, July 30, 2021**. While the Debtors have engaged a new broker to investigate obtaining a new liability insurance policy, it is critical that the Debtors maintain their existing insurance without lapse. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

22. The Debtors request that the Court enter an order providing that notice of relief requested herein satisfies Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

23. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002; (iii) counsel for and the members of any committees appointed by this Court; (iv) counsel for the Debtors' first-lien prepetition lender and proposed debtor-in-possession credit facility; (v) the thirty (30) largest unsecured creditors of the Debtors; (vi) the Insurance Carrier and Bank Direct; and (v) governmental agencies having a regulatory or statutory interest in these cases. In light of the nature of the relief requested, and the exigent circumstances of these cases, the Debtors submit that no further notice is necessary.

24. No previous motion for the relief sought herein has been made to this or any other court.

**Conclusion**

The Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: July 27, 2021                    Respectfully submitted,

                                                          */s/ Simon R. Mayer*
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
Email: eguffy@lockelord.com
       simon.mayer@lockelord.com

***Proposed Attorneys for***
***Agilon Energy Holdings II LLC, et al.***

**Rule 9013-1(i) Certificate**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Simon R. Mayer*
Simon R. Mayer

**Certificate of Conference**

The undersigned certifies that counsel for the Debtors consulted with counsel for the senior secured lenders prior to the filing of this Motion. Counsel for the senior secured lenders does not oppose the relief requested and does not believe that a hearing is necessary.

*/s/ Simon R. Mayer*
Simon R. Mayer

**Certificate of Service**

The undersigned certifies that this Motion was served electronically on July 27, 2021, via ECF those parties registered to receive ECF service.

*/s/ Simon R. Mayer*
Simon R. Mayer

93786390v.1