IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § § | Case No. 21-32156 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Agilon Energy Holdings II LLC, Victoria Port Power LLC, and Victoria City Power LLC (collectively, the "***Debtors***"), respectfully submit this *Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "***Motion***") and respectfully state as follows:

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("***Agilon***"), Case No. 21-32156; Victoria Port Power LLC (4894) ("***VPP***"), Case No. 21-32157; and Victoria City Power LLC (4169) ("***VCP***" and together with Agilon and VPP, the "***Debtors***"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

93711731v.1

**Relief Requested**

1. By this Motion, pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Bankruptcy Local Rule 2016-1, the Debtors request entry of an order establishing an orderly and regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "***Interim Compensation Procedures***") for professionals whose services are authorized by this Court pursuant to section 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b); the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Local Rules***") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4. The Debtors are in the business of providing gas-fired peaking electric energy to the ERCOT market. The Debtors own and operate two (2) facilities located near Victoria, Texas: Victoria Port Generation Station (the "***Victoria Port Facility***") and Victoria City Generation Station (the "***Victory City Facility***" and together with the Victoria Port Facility, the "***Facilities***").

When fully functional, the Facilities have a total nominal capacity of 172 megawatts. The Facilities incorporate two refurbished LM6000 aero derivative combustion turbines and associated generators manufactured by General Electric.

5. On June 27, 2021 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "*Chapter 11 Cases*").

6. The Debtors continue in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 28, 2021, the Court entered an order [Docket No. 9] authorizing the joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

7. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. No statutory committee has been appointed in these Chapter 11 Cases.

## Retention of Professionals

8. Given the size and complex nature of these Chapter 11 Cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings and to successfully and timely emerge from chapter 11. Accordingly, the Debtors have filed and intend to file separate applications with the Court to employ and retain a number of professionals, including, without limitation, (i) Locke Lord LLP, as attorneys to represent them in these Chapter 11 Cases, (ii) Grant Thornton LLP, as financial advisor, and (iii) Stretto, as claims and noticing agent (collectively, the "*Debtors' Professionals*"). The Debtors may also need to retain additional professionals in connection with the administration of these Chapter 11 Cases.

93711731v.1

9. The Debtors believe that establishing orderly procedures to pay the Debtors' Professionals and other attorneys and professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code, including professionals retained by any statutory committee, if any, and that will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtors' Professionals, the "***Retained Professionals***") will streamline the administration of these Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest. A streamlined process for serving interim fee applications and notices thereof will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

**Proposed Compensation and Reimbursement Procedures**

10. The Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows (the "***Compensation Procedures***"):

    i. On or before the **last day of each month** following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "***Monthly Statement***"), by email or hand delivery, to the following parties:

        (a) the Debtors c/o Agilon Energy Holdings II LLC, Attn: Hugh Smith (hugh.smith@readisuite.com);

        (b) the proposed attorneys for the Debtors, Locke Lord LLP, Attn: Elizabeth M. Guffy and Simon R. Mayer (eguffy@lockelord.com, and simon.mayer@lockelord.com);

        (c) the attorneys for the Senior Secured Noteholders, (A) Morgan, Lewis & Bockius LLP, Attn: Julia Frost-Davies, David Lawton, and David M. Riley (Julia.frost-davies@morganlewis.com, david.lawton@morganlewis.com, and david.riley@morganlewis.com) and (B) Gray Reed &

-4-

93711731v.1

        McGraw LLP, Attn: Paul D. Moak and Amber M. Carson (pmoak@grayreed.com and acarson@grayreed.com);

  (d)    the Office of the United States Trustee for the Southern District of Texas, Attn: Stephen Statham and Jana S. Whitworth (stephen.statham@usdoj.com and jana.whitworth@usdoj.com); and

  (e)    the attorneys for the Creditors' Committee and any other statutory committee appointed in these Chapter 11 Cases, if any.

