# Exhibit A

Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § § | Case No. 21-32156 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DECLARATION OF HUGH SMITH IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF HUGH SMITH ADVISORS LLC AND TO DESIGNATE HUGH SMITH TO SERVE AS CHIEF RESTRUCTURING OFFICER AND RELATED SERVICES**

I, HUGH SMITH, under penalty of perjury, declare as follows:

1. I am a Member of Hugh Smith Advisors LLC ("*HSA*"). The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the above-captioned debtors' (collectively, the "*Debtors*") *Application for Order Authorizing the Retention of Hugh Smith Advisors LLC and to Designate Hugh Smith to Serve as Chief Restructuring Officer and Related Services* (the "*Application*") on the terms and conditions as set forth in the Application and the engagement letter between the Debtors and HSA attached to this Declaration as **Exhibit 1** (the "*Engagement Agreement*").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("*Agilon*"), Case No. 21-32156; Victoria Port Power LLC (4894) ("*VPP*"), Case No. 21-32157; and Victoria City Power LLC (4169) ("*VCP*" and together with Agilon and VPP, the "*Debtors*"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

1

**Disinterestedness and Eligibility**

3. I am the sole member of HSA. I am an accomplished energy industry leader with over 40 years of experience backed by a proven track record in organizational leadership, power plant construction and operations, renewable power generation development, integrated resource planning, environmental/regulatory affairs, asset management, and risk management. My resume is attached to the Application as **Exhibit B**.

4. HSA represents that HSA, its members and employees are not and were not, within two years before the date of the filing of these Chapter 11 Cases, creditors, equity security holders, insiders or employees of the Debtors.

5. In December 2020, I was engaged by the Debtors as an independent contractor to explore options with the Debtors and their senior lenders to restructure their debt. During that time I worked with the Debtors' then management in exploring possible solutions to the Debtors' financial problems, including a possible restructuring of the outstanding debt agreements. As a result of my prepetition engagement, I was able to become initially familiar with the Debtors' financial affairs, debt structure, business operations, capital structure, key stakeholders, and related matters.

6. In accordance with 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 327(a), I reviewed the names of all known potential parties in interest (the "***Potential Parties in Interest***") in these Chapter 11 Cases. The list of Potential Parties in Interest is attached hereto as **Schedule 1**. The list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' unsecured creditors, contract counterparties, landlords, vendors, insurers, utilities, governmental authorities

and other parties. I reviewed the results of the conflict analysis. At this time, and as set forth in further detail herein, I am not aware of any relationship that would present a disqualifying conflict of interest. Except as disclosed herein, neither I nor HSA have any connections to the parties listed on the Potential Parties in Interest in the last three years. Should HSA discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, HSA will use reasonable efforts to file promptly a supplemental declaration.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither HSA, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.

8. HSA and its personnel have and will continue to have relationships personally or in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' Chapter 11 Cases. HSA may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

9. HSA and its personnel in their individual capacities regularly utilize the services of law firms, accounting firms, and financial advisors. Such firms engaged by HSA or its personnel may appear in Chapter 11 Cases representing the Debtors or parties in interest. All engagements where such firms represent HSA or its personnel in their individual capacities are unrelated to these Chapter 11 Cases.

10. No employee of HSA is a relative of, or has been connected with the U.S. Trustee in this district or its employees.

11. Accordingly, neither HSA nor any of its members or employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which HSA is to be engaged. Based on the foregoing, I believe that HSA is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12. If any new material relevant facts or relationships are discovered or arise during the pendency of these Chapter 11 Cases, HSA will promptly file a supplement declaration disclosing such new materials facts or relationships.

## **Compensation**

13. Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines, and the Bankruptcy Local Rules, HSA will seek from the Debtors payment for compensation pursuant to the Compensation Structure as set forth in the Application and the Engagement Agreement. HSA will further seek reimbursement of actual and necessary expenses incurred by HSA in accordance with applicable rules.

