## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § | Case No. 21-32156 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND
### RETENTION OF LOCKE LORD LLP AS ATTORNEYS FOR
### THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE JUNE 27, 2021

---

**This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**

**Represented parties should act through their attorney.**

---

Agilon Energy Holdings II LLC, Victoria Port Power LLC, and Victoria City Power LLC (collectively, the "***Debtors***"), respectfully submit this application (the "***Application***") for the entry of an order authorizing the retention of the law firm of Locke Lord LLP ("***Locke Lord***") as their attorneys effective as of the Petition Date (defined below).  In support of the Application, the

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("***Agilon***"), Case No. 21-32156; Victoria Port Power LLC (4894) ("***VPP***"), Case No. 21-32157; and Victoria City Power  LLC (4169) ("***VCP***" and together with Agilon and VPP, the "***Debtors***"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

Debtors submit the declarations of Elizabeth M. Guffy, senior counsel of Locke Lord LLP, attached hereto as **Exhibit A** (the "*Guffy Declaration*") and respectfully state as follows:

<u>**Relief Requested**</u>

1.      By this Application, the Debtors seek entry of the Order authorizing the retention and employment of Locke Lord LLP as their attorneys effective as of the Petition Date, June 27, 2021, in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Locke Lord LLP dated as of June 27, 2021 (the "*Engagement Agreement*"), a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

<u>**Jurisdiction**</u>

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "*Bankruptcy Local Rules*") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested are Bankruptcy Code sections 327(a), and 330 of title 11 of the United States Code (the "*Bankruptcy Code*"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules.

**Background**

5.      On June 27, 2021 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "***Chapter 11 Cases***").

6.      The Debtors continue in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 28, 2021, the Court entered an order [Docket No. 9] authorizing the joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

7.      No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  No statutory committee has been appointed in these Chapter 11 Cases.

**Locke Lord's Qualifications**

8.      The Debtors seek to retain Locke Lord because of Locke Lord's complex chapter 11 experience, and experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.   Locke Lord has represented debtors, various committees, and other parties-in-interest in cases of national significance across the country, and is well qualified to act as attorneys for Debtors.

9.      Locke Lord has performed a wide array of legal services for the Debtors prepetition through an arrangement between Castleman Power Systems International, LLC ("***Castleman Power***"), and in that time, Locke Lord has become familiar with the Debtors' business, contractual obligations, and debt structure.  Accordingly, Locke Lord has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' Chapter 11 Cases.  In large part because of Locke Lord's familiarity and experience

93780628v.1

with the Debtors and their businesses, Locke Lord was engaged to provide restructuring advice and representation, leading to the preparation and filing of these Chapter 11 Cases.

10.     The Debtors believe that continued representation by Locke Lord is critical to the Debtors' efforts because Locke Lord is familiar with the Debtors' businesses and legal affairs and, accordingly, is well suited to guide the Debtors through the chapter 11 process.  Furthermore, Locke Lord has considerable experience and knowledge in the field of debtors' and creditors' rights under chapter 11 of the Bankruptcy Code.

11.     The Debtors desire to employ Locke Lord under a general retainer because of the extensive legal services that will be required in connection with the businesses of the Debtors and their affiliates. As noted above, the Debtors believe Locke Lord is well qualified and uniquely able to act on the Debtors' behalf.  The Debtors further believe Locke Lord is well qualified to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

### Services to be Provided

12.     The services of Locke Lord under a general retainer are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors-in-possession faithfully and to implement the Debtors' restructuring and reorganization.

13.     Subject to further order of the Court, and consistent with the Engagement Agreement, Locke Lord is proposed to primarily provide the following services for its engagement in these Chapter 11 Cases as counsel:

  a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

  b. advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

  c. attending meetings and negotiating with representatives of creditors and other parties in interest;

d. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e. preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f. representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g. advising the Debtors in connection with any potential sale of assets;

h. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i. advising the Debtors regarding tax matters;

j. taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k. performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors' property; and (iii) advising the Debtors on corporate and litigation matters.

14. The Debtors understand that Locke Lord intends to work closely with the Debtors' other professionals to ensure that there is no unnecessary duplication of services.

