IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § | Case No. 21-32156 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**DEBTORS' <u>EMERGENCY</u> MOTION
PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR AN ORDER
APPROVING AGREEMENTS WITH SHELL ENERGY NORTH AMERICA
<u>AND GRANTING RELATED RELIEF</u>**

Emergency relief has been requested. An electronic hearing will be conducted on this matter on <u>August 10, 2021, at 11:00 a.m.</u> in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing by audio/video connection.

Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.

You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeIsgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.

Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Isgur. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the

---

[1] The debtors and debtors in possession these chapter 11 cases (the "Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("*Agilon*"), Case No. 21-32156; Victoria Port Power LLC (4894) ("*VPP*"), Case No. 21-32157; and Victoria City Power LLC (4169) ("*VCP*" and together with Agilon and VPP, the "*Debtors*"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste 601, Houston, Texas 77057.

1

**case name, complete the required fields and click "Submit" to complete your appearance.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Relief is requested not later than August 10, 2021.**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

Agilon Energy Holdings II, LLC (Holdings"), Victoria Port Power, LLC ("Victoria Port"), and Victoria City Power, LLC ("Victoria City" and, together with Holdings and Port Power, the "Debtors"), file this emergency motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), seeking entry of an order authorizing the Debtors to enter into the SENA Agreements (as defined below). The Debtors also ask that the Court waive any stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure. In support of the Motion, the Debtors respectfully represent as follows:

## Background

1. The Debtors are in the business of providing gas-fired peaking electric energy to the ERCOT market. The Debtors own and operate two power generation facilities located near Victoria, Texas: Victoria Port Generation Station (the "Victoria Port Facility") and Victoria City Generation Station (the "Victory City Facility" and together with the Victoria Port Facility, the "Facilities"). When fully functional, the Facilities have a total nominal capacity of 172 Megawatts. Each of the stations incorporates two refurbished LM6000 aero derivative combustion turbines and associated generators manufactured by General Electric.

2. On June 27, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On July 30, 2021, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"). No trustee or examiner has been requested or appointed in these chapter 11 cases as of the date hereof.

4. Prior to the Petition Date, Victoria Port and Victoria City were parties to a long term heat rate call option (HRCOs)[2] agreement with Shell Energy North America (US), L.P. ("SENA").

5. Due to the well-documented polar vortex and associated freezing temperatures in Texas in early 2021, the cost of natural gas skyrocketed, resulting in extraordinarily unfavorable positions for the Debtors under the HRCOs. After the weather event, SENA asserted that the Debtors' exposure under the HRCOs totaled approximately $80 million.

6. The Debtors and SENA engaged in prepetition negotiations in an attempt to find a resolution of SENA's claims that would allow the Debtors' Facilities to continue to operate. However, on June 15, 2021, SENA gave notice of the termination of the HRCOs, leaving the Debtors without a contracted off-taker for the energy produced by the Facilities. As a consequence of SENA's actions, coupled with the Debtors' lack of remaining capital, the Debtors were forced to cease power production.

---

[2] A high level overview of HRCOs: "The heat rate is the efficiency with which a power plant converts the calorific content of the fuel into electricity. Broadly simplifying, the variable cost of producing power is the unit's heat rate multiplied by the cost of fuel. In a HRCO, the power offtaker makes a periodic fixed payment to the power generator (the option premium) for the right to 'call' the plant at a specified heat rate. The heat rate in the contract is typically matched with the plant's heat rate." Power Market Update: Knowledge Speaks But Wisdom Listens, S&P Global Ratings, RatingsDirect (May 23, 2017) (available at https://www.spglobal.com/_assets/documents/corporate/mg/Aneesh-Hedging-Paper.PDF).

7. In connection with the HRCOs, SENA has also served as the Debtors' Qualified Scheduling Entity, referred to as a "QSE." A QSE submits bids and offers on behalf of power generators to sell electric energy and services in the day-ahead and real-time ERCOT markets. A QSE is also responsible for submitting operating plans for generating resources and offering ancillary services into the ERCOT market. ERCOT requires that all market participants designate a QSE registered with ERCOT. Without a QSE, the Debtors are not permitted to transact into the ERCOT market.

