IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § § § | Case No. 21-32156 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DEBTORS' MOTION FOR ORDER, PURSUANT TO SECTIONS 105(A) AND 363(B)
OF THE BANKRUPTCY CODE (I) AUTHORIZING THE DEBTORS
TO RETAIN TATESWOOD ENERGY COMPANY, LLC TO PROVIDE
GENERAL ASSET MANAGEMENT SERVICES AND
(II) APPROVING THE AGREEMENT RELATED THERETO**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Agilon Energy Holdings II LLC, Victoria Port Power LLC, and Victoria City Power LLC (collectively, the "***Debtors***"), respectfully submit this motion (the "***Motion***") for the entry of an order pursuant to section 105(a) and 363(b) of title 11 of the United States Code: (i) authorizing the Debtors to retain and employ Tateswood Energy Company, LLC to provide general asset

---

[1] The debtors and debtors in possession these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power LLC (4169), Case No. 21-32158. The Debtors' mailing address is: 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

management services, and (ii) approving the agreement related thereto.  In support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, the Debtors seek entry of an Order authorizing the retention and employment of Tateswood Energy Company, LLC, effective July 13, 2021, to provide the General Asset Management Services (defined below) in accordance with the terms and conditions set forth in that certain asset management agreement between Agilon and Tateswood Energy Company, LLC ("***Tateswood***") dated July 13, 2021 (the "***Asset Management Agreement***"), a copy of which is attached hereto as **Exhibit 1** and incorporated herein by reference.

2. This Motion is filed out of an abundance of caution.  Prepetition, the Debtors contracted with a related entity to provide certain back-office services.  The Debtors have decided to employ another firm to provide such services post-petition.  While the Debtors believe that the employment of Tateswood falls within the Debtors' ordinary course of business, the Debtors file this Motion out of an abundance of caution to provide parties in interest with notice.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Local Rules***") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested are sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**").

### Background

6. The Debtors are in the business of providing gas-fired peaking electric energy to the ERCOT market. The Debtors own and operate two (2) facilities located near Victoria, Texas: Victoria Port Generation Station (the "*Victoria Port Facility*") and Victoria City Generation Station (the "*Victory City Facility*" and together with the Victoria Port Facility, the "*Facilities*"). When fully functional, the Facilities have a total nominal capacity of 172 megawatts. The Facilities incorporate two refurbished LM6000 aero derivative combustion turbines and associated generators manufactured by General Electric.

7. The Debtors have no employees. Instead, prepetition the Facilities have been operated by affiliated contractors pursuant to prepetition agreements with the Debtors.

8. On June 27, 2021 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "*Chapter 11 Cases*").

9. The Debtors continue in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On June 28, 2021, the Court entered an order [Docket No. 9] authorizing the joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

10. On August 2, 2021, the United States Trustee for Region 7 (the "*U.S. Trustee*") appointed an official committee of unsecured creditors (and as may be reconstituted from time to

time, the "***Creditors' Committee***") pursuant to section 1102 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

## Tateswood's Qualifications

11. Tateswood, a Houston based company, is an established provider of third-party asset management and accounting services for independent power plant owners. It currently provides services for six power plants with a combined capacity of approximately 2.30 megawatts. Tateswood's professionals have average experience of almost 30 years in the power industry and have worked with a variety of power plant technologies, including the GE LM6000 aero-derivative technology. Since its inception in 2010, Tateswood has provided services to 15 power plants across the U.S, including 4 plants in Texas.

12. The Debtors seek to retain Tateswood because of Tateswood's experience with providing asset management services to independent power plant owners.

## Services to be Provided

13. Consistent with the Asset Management Agreement, Tateswood is proposed to perform or cause to be performed on behalf of the Debtors the management, administrative and other support services in connection with the development, operation and management of the Debtors' interests in the Facilities and the day-to-day business of the Debtors, including:

   a. Assist in the oversight of the operator of the Facilities;

   b. Assist in the oversight of the energy manager/QSE for the Facilities;

   c. Provide risk management, including advising on insurance management and trading policies;

   d. Oversee contract compliance for existing Facility agreements;

   e. Assist in the solicitation and negotiation of new Facility agreements as directed by the Debtors;

   f. Monthly contract settlements;

  g. Environmental compliance including reporting and coordination of compliance testing;

  h. Emissions allowance trading;

  i. Regulatory oversight, management and reporting, including NERC GP compliance;

  j. Preparation of monthly management reports;

  k. Assist in the budgeting process, including preparation and variance reporting;

  l. Assist in property tax oversight;

  m. Accounting and preparation of monthly, quarterly and annual GAAP financial statements, including variance to budget and information for monthly bankruptcy court filings;

  n. Accounts payable processing;

  o. Provide advice and administration of cash management and treasury activities;

  p. Assist as requested with lender reporting, compliance, and commercial liaison;

  q. Assist with oversight and coordination of tax preparation by third party accounting firms; and

  r. Maintain the books and records for Victoria City Power LLC and Victoria Port Power LLC

(collectively, the "*General Asset Management Services*").

## Professional Compensation

14. As set forth in the Asset Management Agreement, the compensation structure (the "*Compensation Structure*") is composed as a flat monthly fee as follows:

**Monthly Fee:** $60,000 per month for the first two months following the effective date of July 13, 2021 and $55,000 per month thereafter. The initial monthly fee will be paid directly to Tateswood once the initial retainer has been fully earned.

15. The Debtors believe that the Compensation Structure is reasonable and comparable to compensation generally charged by asset management companies of similar stature and for comparable engagements. The proposed Compensation Structure takes into consideration the results achieved, and the ultimate benefit to the Debtors' estates from the work performed by Tateswood during this engagement.

