UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
AGILON ENERGY HOLDINGS II LLC, *et al.*,[1]                 :    Case No. 21-32156 (MI)
                                                            :
                                                            :    Jointly Administered
                                                            :
          Debtors.                                          :
------------------------------------------------------------x

**SUPPLEMENT TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

The Official Committee of Unsecured Creditors (the "Committee") of Agilon Energy Holdings II LLC, *et al.* (the "Debtors") hereby supplements (this "Supplement") the *Motion of the Official Committee of Unsecured Creditors for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* [Docket No. 157] (the "Motion")[2] pursuant to the Court's Order [Docket No. 234] (the "Order to Supplement"), and in support thereof, states as follows:

**SUPPLEMENT TO MOTION**

1. To ensure that all general unsecured creditors had notice of, and an opportunity to comment on or object to, the Motion, the Debtors' claims agent, Stretto, served the Motion on all known general unsecured creditors at the Committee's request. *See Certificate of Service* [Docket No. 158]. As of the date hereof, the Committee has not received any comment or objection to the Motion or the relief sought therein. While the Committee believes it has

---

[1] The debtors and debtors in possession these chapter 11 cases (the "Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("Agilon"), Case No. 21-32156; Victoria Port Power LLC (4894) ("VPP"), Case No. 21-32157; and Victoria City Power LLC (4169) ("VCP" and together with Agilon and CPP, the "Debtors"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste. 601, Houston, Texas 77057.

provided sufficient notice of the Motion to general unsecured creditors under the circumstances, the Committee will conduct such other or further service of the Motion on affected parties as the Court may require.

2.  The Committee respectfully submits that entry of the Proposed Order [Docket No. 231-1] is necessary and appropriate in these Chapter 11 Cases. Due to the lack of specificity in the Bankruptcy Code, Bankruptcy Rules, or associated legislative history as to the type of "information" to which the Committee must provide "access" pursuant to section 1102(b)(3) of the Bankruptcy Code, such section could be read to statutorily mandate the Committee to divulge Privileged Information (thus breaking the Committee's attorney-client privilege) and Confidential Information (thus violating confidentiality agreements). While it is possible for the Committee to unilaterally adopt policies related to "access to information," only the Court can determine that such policies are consistent with section 1102(b)(3) of the Bankruptcy Code.

3.  Absent entry of the Proposed Order, the Committee could be put in a position of either violating the Bankruptcy Code, on one hand, or breaching a confidentiality agreement, thereby subjecting itself to suit by the Debtors and potentially other parties, or breaking its own attorney-client privilege, on the other hand. The Creditor Information Protocol provides a framework to prevent such an untenable situation while, most critically, preserving creditors' rights to seek relief from the Court to compel the Committee to disclose Confidential Information or Privileged Information in a streamlined and standardized manner. By obtaining Court approval of the Creditor Information Protocol, and not merely relying on the Committee's own internal operating protocols or procedures, the Committee, its members, and its professionals can be confident in their compliance with section 1102(b)(3) of the Bankruptcy

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Code while protecting the rights of potentially affected parties to separately compel the disclosure of Confidential Information or Privileged Information. Furthermore, absent Court approval of the Creditor Information Protocols, and if the Committee were to enact a similar protocol without Court approval, the Committee and its Professionals could be subjecting the Committee, its members, and its professionals to liability given the ambiguities of section 1102(b)(3).

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that this Court enter the Proposed Order granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: September 22, 2021

By: */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Steven W. Golden (TX Bar No. 24099681)
Benjamin L. Wallen (TX Bar No.24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone:  (713) 691-9385
Facsimile:  (713) 691-9407
Email: mwarner@pszjlaw.com
Email: sgolden@pszjlaw.com
Email: bwallen@pszjlaw.com

-and-

Ira D. Kharasch (admitted *pro hac vice*)
Jeffrey N. Pomerantz (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: ikharasch@pszjlaw.com
Email: jpomerantz@pszjlaw.com

3

## **CERTIFICATE OF SERVICE**

I certify that on September 22, 2021, I caused a true and correct copy of the foregoing document to be served by the CM/ECF Filing System for the United States Bankruptcy Court for the Southern District of Texas.

>                                   */s/ Michael D. Warner*
>                                   Michael D. Warner