**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC,** *et al.* | § | **Case No. 21-32156 (MI)** |
| | § | |
| **Debtors.[1]** | § | **(Jointly Administered)** |
| | § | |

**DEBTOR'S _EMERGENCY_ MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN**
**AGREED ORDER (I) AUTHORIZING AND APPROVING**
**THE AGREEMENT BETWEEN THE DEBTOR AND**
**GE PACKAGED POWER LLC AND (II) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested. Relief is requested not later than 1:30 p.m. (CT) on October 5, 2021.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on October 5, 2021 at 1:30 p.m. (CT) in Courtroom 404, 4th floor, 515 Rusk, Houston, TX 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power  LLC (4169), Case No. 21-32158. The Debtors' mailing address is: 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

**To the Honorable Marvin Isgur,**
**United States Bankruptcy Judge:**

Victoria Port Power LLC ("*Victoria Port*" or the "*Debtor*") submits this motion (the "*Motion*") and states as follows:

<u>**Relief Requested**</u>

1.     After extensive negotiations, Victoria Port and GE Packaged Power LLC ("*GE*") have compromised and agreed, subject to Bankruptcy Court approval, that GE will turnover the Turbine (defined below) GE currently holds in its possession.  As further detailed below, the Agreement provides, as follows (collectively, the "*Agreement Terms*"):

    i.   The Debtor shall pay $180,000.00 in cash by wire transfer (the "*Agreement Amount*") to GE within three (3) business days of this Court's approval of the Agreement;

    ii.   GE shall apply the Agreement Amount to prepetition amounts owed to it by the Debtor for the repair of the Turbine and reduce its prepetition claim by the Agreement Amount;

    iii.   To the extent that the Debtor elects to request that GE perform the installation of the Turbine at the Victoria Port Facility, the Debtor shall also, to the extent provided in the Budget (as defined in the *Final Order (i) Authorizing the Debtors to Obtain Postpetition Financing, (ii) Authorizing the Debtors to Use Cash Collateral, (iii) Granting Liens and Providing Superpriority Administrative Expense Status, (iv) Granting Adequate Protection to the Prepetition Secured Parties, (v) Modifying the Automatic Stay, and (vi) Granting Related Relief* [Docket No. 240], the "*DIP Budget*") pay such reasonable, agreed costs when due under the terms agreed to by GE and the Debtor as an administrative expense without the need of further order of the Court;

    iv.   Upon receipt of the Agreement Amount, GE will promptly make the Turbine and the Combustor (defined below) available to the Debtor for transport to the Victoria Port Facility; and

    v.   Through possession of the Turbine, GE asserts a possessory lien to secure payment of certain amounts owed for the repair of the Turbine.  Notwithstanding its turnover of the Turbine and the Combustor in accordance with the Agreement,

GE shall continue to have and maintain any such liens against the Turbine and the Combustor to the extent to which it is entitled immediately prior to such turnover, with the same validity, priority and extent that it had in the Turbine and the Combustor as of the Petition Date, including with respect to the possessory lien that GE asserts on the Turbine to the same extent it would have if it had continued to retain possession of the Turbine so that the turnover of the Turbine and the Combustor to the Debtor pursuant to the Agreement will not diminish the rights GE had in asserting a possessory lien.  The Debtor reserves the right to dispute the validity of GE's asserted possessory lien.

2.      For the reasons set forth below, the Debtor respectfully submits that the Agreement represents a fair and reasonable compromise that is in the best interests of the Debtor's estate and its creditors.  The proposed Agreement is well within the range of reasonableness, particularly when factoring in the potential time, expense, delay and risk in litigating with GE to obtain possession of the Turbine. The Agreement is an appropriate use of estate assets and a sound exercise of the Debtor's business judgment and has the support of the Debtors' postpetition lenders.  Accordingly, the Debtor requests that the Court approve the Agreement and authorize the Debtor to consummate the Agreement terms.

3.      By this Motion, the Debtor respectfully requests entry of the proposed agreed order attached hereto pursuant to section 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 (a) approving the Agreement as memorialized in the proposed agreed order and (b) granting related relief.

4.      **While each of the parties have agreed to their respective proposed compromise, the factual recitations set forth herein are solely those of the Debtor and are not necessarily approved or adopted by any other party.**

### Jurisdiction and Venue

5.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 1334. Consideration of this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) as the above-captioned, jointly administered bankruptcy cases are pending before this Court.

**<u>Background</u>**

6.        Agilon Energy Holdings II LLC, Victoria Port, and Victoria City Power LLC ("***Victoria City***" and collectively, the "***Debtors***") are in the business of providing gas-fired peaking electric energy to the ERCOT market.  Victoria Port and Victoria City own and operate two (2) facilities located near Victoria, Texas:  Victoria Port owns Victoria Port Generation Station (the "***Victoria Port Facility***") and Victoria City owns Victoria City Generation Station (the "***Victory City Facility***" and together with the Victoria Port Facility, the "***Facilities***").  When fully functional, the Facilities have a total nominal capacity of 172 megawatts.  The Facilities each incorporate two refurbished LM6000 aero derivative combustion turbines and associated generators manufactured by General Electric.

