IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § § § | Case No. 21-32156 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § | |

### DEBTORS' EMERGENCY MOTION TO COMPEL THE TURNOVER OF DEBTORS' BOOKS AND RECORDS FROM CASTLEMAN ENTITIES

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. ON WEDNESDAY, NOVEMBER 10, 2021.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this *Emergency Motion to Compel the Turnover of Debtors' Books and Records from Castleman Entities* (the "Motion") seeking an order pursuant to sections 105(a), 541(a)(1), and 542(e) of title of the United States Code (the "Bankruptcy Code"), requesting turnover of the Debtors' books and records in the possession of the Castleman Entities,[2] and in particular, Castleman Power

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power LLC (4169), Case No. 21-32158. The Debtors' mailing address is: 480 Wildwood Forest Drive, Suite 475, Spring, Texas 77380.

[2] The "Castleman Entities" refer to: (i) Castleman Power Development, LLC; (ii) Castleman Power Investment II, LLC; (iii) Victoria Midstream LLC; (iv) Victoria Bloomington LLC; (v) Victoria Willow LLC; (vi) Victoria Port Power II, LLC; (vii) Ryan Castleman; (viii) Gerardo "GP" Manalac; (ix) Agilon Energy II LLC; (x) AEV Protects LLC, and (xi) any other entities owned (in whole or in part) or controlled by Ryan Castleman or another Castleman

1

Development, LLC ("Castleman Power"). In support of this Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Castleman Entities have not complied with section 542 of the Bankruptcy Code requiring turnover of property of the bankruptcy estates, in particular the Castleman Entities' obligation to turn over the Debtors' books and records. As the former project management company to the Debtors, Castleman Power conducted the Debtors' business on its servers. Thus, some of the Debtors' books and records are in the Castleman Entities' possession. Since the Debtors first requested documents from the Castleman Entities approximately six weeks ago, and despite promises to facilitate copying the Castleman Entities' servers/hard drives, they have only produced a small fraction of the Debtors' books and records. Further delay by the Castleman Entities to provide the Debtors with access to their books and records will prejudice the Debtors' ability to operate in bankruptcy and effect a successful sale process.

2. Accordingly, the Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), compelling the Castleman Entities to turn over the Debtors' books and records by allowing the Debtors to make a copy of the hard drive(s) on which any of the Debtors' data has been or are stored (the "Documents").

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Entity that has or had a business relationship with or transaction with or concerning the Debtors, their assets and/or their operations, whether or not such relationship is set forth in an agreement with the Debtors.

**BASIS FOR EMERGENCY**

4. The Debtors request emergency relief for turnover of the Documents because the Debtors' access to their books and records are necessary to their successful operation as debtors in possession and to facilitate the Debtors' sale of their assets as a going concern.

**BACKGROUND**

5. On June 27, 2021 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). This Court entered an Order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) on June 28, 2021 [Docket No. 9].

6. In January 2018, Castleman Power entered into that certain Asset Management Agreement with Agilon Energy II, LLC (the "Asset Management Agreement"), whereby Castleman Power agreed to provide certain project management services to two of the Debtors, Victoria Port Power LLC and Victoria City Power LLC, which were constructing two power generation facilities in Victoria, Texas. Per the terms of the Asset Management Agreement, Castleman Power agreed to "maintain books and records for development, construction, ownership and operation of" the generation facilities. Asset Management Agreement, § 4.2(f).

7. On September 17, 2021, the Debtors sent informal document requests (the "Requests") via email to the Castleman Entities' counsel, including for the Debtors' emails and other documents related to prepetition transactions between the Debtors and the Castleman Entities. The Debtors specifically requested that the Castleman Entities provide the Debtors with information on a rolling basis, with all Documents to be provided no later than September 30, 2021.

13078557

8. In response to the Requests, the Castleman Entities have to date only produced certain agreements with the Castleman Entities, most of which were already in the Debtors' possession, emails with the Debtors' lender, Prudential (in PDF format and without electronically stored information), and arbitration documents related to the arbitration with ProEnergy Services, LLC, which the Debtors already had in their possession.

9. On October 20, 2021, after multiple follow-up emails concerning the Requests, the Castleman Entities' counsel indicated that his clients would allow the Debtors to copy the Castleman Entities' server.

10. The Debtors proposed a protocol (the "Protocol"), as detailed in an email sent by the Debtors' counsel on October 25, 2021, to address concerns about the production of confidential documents or documents falling within the attorney-client privilege unrelated to the Debtors. The Protocol provides that:

- The Debtors shall be entitled to make a copy of the hard drive(s) on which any of the Debtors' data has been or are stored utilizing an IT provider designated by the Debtors.

- The Castleman Entities shall represent that neither the Castleman Entities nor any of their agents or representatives have, at any time, modified the hard drive(s) in any way which has resulted in the modification or deletion of any Debtor data.