(collectively, the "**Fee Notice Parties**").

ii.    Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtors are authorized and directed to pay the Retained Professional an amount (the "***Actual Monthly Payment***") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "***Maximum Monthly Payment***") that are not subject to an objection pursuant to subparagraph (iii) below.

iii.    If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "***Notice of Objection to Monthly Statement***") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "***Objection***") with this Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "***Disputed Amount***"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time this Court will consider the Objection, if requested by the parties.

      iv.      Beginning with the period ending September 30, 2021 and at three month intervals thereafter (each, an "***Interim Fee Period***"), each of the Retained Professionals shall file with this Court and serve on the Fee Notice Parties an interim fee application (each an "***Interim Fee Application***") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such period and prepared in accordance with the Interim Compensation Procedures. Fee Notice Parties will have 14 days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including September 30, 2021. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by this Court.

      v.      The Debtors will request that this Court consider the Interim Fee Applications once every three (3) months or at such other intervals as this Court deems appropriate. This Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by this Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

      vi.      The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by this Court.

11.      The Debtors further request that the Court limit service of Interim Fee Application and final fee applications (each, a "***Final Fee Application***," and together with the Interim Fee Applications, the "***Applications***") to the Fee Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only notice of hearings on the Applications (the "***Hearing Notices***"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these Chapter 11 Cases to review and object to the Retained Professionals' fees and will save unnecessary duplications and mailing expenses.

**Supporting Authority**

12. Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

13. The proposed Interim Compensation Procedures would enable the Debtors to monitor closely the costs of administration, forecast cash flows, and implement efficient cash management procedures. They would also allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

14. Courts in this District have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Gavilan Res., LLC*, Case No. 20-32656 (MI) (Bankr. S.D. Tex. Jul. 13, 2020) (Docket No. 206); *In re NPC Int'l, Inc.*, Case No. 20-33353 (DRJ) (Bankr. S.D. Tex. July 1, 2020) (Docket No. 434); *In re CEC Ent., Inc.*, Case No. 20-33163 (MI) (Bankr. S.D. Tex. June 25, 2020) (Docket No. 583); *In re Speedcast Int'l Ltd.*, Case No. 20-32243 (MI) (Bankr. S.D.

93711731v.1

Tex. June 21, 2020) (Docket No. 328); *In re Alta Mesa Res., Inc.*, Case No. 19-35133 (MI) (Bankr. S.D. Tex. Nov. 12, 2019) (Docket No. 512); *In re EP Energy Corp.*, Case No. 19-35654 (MI) (Bankr. S.D. Tex. Nov. 6, 2019) (Docket No. 318); *In re Westmoreland Coal Co.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Nov. 15, 2018) (Docket No. 522).

15. Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interest of the Debtors' estates, creditors, and all parties in interest, and, therefore should be granted in these Chapter 11 Cases.

## Notice

16. Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rule 2002; (iii) counsel for and the members of any committees appointed by this Court; (iv) counsel for the Debtors' first-lien prepetition lender and proposed debtor-in-possession credit facility; (v) the consolidated thirty (30) largest unsecured creditors of the Debtors; (vi) governmental agencies having a regulatory or statutory interest in these cases; and (vii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). A copy of this Application is also available on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy. In light of the nature of the relief requested, and the exigent circumstances of these cases, the Debtors submit that no further notice is necessary.

## Conclusion

The Debtors respectfully request that the Court (i) enter a proposed order in substantially the same form as that submitted with this Motion granting the relief requested herein and (ii) provide such other relief as the Court deems appropriate and just.

93711731v.1

Dated: July 27, 2021

/s/ Simon R. Mayer
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
Email: eguffy@lockelord.com
      simon.mayer@lockelord.com

*Proposed Attorneys for*
*Agilon Energy Holdings II LLC, et al.*

### Certificate of Service

    I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on July 27, 2021, on all parties registered for electronic service.

/s/ Simon R. Mayer
Simon R. Mayer

93711731v.1