14. To the best of my knowledge, (a) no commitments have been made or received by HSA with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (b) HSA has no agreement with any other entity to share with such entity any compensation received by HSA in connection with these Chapter 11 Cases.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on July 27, 2021

By: */s/ Hugh Smith*
Hugh Smith
Member
Hugh Smith Advisors LLC

# Schedule 1

# Potential Interested Parties

| Entity Name | Role |
|---|---|
| ABIP | Creditor |
| ACT Commodities | Creditor |
| AEP Texas | Creditor |
| Aerovent | Largest Unsecured Creditor |
| AFCO Credit Corporation | Creditor |
| AGILON ENERGY HOLDINGS II, LLC | Client-Debtor |
| Agilon Energy II, LLC | Client - Related Entity |
| Agilon Energy III, LLC | Client - Related Entity |
| Air Tox Enviromental Company | Creditor |
| Airgas USA, LLC | Creditor |
| Akerman | Largest Unsecured Creditor |
| Akin Gump | Creditor |
| Akin Gump Strauss Hauer & Feld LLP | Counsel for Secured Lenders |
| Alicia Barcomb | US Trustee |
| Alliance Source Testing | Largest Unsecured Creditor |
| Allied Fire Protection, LP | Creditor |
| American Arbitration Association | Creditor |
| American Electric Power | Creditor |
| American Moistening Company, Inc. | Creditor |
| AMICO | Creditor |
| Andy Sallis | Investor or Shareholder Between 20% - 50% |
| Armadillo Portable Toilets | Creditor |
| B Environmental | Creditor |
| Baker Hughes a GE Co. - Control Solutions | Largest Unsecured Creditor |
| Ballard Spahr LLP | Creditor |
| Bank Direct | Largest Unsecured Creditor |
| BankDirect Capital Finance, LLC | Top Secured Creditor |
| Barbara Griffin | US Trustee |
| Baseload Power | Largest Unsecured Creditor |
| Bay Ltd. | Creditor |
| Bech Engineering | Creditor |
| Beecher Carlson | Creditor |
| Bradley Griffin LLC | Creditor |
| Brenntag Lubricants Central | Largest Unsecured Creditor |
| Brian Henault | US Trustee |
| Briggs & Veselka Co. | Creditor |
| BSI EHS Services and Solutions | Creditor |
| Burns & McDonnell | Creditor |

| | |
|---|---|
| Castleman Power Development | Creditor |
| CASTLEMAN POWER DEVELOPMENT, LLC | Client - Global Ultimate Parent |
| Castleman Power Development, LLC, Victoria Midstream LLC, and Victoria Bloomington LLC | Creditor |
| Castleman Power Systems Intl | Creditor |
| Ccd Consulting LLC | Creditor |
| Ceesi | Creditor |
| CEMTEK Environmental Inc. | Largest Unsecured Creditor |
| Chamberlain, Hrdlicka, White, Williams & | Creditor |
| Charter Title Company | Creditor |
| Christian Bech | Creditor |
| Christy Simmons | US Trustee |
| City of Victoria | Creditor |
| Civil Corp Engineers Surveyors | Creditor |
| Clarissa Waxton | US Trustee |
| Coastal Fence and Irrigation, LLC | Creditor |
| Compression Generation Services | Creditor |
| CORMETECH, Inc. | Creditor |
| Crescent Power, Inc. | Creditor |
| Crew Land Research | Creditor |
| CT Corporation | Creditor |
| Culligan | Creditor |
| Cummings Westlake, LLC | Largest Unsecured Creditor |
| Detection & Measurement Systems | Creditor |
| Dow Golub Remels & Gilbreath | Creditor |
| E3 Consulting | Creditor |
| E4A Solutions, LLC | Largest Unsecured Creditor |
| Electric Reliability Council of Texas, Inc. | Creditor |
| Emerson-Rosemount Inc | Creditor |
| EquipmentShare | Largest Unsecured Creditor |
| Equisales Associates, Inc. | Largest Unsecured Creditor |
| ESE Partners | Creditor |
| ESS Metron | Creditor |
| Failure AnalysisServices Tech, Inc. | Creditor |
| Farm Industrial | Creditor |
| FileHold Systems Inc. | Creditor |
| FINSIGHT | Creditor |
| Fluor Constructors International, Inc. | Top Secured Creditor |
| Fluor Corporation (NYSE:FLR) | Top Secured Creditor |
| Fordyce Holdings, Inc. | Creditor |
| Foster Fence Ltd | Creditor |
| Fotronic Corporation | Creditor |
| Friedel Drilling Co. | Creditor |