## Professional Compensation

15. Subject to Court approval, and in accordance with Bankruptcy Code section 330(a) and the *U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "***Fee Guidelines***") and any orders establishing fee procedures for professionals which may be entered in these Chapter 11 Cases, and as set forth in the Guffy Declaration, the Debtors have engaged Locke Lord under an arrangement in which

-5-

Locke Lord bills the Debtors for services performed at hourly rates in line with prevailing rates for similar services and current charges for certain actual and necessary expenses.  It is anticipated that the following professionals to be the primary parties working on this representation:

| NAME | TITLE | CONTACT INFORMATION | STATE BAR NO. | HOURLY RATE |
|------|-------|---------------------|---------------|-------------|
| Elizabeth M. Guffy | Senior Counsel | 600 Travis St., Suite 2800, Houston, Texas 77002 | 08592525 | $905.00 |
| Simon R. Mayer | Senior Counsel | 600 Travis St., Suite 2800, Houston, Texas 77002 | 24060243 | $790.00 |
| Eric W. Boylan | Associate | 600 Travis St., Suite 2800, Houston, Texas 77002 | 24105519 | $515.00 |

16.     Elizabeth M. Guffy and Simon R. Mayer are senior counsel at Locke Lord.  They are the attorneys that will be principally responsible for the representation.  They will be assisted by Eric W. Boylan, who is an associate.  Additional professionals may be needed besides those identified above, and counsel will work to assign tasks to avoid duplication of effort.  The following hourly rates for Locke Lord attorneys and paraprofessionals are currently in effect, but are subject to periodic adjustments: attorney rates are $350 to $1,100 per hour and paraprofessional rates are $195 to $425 per hour.[2]

17.     Locke Lord shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Official Committee prior to any increases in the rates set forth herein or in the Guffy Declaration.  The supplemental declaration shall explain the basis for the requested rate increases and state whether the Debtors have consented to the rate increase.

---

[2]   Periodically, and no less frequently than once each calendar year, Locke Lord reviews its hourly rates and revises them consistent with market conditions.

18.     It is Locke Lord's policy to request reimbursement of its actual and necessary out-of-pocket expenses incurred in connection with providing legal services.  Among other things, Locke Lord charges its clients for facsimile and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, after-hours taxi expenses, expenses for working meals or overtime/after-hours meals, computerized research, and transcript costs.  Locke Lord, however, will not seek reimbursement of secretarial or other overtime charges. The Debtors have been assured that Locke Lord will charge the Debtors for these expenses at rates consistent with charges made to other Locke Lord clients, and subject to the Local Rules, orders of this Court and the U.S. Trustee Fee Guidelines.

19.     Locke Lord will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

20.     Locke Lord shall not charge a markup with respect to fees billed by contract attorneys who are hired by Locke Lord to provide services to the Debtors, and Locke Lord shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  Locke Lord shall not share fees with existing or future contract attorneys who advise on these Chapter 11 Cases or enter into fee sharing arrangements with such contract attorneys.

21.     Locke Lord has not agreed to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

22.     None of Locke Lord's professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case.

23.     On account of its services to the Official Committee, Locke Lord will seek compensation and reimbursement of expenses consistent with any interim compensation procedures approved by the Court.

### Compensation Received by Locke Lord

24.     Locke Lord provided certain prepetition services and incurred prepetition expenses in connection with advising and representing the Debtors in restructuring matters, negotiating with creditors and stakeholders, and in preparing the Debtors' Chapter 11 Cases.  Additionally, Locke Lord provided legal services to the Debtors through an arrangement between Castleman Power and Agilon Energy II, LLC, the parent of Agilon Energy Holdings II, LLC.  Locke Lord did not bill the Debtors directly for any services provided; instead Castleman Power was responsible for all of Locke Lord's invoices.  Based on the information provided to Locke Lord, Castleman Power made its own allocation of Locke Lord's fees to Agilon Energy II, LLC and Agilon Energy II, LLC may owe Castleman Power $176,871.53 for those services as a result of that internal allocation.

25.     Within the one-year period immediately preceding the Petition Date, Locke Lord received $7,231.86 in payment from Castleman Power for matters which appear to be related to the Debtors.  Prior to the filing of these Chapter 11 Cases, Locke Lord entered into a direct relationship with the Debtors under which Locke Lord has provided and will continue to provide representation of the Debtors in connection with these Chapter 11 Cases.  As of the Petition Date, the Debtors Locke Lord owed Locke Lord $4,464.00 in connection with restructuring work, which Locke Lord has agreed to waive.

26.     As of the Petition Date, the Debtors did not owe Locke Lord any amounts for legal services rendered before the Petition Date.

-8-

27.     All compensation for services rendered, and reimbursement for expenses incurred, shall be subject to this Court's approval, Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules of the Southern District of Texas, and other procedures that this Court may fix.  No entity has promised to compensate Locke Lord for any services rendered, or reimburse it for expenses incurred, in connection with these Chapter 11 Cases except as this Court may approve.

28.     No agreement or understanding exists between Locke Lord and any other entity for the sharing of any compensation or reimbursement (i) that Locke Lord may receive for services rendered in or in connection with these Chapter 11 Cases or (ii) that such other entity has already received or may receive for services that entity rendered in or in connection with these Chapter 11 Cases except that Locke Lord may share any compensation or reimbursement it receives in connection with these Chapter 11 Cases with its members, partners, associates, and other Locke Lord employees.