8. Since the Petition Date, the Debtors and SENA continued their negotiations regarding new agreements that would allow the Debtors to re-start operations at the Facilities and sell power into the ERCOT market. Those negotiations proved to be successful, and the Debtors propose to enter in the following agreements with SENA (collectively, the "SENA Agreements"):

A. Proposed agreements between Victoria City and SENA

- *Energy Marketing & QSE Services Agreement* – Pursuant to this agreement, SENA provides energy marketing services to Victoria City and agrees to serve as the ERCOT required QSE for the Victoria City Facility.

- *Base Contract for Sale and Purchase of Natural Gas (including Credit Support Addendum)* – This is a master agreement that is to be executed by the parties to establish the terms and conditions that will govern subsequent natural gas purchase and sale transactions between them.

- *Transaction Confirmation* – This document is executed pursuant to the above Base Contract for Sale and Purchase of Natural Gas and establishes SENA's commitment to sell natural gas to Victoria City during the term of the Energy Marketing & QSE Services Agreement at the agreed natural gas price as specified therein.

- *Netting and Close Out Agreement* – This agreement establishes a netting and close-out protocol for amounts due and owing between the parties pursuant to the above agreements and permits SENA to net out amounts owed by Victoria City to SENA for natural gas purchases against amounts due to Victoria City from SENA under the Energy Marketing & QSE Services Agreement.

B. Proposed agreements between Victoria Port and SENA

- *Energy Marketing & QSE Services Agreement* – Pursuant to this agreement, SENA provides energy marketing services to Victoria Port and agrees to serve as the ERCOT required QSE for the Victoria Port Facility.

- *Base Contract for Sale and Purchase of Natural Gas (including Credit Support Addendum)* – This is a master agreement that is to be executed by the parties to establish the terms and conditions that will govern subsequent natural gas purchase and sale transactions between them.

- *Transaction Confirmation* – This document is executed pursuant to the above Base Contract for Sale and Purchase of Natural Gas and establishes SENA's commitment to sell natural gas to Victoria Port during the term of the Energy Marketing & QSE Services Agreement at the agreed natural gas price as specified therein.

- *Netting and Close Out Agreement* – This agreement establishes a netting and close-out protocol for amounts due and owing between the parties pursuant to the above agreements and permits SENA to net out amounts owed by Victoria Port to SENA for natural gas purchases against amounts due to Victoria Port from SENA under the Energy Marketing & QSE Services Agreement.

Copies of the SENA Agreements are attached to this Motion as Exhibits A through H.

## Jurisdiction

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10. By this Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors seek entry of an order approving the SENA Agreements.

11. The requested relief requested is authorized pursuant to sections 105(a) and 363(b) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 363(b)(1) of the Bankruptcy Code provides,

in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

12. Although section 363 itself does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of estate property outside the ordinary course of business, applicable case law provides that a bankruptcy court should approve a transaction that is out of the ordinary course of a debtor's business if the debtor can demonstrate that it exercised sound business judgment in deciding to enter into the transaction. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *Dai-Ichi Kangyo Bank v. Montgomery Ward Holding Corp. (In re MontgomeryWard Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999).

13. The Debtors believe that entering into the SENA Agreements is consistent with the ordinary course of their businesses and may not require Court approval pursuant to section 363(c) of the Bankruptcy Code. However, in an abundance of caution and given the significance of the SENA Agreements to the Debtors' finances and the administration of these chapter 11 cases, they are requesting that the Court specifically approve their entry into the SENA Agreements. The Debtors submit that their decision to enter into the SENA Agreements constitutes a valid exercise of business judgment.