16. Notably, the Compensation Structure is equal to or less than the compensation structure of the Debtors' prepetition service provider.

17. Further, the Compensation Structure is consistent with Tateswood's normal and customary billing practices for engagements of this size and complexity. Accordingly, the Debtors believe that the proposed Compensation Structure is both reasonable and market-based.

18. As a material part of the consideration for which Tateswood has agreed to provide the services herein, pursuant to the Asset Management Agreement, the Debtors have agreed to indemnify and hold Tateswood harmless under the circumstances as set forth in the Asset Management Agreement.

19. The Debtors believe that the indemnity provisions are reasonable terms and conditions of Tateswood's engagement and were, along with all of the terms of the Asset Management Agreement, negotiated at arm's length and in good faith between the Debtors' proposed CRO and Tateswood. Moreover, the Debtors consulted with their financial advisor Grant Thornton, LLP regarding the reasonableness of the indemnity provisions. The Debtors believe that the indemnity provisions are comparable to the indemnification provisions generally obtained in comparable engagements. The Debtors respectfully submit that the indemnification provisions contained in the Asset Management Agreement, viewed in conjunction with the other terms of

Tateswood's proposed engagement are reasonable and in the best interest of the Debtors, their estates and creditors.

20. If the Court grants the relief requested herein, Tateswood will be employed in these Chapter 11 Cases pursuant to section 363 of the Bankruptcy Code. Because Tateswood is not being employed as a professional under section 327 of the Bankruptcy Code, Tateswood shall not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code or be subject to any interim compensation fee procedures. Instead, Tateswood's compensation will be paid monthly so long as it included in the relevant approved budget.

## Supporting Authority

**A. The Court May Authorize the Employment of Tateswood Pursuant to Section 363 of the Bankruptcy Code**

21. Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate[.]" 11 U.S.C. § 363(b)(1). Under applicable case law in this and other circuits, courts will approve a debtor's proposed use of its assets under section 363(b)(1) if it represents a sound business purpose on the part of the debtor. *See, e.g., In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) ("In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a business judgment test."); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (courts defer to a trustee's judgment concerning use of property under § 363(b) when there is a legitimate business justification). Under the business judgment rule, a court will

not interfere with the judgment of a board of directors unless there is a showing of "gross and palpable overreaching." *In re Marvel Entm't Group, Inc.*, 273 B.R. 58, 78 (Bankr. D. Del. 2002).

22. The Debtors submit that the retention and employment of Tateswood is a sound exercise of their business judgment pursuant to section 363(b) of the Bankruptcy Code, as Tateswood's services are necessary and essential to the Debtors' restructuring efforts. The Debtors have no employees. Historically, these types of services were provided by affiliates of the Debtors. These affiliates have indicated that they would prefer to be replaced going forward. The CRO has determined that it would be beneficial to have 3rd party, non-affiliated entity provide these services on a go forward basis. Tateswood's professionals have extensive experience providing management services to similar independent power plants. Moreover, on a going forward basis, Tateswood's Compensation Structure is slightly less expensive then as the Debtors' prior service provider's would be. For these reasons, the Debtors assert the employing Tateswood is a sound exercise of their business judgment and should be approved.

**B.     The Retention of Tateswood is Critical to the Debtors' Success**

23. Denying the relief requested herein would deprive the Debtors of the assistance of a highly qualified asset management company, disadvantaging the Debtors and all parties in interest. Indeed, as noted, prepetition the Debtors relied on a related entity to provide such services. The Debtors lack the capability to perform these services that are necessary for the management and operation of the Facilities. Denying the relief requested would force the Debtors to locate another asset management firm thereby redirecting valuable resources from the Debtors that should be focused on the reorganization efforts. Further, locating and hiring a new asset manager would involve a steep learning curve, significant time, and additional resources—all of which are in short supply given the timeframe within which the Debtors seeks to effectuate the

sale process. Accordingly, the Debtors respectfully submit that the services provided by Tateswood are critical to the Chapter 11 Cases and request that the Court approve the Asset Management Agreement in substantially the form attached hereto.

### Notice

24. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002; (iii) counsel for the Creditors' Committee; (iv) counsel for and the members of any other committees appointed by this Court; (v) counsel for the Debtors' senior secured noteholders and debtor-in-possession lender; (vi) the consolidated thirty (30) largest unsecured creditors of the Debtors; (vii) governmental agencies having a regulatory or statutory interest in these cases; and (viii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).  A copy of this Motion is also available on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy.  In light of the nature of the relief requested, and the exigent circumstances of these cases, the Debtors submit that no further notice is necessary.

25. In light of these considerations, the Debtors submit that this Court approve Tateswood's retention, approve the Asset Management Agreement and enter an order to that effect in substantially the same form as that submitted with this Motion.

### Request for Waiver of Bankruptcy Rule 6004(h)

26. The Debtors respectfully request a waiver of the fourteen (14) day stay of effectiveness imposed by Bankruptcy Rule 6004(h) so that the relief requested herein can take effect immediately upon entry of an order approving this Motion.

**Conclusion**

The Debtors respectfully request that the Court (i) enter a proposed order in substantially the same form as that submitted with this Motion granting the relief requested herein and (ii) provide such other relief as the Court deems appropriate and just.

Dated: August 12, 2021

/s/ Simon R. Mayer
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
Email: eguffy@lockelord.com
simon.mayer@lockelord.com

***Proposed Attorneys for***
***Agilon Energy Holdings II LLC, et al.***

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on August 12, 2021, on all parties registered for electronic service.

/s/ Simon R. Mayer
Simon R. Mayer