7.        On June 27, 2021 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the chapter 11 cases (the "***Cases***").

8.        The Debtors continue in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  On June 28, 2021, the Court entered an order [Docket No. 9] authorizing the joint administration and procedural consolidation of these Cases pursuant to Bankruptcy Rule 1015(b).

9.        On August 2, 2021, the United States Trustee for Region 7 (the "***U.S. Trustee***") appointed an official committee of unsecured creditors (and as may be reconstituted from time to

time, the "***Creditors' Committee***") pursuant to section 1102 of the Bankruptcy Code.  No request

for the appointment of a trustee or examiner has been made in these Cases.

**Prepetition Repair of Turbine**

10.      Shortly after the construction of the Victoria Port Facility and the installation of the

two turbines at that location, problems began to develop with one of the LM6000 aero derivative

combustion turbines, ESN 191-315 (the "***Turbine***").  The Turbine was subsequently inspected and

it was determined that the Turbine needed repair.   The Debtor contracted with GE to repair the

Turbine, and GE took physical possession of the Turbine for further inspections and initiation of

the repair process.

11.      During the inspection and repair process, GE determined that the combustor dome,

part number L38778G03, serial number LA072873 (the "***Combustor***"), required refurbishing

before it could be re-installed on the Turbine.  In the meantime, former management of the Debtor

located and ordered a replacement combustor from MTU Maintenance Berlin-Brandenburg GmbH

("***MTU Berlin***").  MTU Berlin shipped the replacement combustor, and GE installed it on the

Turbine.

12.      GE is currently holding both the Turbine and the refurbished Combustor.

Prepetition, the Debtor lacked the necessary funds to pay GE for its repair services.  Based on the

Debtor's books and records, as of the Petition Date the Debtor owed GE $856,899.97 related to

the repair of the Turbine.  GE asserts it is owed at least $1,120,733.31 related to the repair of the

Turbine.[2]  GE asserts a possessory lien against the Turbine and the Combustor for the labor and

materials supplied in the inspection and repair process.

---

[2]  Nothing herein is or shall be construed as a settlement or compromise of the amount GE's claim related to the repair
of the Turbine.  The Debtor and GE reserve any and all rights with respect to GE's claim related to the repair of the
Turbine.

13.     Without the Turbine, the Victoria Port Facility is capable of operating at only half of its approximate nominal capacity of 86 megawatts.

14.     After the Petition Date, the Debtor and GE entered into discussions seeking to amicably reach an agreement which would return the Turbine and Combustor to the Debtor (the "***Repair Dispute***").

## Basis for Relief

**A.      Consummating the Agreement is a Sound Exercise of the Debtor's Business Judgment.**

15.     Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing.  The Fifth Circuit recognizes that a debtor may use property of the estate outside the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g., ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.),* 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.,* 780 F.3d 1223, 1226 (5th Cir. 1986)); *In re ASARCO LLC,* 441 B.R. 813, 830 (Bankr. S.D. Tex. 2010); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.),* 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005).

16.     The Debtor submits that the Agreement represents a fair and reasonable compromise that is in the best interest of the Debtor's estate and its creditors.  ***First***, the Agreement resolves a dispute regarding the turnover of the Turbine and the Combustor by providing that (i) the Debtor will pay GE $180,000.00 in cash and (ii) GE will maintain any and all liens it has against the Turbine and the Combustor with the same validity, priority and extent as if it had

maintained possession and control of the Turbine and the Combustor.  Notwithstanding anything to the contrary herein, the Debtors and all parties in interest shall retain their rights to object to, or challenge, any lien asserted by GE.  ***Second***, the Agreement avoids potentially costly and time-consuming litigation over the turnover of the Turbine and the Combustor.  While the Debtor believes it would be successful in compelling turnover of the Turbine and Combustor from GE, such litigation will likely increase costs incurred by the estate in prosecuting such adversary proceeding and increased delays in obtaining the Turbine and Combustor from GE, and such delay would prolong the time that the Debtor is unable to operate at full capacity.  ***Third***, at the Debtor's sole discretion, the Agreement provides a mechanism whereby GE may, if selected, be hired to reinstall the Turbine at the Victoria Port Facility.  ***Fourth***, the Agreement provides a reduction in the dollar amount of liens asserted against the Debtor's assets.

17.     Accordingly, the Debtor respectfully request that the Court enter the Proposed Agreed Order and authorize the Debtor to and perform under the Agreement, as such action is a reasonable exercise of the Debtor's business judgment and in the best interests of the Debtor, its estate, and all other stakeholders in these Cases.