- All documents on the hard drive(s) will be initially (subject to the following bullet point) undesignated material that can be used in any manner determined by the Debtors, including immediately sharing the same with the Committee and Prudential.

- If the Castleman Entities assert in writing, within 30 days of the date that the copy of the hard drive(s) are provided to the Debtors, with such assertion to contain sufficient information/details that permit an assessment of such assertion, including, but not limited to providing references to the specific documents, that any document or group of documents are subject to a privilege belonging to the Castleman Entities or constitute confidential information belonging to the Castleman Entities, the Debtors, Prudential, and the Committee shall have five business days to object in writing to the privilege or confidentiality assertion. If an objection is made by the Debtors, the Committee, or Prudential, the Castleman

4

Entities may file an emergency motion with the Court seeking to designate such document(s) as privileged or confidential. If no party objects in writing or the Court order that the document(s) are confidential, the document(s) shall be designated confidential. If no party objects in writing or the Court orders that the document(s) are privileged, the document(s) will be destroyed and/or deleted by the Debtors, Prudential, and the Committee.

11. On October 27, 2021, the Debtors' counsel told the Castleman Entities' counsel that the Debtors would file a turnover motion unless the Castleman Entities scheduled a call with their IT person and the Debtors' counsel's IT person to coordinate copying the Castleman Entities' server. On October 29, 2021, the Castleman Entities scheduled a call which was to include their IT person and the Debtors' IT person. However, when the time came to attend the call, the Castleman Entities' IT person did not attend and the Castleman Entities' representatives and counsel instead offered to provide search terms by which they would limit the documents that would be provided to the Debtors off the Castleman Entities' server. Thereafter, the Castleman Entities provided inclusive and exclusive search terms to Debtors' counsel.

12. The proposed process of limiting documents and information provided to the Debtors, however, is not compatible with the Castleman Entities' obligation to turn over all property of the Debtors. Counsel for the Castleman Entities was notified that the Debtors would file this Motion requesting turnover of the Castleman Entities' server in accordance with the protocol proposed above.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13. Section 541(a)(1) provides:

   (a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

      (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of this case.

11 U.S.C. § 541(a)(1).

14. Section 542(e) of the Bankruptcy Code provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).[3]

15. The Debtors' entitlement to the Documents is absolute. As one court has observed:

> The Bankruptcy Code creates a 'two-part scheme for turnover of property of the estate and other information related to the debtor's property or financial affairs.' Section 542(a) requires anyone holding property of the estate to deliver it to the trustee. 11 U.S.C. § 542(a). Section 542(e) allows the Court to order "an attorney, accountant or other person that holds recorded information . . . relating to the debtor's property or financial affairs" to turn over such information to the trustee, 11 U.S.C. § 542(e). Although an action for turnover under § 542(a) requires that the information requested be property of the estate, there is no such requirement in § 542(e). Therefore, whether the Attorney Files constitute property of the estate is irrelevant to the Court's determination of whether turnover is proper under § 542(e).

*Am. Metrocomm Corp. v. Duane Morris & Heckscher, L.L.P. (In re Am. Metrocomm Corp.)*, 274 B.R. 641, 652 (Bankr. D. Del. 2002); *Faulkner v. Kornman (In re Heritage Org., L.L.C.)*, 350 B.R. 733, 737 (Bankr. N.D. Tex. 2006) (citing *In re Am. Metrocomm Corp.*); *see also Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Group (In re Hechinger Inv. Co.)*, 285 B.R. 601, 606 (D. Del. 2002) ("Section 542(e) of the Bankruptcy Code mandates that [the debtors' prepetition law firm] turn over all files in its possession relating to the Debtors since those files became the property of the Debtors' estates upon the filing of the Chapter 11 petitions").

16. As the Supreme Court has observed, section 542(e) of the Bankruptcy Code "was

---

[3] "A debtor in possession shall have all the rights . . . and powers . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a). Accordingly, the rights of a trustee under Bankruptcy Code section 542(e) equally are available to the Debtor.

6

13078557

not intended to limit the [debtor's] ability to obtain corporate information." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 at 351; *see also Citibank, N.A. v. Andros*, 666 F.2d 1192, 1195 (8th Cir. 1981) ("The legislative history to section 542(e) indicates that Congress enacted that provision to prevent attorneys and accountants from exercising the leverage of withholding documents and claiming liens under state law to obtain priority in payment of their claims over other creditors.") (citing S. Rep. No. 95-989, 95th Cong., 2d Sess. 84 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787).