| | |
|---|---|
| GE Packaged Power, LLC | Largest Unsecured Creditor |
| GE Packaged Power, LLC | Creditor |
| General Electric Company (NYSE:GE) | Top Secured Creditor |
| Gene's Machine, Inc. | Creditor |
| GK Techstar, LLC | Creditor |
| Glenn Otto | US Trustee |
| Global Project Strategy, Inc. | Largest Unsecured Creditor |
| Golden Cresent | Creditor |
| GP Manalac | Investor or Shareholder Between 20% - 50% |
| Grainger | Creditor |
| Green Bank | Creditor |
| Gwen Smith | US Trustee |
| Ha Nguyen | US Trustee |
| Hatfield and Company, Inc. | Creditor |
| Hector Duran | US Trustee |
| HI-TECH ELECTRIC, INC | Creditor |
| HLI Laredo, Inc | Creditor |
| Hugh Smith Advisors LLC | Debtor's Counsel |
| Ingersoll Rand Company | Creditor |
| Intelletrace, Inc. | Largest Unsecured Creditor |
| Internal Revenue Service Centralized Insolvency Operation | Taxing Authorities |
| Interra | Creditor |
| Intertch-Filtration Filters | Creditor |
| Jack Kelly | Creditor |
| Jacqueline Boykin | US Trustee |
| Jana Whitworth | US Trustee |
| Jayson B. Ruff | US Trustee |
| JDM Commercial Services, LLC | Creditor |
| JLL Valuation and Advisory Services | Creditor |
| J-W Power Company | Largest Unsecured Creditor |
| Kestrel | Largest Unsecured Creditor |
| Kimball Midwest | Creditor |
| Kinder Morgan Tejas Pipeline | Creditor |
| King & Spalding, LLP | Largest Unsecured Creditor |
| Konecranes, Inc. | Creditor |
| Leidos Engineering | Creditor |
| Linda Motton | US Trustee |
| Lisa Murphy | Creditor |
| Locke Lord LLP | Debtor's Counsel |
| Luci Johnson-Davis | US Trustee |
| M&T Bank | Largest Unsecured Creditor |
| Marcello Garcia | Creditor |

| Name | Role |
|---|---|
| Marek Field Services LLC | Creditor |
| Marquis Construction Services | Largest Unsecured Creditor |
| McHale Performance | Creditor |
| Mercer Construction | Creditor |
| Mid - Coast Electric Supply | Creditor |
| Millie Sall | US Trustee |
| Morgan Lewis | Creditor |
| MP2 Energy Texas, LLC | Largest Unsecured Creditor |
| NAES Corporation | Largest Unsecured Creditor |
| Neches and Trinity Valleys GCD | Creditor |
| North American Energy Services Company | Top Secured Creditor |
| NRG Stream Services | Creditor |
| Office of U.S. Trustee | US Trustee |
| Olson Ventures, LLC | Creditor |
| Oppel & Goldberg PLLC | Creditor |
| Packaged Power, LLC | Creditor |
| Pac-Van Inc | Creditor |
| Patricia Schmidt | US Trustee |
| Peerless | Creditor |
| Port of Victoria | Creditor |
| Post Glover | Creditor |
| Power Plant Operations, Mtse & Consulting | Creditor |
| PowerFlow Fluid Systems | Creditor |
| Princeton Wong | Creditor |
| ProEnergy Services | Creditor |
| ProEnergy Services, LLC | Top Secured Creditor |
| Progressive Pumps Corp. | Creditor |
| Prudential Capital Energy Partners, L.P. | Secured Lender |
| Prudential Energy Capital Partners | Creditor |
| Prudential Financial, Inc. (NYSE:PRU) | Secured Lender |
| Prudential Insurance | Creditor |
| Rainbolt & Alexander, L.L.P. | Creditor |
| Ranger Analytics, Inc. | Creditor |
| READITECH | Largest Unsecured Creditor |
| Red Ball Oxygen | Creditor |
| Rena Scherer, Tax Assessor-Collector | Largest Unsecured Creditor |
| Rev 1 Power Services, Inc. | Largest Unsecured Creditor |
| Revista de Victoria | Creditor |
| Richards Plumbing Company | Creditor |
| Ryan Castleman | Investor or Shareholder Between 20% - 50% |
| Saber Power Services, LLC | Creditor |
| Safety Compliance Services | Creditor |
| Safety-Kleen | Creditor |