## Disinterestedness

29.     The Debtors reviewed the Guffy Declaration, including all of the "connections" to these Chapter 11 Cases disclosed therein, as such term is used in Bankruptcy Rule 2014(a).  To the best of the Debtors' and Locke Lord's knowledge and based upon the Guffy Declaration, Locke Lord is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Further, to the best of the Debtors' and Locke Lord's knowledge and based upon the Guffy Declaration, Locke Lord does not hold or represent any interest adverse to the Debtors or their bankruptcy estates in accordance with section 327 of the Bankruptcy Code.

30.     To the best of the Debtors' and Locke Lord's knowledge, information and belief, and based upon the Guffy Declaration and as described below (a) other than as set forth herein or

-9-

93780628v.1

in the Guffy Declaration, Locke Lord has no connection with the captioned Debtors, creditors of the Debtors, the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in the Chapter 11 Cases or its respective attorneys or accountants; (b) Locke Lord is not a creditor, equity security holder, or insider of the Debtors; (c) none of Locke Lord's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Locke Lord does not have an interest materially adverse to the Debtors, their bankruptcy estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

31.     Locke Lord previously represented and currently represents the Debtors' parent entity, Agilon Energy II, LLC in matters unrelated to these Chapter 11 Cases. The Debtors are subsidiaries of Agilon Energy II, LLC.   Additionally, Locke Lord previously and currently represents some of Agilon Energy II, LLC's equity owners,  Castleman Power Development LLC and Castleman Power Investments II, LLC (the "*Equity Parties*"), in matters unrelated to these Chapter 11 Cases.   A copy of the Debtors' corporate organization structure showing the relationships between Agilon Energy II, LLC, the Equity Parties and the Debtors is attached as **Exhibit C**.  Notably, Locke Lord does not represent the Equity Parties in these Chapter 11 Cases. Moreover, Castleman Power Development LLC, the general partner of Agilon Energy II, LLC, has engaged its own counsel in these Chapter 11 Cases.  [*See* Docket No. 6].  The Debtors do not believe that Locke Lord's representation of Agilon Energy II, LLC or the Equity Parties creates an interest adverse to the Debtors or their estates, and they do not prevent Locke Lord from being a "disinterested party" in these Chapter 11 Cases.

-10-

32.     Locke Lord will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Locke Lord will supplement its disclosure to the Court.  To the extent that Locke Lord becomes aware of a potential conflict, Locke Lord will advise the Debtors and the Court and the Debtors will employ conflicts counsel to represent the Debtors with respect to those matters.

33.     The Debtors submit that the employment of Locke Lord is in the best interest of the Debtors and the estates.

### Supporting Authority

34.     The Debtors seek retention of Locke Lord as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

35.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(A)

36.     The Debtors submit that for all the reasons stated above and in the Guffy Declaration, the retention and employment of Locke Lord as counsel to the Debtors is warranted. Further, as stated in the Guffy Declaration, Locke Lord is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the

93780628v.1

Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Guffy Declaration.

<u>**Notice**</u>

37.     Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002; (iii) counsel for and the members of any committees appointed by this Court; (iv) counsel for the Debtors' first-lien prepetition lender and proposed debtor-in-possession credit facility; (v) the consolidated thirty (30) largest unsecured creditors of the Debtors; (vi) governmental agencies having a regulatory or statutory interest in these cases; and (vii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).  A copy of this Application is also available on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy.  In light of the nature of the relief requested, and the exigent circumstances of these cases, the Debtors submit that no further notice is necessary.

38.     In light of these considerations, the Debtors submit that this Court approve Locke Lord's retention as their counsel in these Chapter 11 Cases and enter an order to that effect in substantially the same form as that submitted with this Application.

The Debtors respectfully request that the Court (i) enter a proposed order in substantially the same form as that submitted with this Application granting the relief requested herein and approving Locke Lord's retention as counsel to the Debtors in these Chapter 11 Cases and (ii) provide such other relief as the Court deems appropriate and just.

93780628v.1

Dated:  July 27, 2021

AGILON ENERGY HOLDINGS II LLC

By: */s/ Hugh Smith*_____
Name:      **Hugh Smith**, Chief Restructuring Officer


VICTORIA PORT POWER LLC

By: */s/ Hugh Smith*_____
Name:      **Hugh Smith**, Chief Restructuring Officer


VICTORIA CITY POWER LLC

By: */s/ Hugh Smith*_____
Name:      **Hugh Smith**, Chief Restructuring Officer




**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on July 27, 2021, on all parties registered for electronic service.

*/s/ Simon R. Mayer*_____
Simon R. Mayer

-13-