14. First, as noted above, in order to interface with the ERCOT market and thereby generate income for the Debtors' power sales business, power generating units are required to be represented by a QSE. Prior to the Petition Date, Victoria Port and Victoria City were represented by SENA's QSE. Although SENA notified ERCOT of its intention to terminate its QSE relationship with the Debtors, it later rescinded that notice. Therefore, SENA's QSE is still

registered with ERCOT as the QSE for Victoria Port and Victoria City. If the Debtors were to contract with a different QSE, the new QSE would need to complete the ERCOT technical transition process to effect the change in QSE, which could significantly delay the ability of the Debtors to re-start the Facilities and sell power into the market.

15. Second, the SENA Agreements are economically advantageous to the Debtors. They require minimal credit support—requiring only $35,000 in collateral for Victoria Port and no collateral for Victoria City. Additionally, the SENA Agreements are structured in a way that gives both the Debtors and SENA an incentive to maximize revenues through a margin-sharing arrangement.

16. The SENA Agreements are also structured to give the Debtors the flexibility they currently need. The Agreements can be terminated any time after October 31, 2021, on thirty days' written notice by either party, without an early termination fee.

17. Therefore, based on the foregoing, the Debtors respectfully submit that this decision is well within their sound business judgment and that the relief requested herein should be granted.

## Waiver of Stay under Rule 6004(h)

18. The Debtors also request that the Court waive any stay of the relief requested herein that may be imposed by Rule 6004(h). It is extremely important that the Facilities are re-started as soon as possible. Re-starting the Facilities is critical to the Debtors' efforts to preserve and maximize the value of their estates. It is also very much in the public interest to provide the additional electric power that can be generated by the Facilities as soon as possible. Thus, the stay imposed by Rule 6004(h) should be waived.

**Emergency Consideration Requested**

19. The Debtors ask that the Court consider this motion on an emergency basis. The Debtors' access to the goods and services that will be provided under the SENA Agreements is essential to the re-start of the Debtors' power generation facilities. Once the SENA Agreements have been approved, the Debtors can move almost immediately to re-start the facilities. The Debtors are seeking emergency consideration of this Motion so that the facilities can be re-started as soon as possible so as to provide much-needed additional power to the Texas energy market and to provide much-needed revenue to the Debtors. Accordingly, the Debtors ask that the Court set this Motion for hearing no later than August 10, 2021.

**Notice**

20. Notice of this Motion has been provided electronically to the Office of the United States Trustee, counsel to the Debtors' DIP lenders, any proposed counsel to the Creditors' Committee, and all parties requesting notices pursuant to Bankruptcy Rule 2002. The Debtors submit that such notice is sufficient under the circumstances and that no other or further notice need be provided.

21. No previous motion for the relief sought herein has been made to this or any other court.

**Conclusion**

The Debtors respectfully request the Court grant emergency consideration of this Motion and enter an order approving the proposed SENA Agreements, waiving the stay under Rule 6004(h), and granting such other and further relief to which the Debtors may be entitled.

Dated:  August 6, 2021
       Houston, Texas

                              Respectfully submitted,

                              */s/  Elizabeth M. Guffy*
                              Elizabeth M. Guffy
                              Texas Bar No. 08592525
                              Simon R. Mayer
                              Texas Bar No. 24060243
                              Eric Boylan
                              Texas Bar Number 24105519
                              **LOCKE LORD LLP**
                              600 Travis St., Suite 2800
                              Houston, TX 77002
                              Telephone:  (713) 226-1200
                              Facsimile:  (713) 223-3717
                              Email:  eguffy@lockelord.com
                                                simon.mayer@lockelord.com
                                                eric.boylan@lockelord.com

                              ***Proposed Attorneys for Agilon Energy Holdings II LLC, et al.***

## CERTIFICATION PURSUANT TO LOCAL RULE 9013-1(i)

      I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                              */s/  Elizabeth M. Guffy*
                              Elizabeth M. Guffy

## CERTIFICATE OF SERVICE

      The undersigned certifies that this Motion was served electronically on August 6, 2021 via ECF those parties registered to receive ECF service.

                              */s/  Elizabeth M. Guffy*
                              Elizabeth M. Guffy