**B.     The Agreement Satisfies Bankruptcy Rule 9019 and should be Approved.**

18.     Federal Rule of Bankruptcy Procedure 9019 authorizes bankruptcy courts, after appropriate notice, to approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate.  *See In re Age Refin. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015).  Ultimately, a compromise must be "'fair and equitable', and 'in the best interest of the estate.'"  *In re Jackson Brewing Co.,* 624 F.2d 599, 602 (5th Cir. 1980) (quoting *Protective Committee for Independent Stock-holders of TMT Trailer Ferry, Inc. v. Anderson ("TMT Trailer"),* 390 U.S. 414, 424 (1968)).  When considering whether a compromise is "fair, equitable

and in the best interest of the estate," the Court must weigh the "terms of the compromise with the likely rewards of litigation." *Id.* Within the 5th Circuit, courts must consider (i) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (ii) difficulty of collection of any judgment; (iii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; (iv) all other factors bearing on the wisdom of the compromise; (v) the extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion; and (vi) deference to the concerns of creditors. *See TMT Trailer,* 390 U.S. at 425; *In re Jackson Brewing Co.,* 624 F.2d at 602.

19. Although the Debtor bears the burden of establishing that the proposed compromise is in the best interest of the estate, compromises are a normal part of the bankruptcy process and oftentimes a desirable and wise method of bringing to a close proceedings that are otherwise lengthy, complicated and costly. As such, the Debtor's burden is not high. *In re Shankman,* No. 08-36327, 2010 WL 743297, at \*3 (Bankr. S.D. Tex. Mar. 2, 2010). The decision to approve a compromise lies within the court's discretion, and the Court "need not conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *Id.* (quoting *In re Cajun Elec. Power Co-Op, Inc.,* 119 F.3d 349, 355 (5th Cir. 1997)). "The [Debtor] need only show that . . . [its] decision falls within the 'range of reasonable litigation alternatives.'" *Id.* (*internal citations omitted).*

20. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams,* 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968).

21.     The Agreement clearly meets these standards.  After evaluating all aspects of the Agreement with the assistance of counsel, including the risk, expense and resulting delay of litigation of the Repair Dispute, the Debtor determined that entry into the Agreement is fair, reasonable, and in the best interest of the Debtor's estate.  The Agreement provides a mechanism for the Debtor to relatively quickly obtain the return of the Turbine in a ready-to-install condition, thereby allowing the Debtor to maximize its power-generating capacity prior to the end of the peak summer season.  Further, while the Debtor anticipates it would be successful in prosecuting a turnover action, the Agreement expedites a turnover process and avoids the risks attendant with all litigation.

22.     While the turnover claim against GE does not involve complex legal and factual issues, the Debtor expects GE would defend its legal position and it would result in a delay in obtaining the Turbine and additional legal expenses, which the Agreement helps to avoid. Moreover, it ensures GE's cooperation so that the Turbine is ready for installation once returned to the Victoria Port Facility.

23.     The validity of Debtor's business judgment in this regard is further evidenced by the support of its post-petition lenders for the proposed Agreement.

24.     For the reasons set forth above, the Debtor submits that the Agreement is fair and reasonable and should be approved.

**Emergency Consideration**

25.     The Debtor respectfully request emergency consideration of this Motion.  The Debtor's primary operating season is in the summer and early fall.  If the relief requested is granted on an emergency basis there may be sufficient time to install the Turbine during this period. Furthermore, installation of the Turbine will provide prospective buyers with clarity on the extent

and location of the Debtor's assets which the Debtor expects will lead to a more robust and complete marketing and sales process.  A hearing

26.     The Debtor respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.  **A hearing has been set on this Motion for October 5, 2021 at 1:30 p.m. (CT)**.

#### Notice

27.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002; (iii) counsel for the Creditors' Committee; (iv) counsel for and the members of any other committees appointed by this Court; (v) counsel for the Debtors' senior secured noteholders and debtor-in-possession lender; (vi) the consolidated thirty (30) largest unsecured creditors of the Debtors; (vii) governmental agencies having a regulatory or statutory interest in these cases; and (viii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). A copy of this Motion is also available on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy.  In light of the nature of the relief requested, and the exigent circumstances of these Cases, the Debtor submits that no further notice is necessary.

28.     In light of these considerations, the Debtor submits that this Court approve the Motion and enter the proposed agreed order in substantially the same form as that submitted with this Motion.

#### Conclusion

The Debtor requests that the Court (i) grant this Motion, (ii) enter the proposed agreed order which memorializes the Agreement between the Debtor and GE Packaged Power LLC, (iii)

authorize the parties to take all actions and execute all documents necessary to effectuate the Agreement; and (iv) order such other relief as the Court finds appropriate and just to grant.

DATED this the 29th day of September, 2021.

/s/ Simon R. Mayer
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone:  (713) 226-1200
Facsimile:  (713) 223-3717
Email: eguffy@lockelord.com
          simon.mayer@lockelord.com

***Attorneys for***
***Agilon Energy Holdings II LLC, et al.***

## Rule 9013-1(i) Certificate

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ Simon R. Mayer
Simon R. Mayer

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on September 29, 2021, on all parties registered for electronic service.

/s/ Simon R. Mayer
Simon R. Mayer