17. The Debtors submit that ample cause exists to grant the relief requested herein. Books and records are essential resources for debtors during their reorganization process. *See In re Beef N' Burgundy, Inc.*, 21 B.R. at 70 (finding that "[t]he Debtor's books, records and documents . . . are necessary to the proper conduct of Debtor's affairs in this reorganization case"). The Documents are in the possession of the Castleman Entities. Presently, the Debtors do not have access to the Documents and are therefore limited in performing duties central to effectuating the Debtors' Chapter 11 Cases. It is imperative for the Debtors to have access to the Documents so that the Debtors can fulfill their obligations under the Bankruptcy Code, including conducting the sales process and investigating claims against the Castleman Entities.

18. The Debtors have a right to the immediate turnover of all of the Documents because they constitute property of the Debtors' estate pursuant to section 541 of the Bankruptcy Code. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985) ("Upon the commencement of a case in bankruptcy, all corporate property passes to an estate represented by the [debtor]."); *see also Sola Comm'ns., L.L.C. v. Def. Dynamics, L.L.C. (In re Sola Comm'ns., L.L.C.)*, No. 05-52696, 2005 Bankr. LEXIS 3065, at *5 (Bankr. W.D. La. 2005) (stating that section 542(e) of the Bankruptcy Code "clearly allows the court to order some 'other person' to turn over

information, *including records*.") (emphasis added); *In re Hechinger Inv. Co.*, 285 B.R. at 606 (stating that section 542(e) of the Bankruptcy Code mandated the turnover of all files in counsel to the debtors' former officers and directors possession relating to the Debtors because the files "*became the property of the Debtors' estates upon the filing of the Chapter 11 petitions*.") (emphasis added).

19. Further, and for the avoidance of doubt, should the Castleman Entities assert that certain documents on their servers do not constitute property of the Debtors' estates, it is well established that documents which are not property of a debtor's estate are nonetheless within the purview of section 542(e) of the Bankruptcy Code when such documents "relat[e] to the debtor's property or financial affairs." 11 U.S.C. § 542(e); *see also In re Heritage Org., L.L.C.*, 350 B.R. at 739 (stating that "documents which are not property of the estate may still be subject to turnover under Section 542(e) if they relate to the debtor's property or financial affairs, subject to any claim of privilege"); *In re Crescent Res., LLC*, 457 B.R. 506, 513 (Bankr. W.D. Tex. 2011) (same); *Lentz v. Morgan Drexen, Inc. (In re Fairley)*, Nos. 13-52526-KMS, 14-05006-KMS, 2015 Bankr. LEXIS 2870, at *24 (Bankr. S.D. Miss. 2015) (same); *In re Hechinger Inv. Co.*, 285 B.R. at 606 (stating that the court may order an attorney "who holds recorded information relating to the debtor's property or financial affairs, to turn over or disclose that material to the [debtor]" ); *see also Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 419 (6th Cir. 2013) (citing *In re Am. Metrocomm Corp.*, 274 B.R. at 652); *In re Touch Am. Holdings, Inc.*, Civ. No. 09-084 (SLR), 2009 WL 453107, at *2 (D. Del. 2009) (affirming Bankruptcy Court order requiring law firm to turn over documents relating to the debtor's property and financial affairs)).

20. In addition, the Debtors have proposed a protocol to address any confidential or privileged information that may be on the Castleman Entities' servers. The Supreme Court has

8

13078557

observed, in addressing the "subject to any applicable privilege" provision of section 542(e) of the Bankruptcy Code as it relates to displaced managers and former directors and officers, that "[d]isplaced managers may not assert the [corporation's attorney-client] privilege over the wishes of current managers, even as to statements" and communications made by former officers and directors. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 at 349. Accordingly, the Castleman Entities should be immediately ordered to turn over the Documents to the Debtors.

21. In light of the foregoing, section 542(e) of the Bankruptcy Code unambiguously provides for the turnover of the Debtors' Documents. Any refusal on behalf of the Castleman Entities to provide the Debtors with their Documents is in contravention with section 542(e) of the Bankruptcy Code and is harmful to the Debtors and their estate because such refusal would impede the Debtors' ability to orderly prosecute these Chapter 11 Cases.

## CONCLUSION

The Debtors respectfully request entry of the Order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

[*Signature Page to Follow*]

| | |
|---|---|
| Dated: Houston, Texas<br>November 3, 2021 | Respectfully submitted,<br><br>**PORTER HEDGES LLP**<br><br>By: /s/ *Joshua W. Wolfshohl*<br>Joshua W. Wolfshohl (TX Bar No. 24038592)<br>M. Shane Johnson (TX Bar No. 24083263)<br>Megan Young-John (TX Bar No. 24088700)<br>1000 Main Street, 36th Floor<br>Houston, TX 77002-2764<br>Telephone: (713) 226-6000<br>Facsimile: (713) 226-6248<br>Email: jwolfshohl@porterhedges.com<br>Email: sjohnson@porterhedges.com<br>Email: myoung-john@porterhedges.com<br><br>*Conflicts Counsel for the Debtors and Debtors in Possession* |

13078557