| | |
|---|---|
| SBS Nolan Power Group, Inc. | Creditor |
| SBS/Nolan Power/QSS | Creditor |
| SetPoint Integrated Solutions | Creditor |
| Shell Energy North America | Creditor |
| Shell Energy North America (US), L.P. | Largest Unsecured Creditor |
| Skyhawk Chemicals, Inc. | Creditor |
| South Texas Crane Service, Inc. | Creditor |
| South Texas Ventilation | Creditor |
| Southwest Energy L.P. | Top Secured Creditor |
| Southwest Energy, LP | Largest Unsecured Creditor |
| Stacey Woodard | Creditor |
| Starfish PPS | Creditor |
| Stephen Statham | US Trustee |
| Strategic Power Systems, Inc. | Creditor |
| Stratus Technologies Ireland Ltd. Lockbox | Creditor |
| SUEZ WTS Services USA, Inc. | Creditor |
| Sunbelt Rentals | Creditor |
| Suwannee Pipe and Supply | Creditor |
| SW Consulting | Creditor |
| Swagelok Austin/Corpus Christi | Creditor |
| SWE PPA | Creditor |
| Tennessee Gas Pipeline Company of America, LLC | Largest Unsecured Creditor |
| Tennessee Gas Pipeline Company, LLC | Largest Unsecured Creditor |
| Texas Commission on Environmental Quality | Largest Unsecured Creditor |
| Texas Comptroller | Gov't Agency |
| Texas Department of Licensing and Regulat | Creditor |
| Texas Department of Transportation | Creditor |
| Texas First Rental | Creditor |
| The Prudential Insurance Company of America, Prudential Legacy Insurance Company of New Jersey, and Prudential Retirement Insurance and Annuity Company | Secured Creditor |
| The Reynolds Company | Creditor |
| The Ultimate Industrial Group | Creditor |
| TISD, Inc. | Creditor |
| TransCanada Turbines Inc. | Creditor |
| Triple D Security Corp. | Largest Unsecured Creditor |
| Twin Eagle | Creditor |
| Twin Eagle Resource Management, LLC | Creditor |
| Union Pacific Railroad | Creditor |
| US Bank as Paying Agent for Prudential | Creditor |
| Valor Fabrication, LLC | Creditor |

| | |
|---|---|
| Vector Controls, LLC | Creditor |
| Verizon | Creditor |
| Victoria Bloomington LLC | Creditor |
| Victoria City Power | Creditor |
| VICTORIA CITY POWER, LLC | Client-Debtor |
| Victoria County | Creditor |
| Victoria County Clerk | Creditor |
| Victoria Economic Development Corporation | Creditor |
| Victoria Midstream, LLC | Creditor |
| Victoria Port Power II LLC | Creditor |
| VICTORIA PORT POWER, LLC | Client-Debtor |
| Victoria Willow LLC | Creditor |
| VIM Technologies Inc. | Creditor |
| W.W. Services | Creditor |
| Waste Management | Creditor |
| Watertech Services | Creditor |
| Williams Scotsman, Inc. | Largest Unsecured Creditor |
| Wilmington Trust | Creditor |
| Yasmine Rivera | US Trustee |
| Zapata Security | Creditor |

# Exhibit 1

Engagement Agreement

EXECUTION VERSION

## CONSULTING AGREEMENT

This CONSULTING AGREEMENT (this "Consulting Agreement"), dated as of June 27, 2021, is entered into between Agilon Energy Holdings II LLC, a Texas Limited Liability Company; Victoria Port Power LLC, a Texas Limited Liability Company, and Victoria City Power LLC, a Texas Limited Liability Company (collectively, the "Companies") and Hugh Smith Advisors LLC, a Texas Limited Liability Company ("Mr. Smith" and, together with the Companies, the "Parties").

## WITNESSETH

WHEREAS, on June 27, 2021 (the "Petition Date"), each of the Companies voluntarily commenced a chapter 11 case (collectively, the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, in connection with the ongoing operations of the Companies and navigating the Companies through the Bankruptcy process, the Companies wish to secure the services of Mr. Smith as the Chief Restructuring Officer (the "CRO");

WHEREAS, Mr. Smith wishes to render such services to the Companies upon the terms and conditions set forth herein; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1. **Engagement by the Companies.**

   1.1. Subject to the terms of this Consulting Agreement, Mr. Smith shall serve as the Companies' CRO and shall perform such duties consistent with such position, including but not limited to:

   (a) oversee and direct the operation of the Companies, including without limitation, being designated as an authorized signatory for the Companies to execute all documents and agreements on behalf of the Companies;

   (b) oversee and direct all activities required to bring the Companies' generation units into production;

   (c) oversee and direct the preparation of all financial information;

   (d) oversee and direct the development of short-term cash management procedures and liquidity forecasting, including developing and maintaining cash flow forecast and budgets delivered to the lender under any of the Companies' post-petition debtor in possession financing facilities (the "DIP Facility");

(e) approve all material cash disbursements, in coordination with the Companies' obligations under the DIP Facility, in order to maximize, protect, and preserve the assets of the Companies;

(f) oversee and direct the Companies' efforts to complete a sale of substantially all of its assets or such other sale or sales consistent with the requirements of the Companies pursuant to the DIP Facility ("Sale");

(g) consistent with the requirements of the Companies pursuant to the DIP Facility: oversee and direct the Companies and their advisors through the Sale process, including due diligence, marketing, discussions and negotiations with potential bidders, seeking Bankruptcy Court approval and filing such other pleadings as may be necessary or desirable in connection with the Sale, any auctions in connection with the Sale, and documenting and closing the Sale;

(h) oversee and direct the claims reconciliation process, including, without limitation, initiating and pursuing any necessary litigation involving claims filed against the Companies, and approving or seeking approval, as applicable, of any settlements to be executed by the Companies in connection therewith during the pendency of the Chapter 11 Cases;

(i) to the extent necessary and appropriate, attending hearings, meetings, and other events related to the Chapter 11 Cases as the Companies' representative;

(j) retaining or terminating employees, contractors and professionals employed by the Companies, subject to any required approval by the Bankruptcy Court;

(k) oversee and direct the preparation of information, including any reports and the schedules needed for the Chapter 11 Cases, and having access to all of the Companies' controlled materials necessary for such preparation;

(l) participate in meetings with third parties and their respective representatives on all material matters related to the Companies and/or the administration of the Chapter 11 Cases;

(m) consistent with the requirements of the Companies pursuant to the DIP Facility, work with Companies' advisors with respect to the development, negotiation and filing of any chapter 11 plan, disclosure statement or motion to dismiss or convert the Companies' Chapter 11 Cases;

(n) provide testimony before the Bankruptcy Court with respect to the foregoing to the extent (i) deemed appropriate or necessary by the Companies, (ii) consistent with the customary role of a chief restructuring officer, (iii) consistent with the other provisions of this Consulting Agreement, and (iv) consistent with the requirements of the Companies pursuant to the DIP Facility; and

(o) consistent with the requirements of the Companies pursuant to the DIP Facility, take any and all actions necessary and appropriate to fulfill the CRO's responsibilities set forth above, including executing all necessary documentation on behalf of the Companies to effectuate the same.

2. **Term**.  The term of the Consulting Agreement (the "Term") shall be for the period commencing on the Petition Date (the "Agreement Date") and ending upon (a) the entry of an order by the Bankruptcy Court ending the engagement, (b) the Companies' exit from Chapter 11, either through a confirmed chapter 11 plan, a conversion to chapter 7 or a dismissal of the Chapter 11 Cases, or (c) the appointment of a trustee or examiner with expanded powers over any of the Debtors.

3. **Compensation**.  As compensation by the Companies for all services to be rendered by Mr. Smith to the Companies in all capacities during the Term, Mr. Smith shall receive the following compensation and benefits:

    3.1. Fixed Payment. Mr. Smith shall receive a fixed monthly payment of (the "Fixed Payment") of $35,000 per month, paid monthly in arrears and deposited directly into Mr. Smith's designated bank account unless he advises the Companies that the he wishes to be paid by check.

    3.2 Reimbursement of Expenses. The Companies shall reimburse Mr. Smith for reasonable out-of-pocket expenses (including airfare, lodging, meals, communications) in connection with the performance of the Companies' business requirements.

    3.3. Sale Payment.

    3.3.1. In the event an Eligible Sale Transaction (as defined below) occurs during the Term or within three (3) months immediately after the end of the Term, unless the Term is terminated by the Companies for cause or voluntarily by Mr. Smith (the "Sale Closing"), the Companies shall pay Mr. Smith from the proceeds of the Sale Closing, an amount (the "Sale Payment") equal to (i) $75,000; plus (ii) 0.325% of Proceeds (as defined below).

    3.3.2. The Companies' obligation to make the Sale Payment in accordance with the terms hereof shall be contingent upon and subject to approval of the Bankruptcy Court, which the Companies shall use their best efforts to obtain. Such approval may be obtained in advance of the Sale Closing, following the Sale Closing or pursuant to a confirmed chapter 11 plan for the Companies (the "Chapter 11 Plan"). If such approval is obtained, the Companies shall pay the Sale Payment in a single sum upon the last of the following to occur: (i) the entry of a final order by the Bankruptcy Court approving the Sale Payment, (ii) the Sale Closing, (iii) or the effective date of the Chapter 11 Plan.

    3.3.3. Definitions. For purposes of this Consulting Agreement, (i) "Eligible Sale Transaction" means the Companies' sale of the equity or substantially all of the

3

assets of the Companies to one or more entities as approved by the Bankruptcy Court; and (ii) "Proceeds" shall mean the total value of the consideration paid for the benefit of the Companies or their creditors including cash, the value of any equity securities or equity interests, property, plus any earn-out or contingent payments.

3.4. <u>Bankruptcy Court Approval</u>. For the avoidance of doubt, all compensation described herein is subject to final approval by the Bankruptcy Court.

4. **<u>Discharge, Withdrawal, Termination</u>**. Mr. Smith has the right to request that the Bankruptcy Court terminate this Consulting Agreement with or without cause, and such termination shall be effective no earlier than sixty(60) days' from entry of an order by the Bankruptcy Court approving such termination. If Mr. Smith terminates this Consulting Agreement pursuant to this Section 4 prior to the expiration of the Term, Mr. Smith shall only be entitled to all previously earned, accrued and unpaid Fixed Payments as of the date of the termination of the Term.

5. **<u>Indemnification</u>**. The Companies shall indemnify, defend and hold harmless Mr. Smith from and against any and all losses, claims, damages, liabilities, obligations, suits, penalties, judgments, awards, amounts paid in settlement, and reasonable out-of-pocket costs, fees, expenses and disbursements (including, without limitation, reasonable attorneys' fees and expenses), that may be imposed upon, incurred by, or asserted against Mr. Smith arising out of, resulting from, relating to, or in any manner connected (whether directly or indirectly) with this Consulting Agreement or any services rendered by Mr. Smith pursuant to this Consulting Agreement, except in circumstances resulting from Mr. Smith's (in any capacity) bad faith, gross negligence, willful misconduct, or as otherwise provided by Bankruptcy Court order.

6. **<u>Bankruptcy Court Approval</u>**. The Companies shall seek Bankruptcy Court approval for entry into this Consulting Agreement, which shall become effective upon entry of an order of the Bankruptcy Court granting such approval as set forth in such order.

7. **<u>Miscellaneous</u>**.

    7.1. <u>Entire Agreement</u>. This Consulting Agreement contains the entire agreement between Mr. Smith and the Companies with regard to the Companies' engagement of Mr. Smith as CRO and supersedes and nullifies all previous agreements between the Parties about the engagement of Mr. Smith by any of the Companies or any of their affiliates.

    7.2. <u>Counterparts</u>. This Consulting Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

    7.3. <u>Headings</u>. The headings in this Consulting Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Consulting Agreement.

7.4. Governing Law. This Consulting Agreement shall be governed by, and construed in accordance with and subject to, the laws of the State of Texas. The Bankruptcy Court shall maintain exclusive jurisdiction over this Consulting Agreement.

7.5. Section 409A. All amounts payable to Mr. Smith pursuant to this Consulting Agreement are intended to be exempt from the requirements of Internal Revenue Code Section 409A and the regulations and guidance promulgated thereunder to the maximum extent possible, whether pursuant to the short-term deferral exception described in Treas. Reg. Section 1.409A-1(b)(4) or otherwise. Notwithstanding anything herein to the contrary, this Consulting Agreement shall be interpreted, operated and administered in a manner consistent with such intent.

IN WITNESS WHEREOF, the parties have executed this Consulting Agreement as of the date first mentioned above.

Agilon Energy Holdings II LLC
By: *Hugh Smith*
Name: Hugh Smith
Title: Manager

Hugh Smith Advisors LLC
By: *Hugh Smith*
Name: Hugh Smith
Title: Member

Victoria Port Power LLC
By: *Hugh Smith*
Name: Hugh Smith
Title: Manager

Victoria City Power LLC
By: *Hugh Smith*
Name: Hugh Smith
Title: Manager

5