**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC**, *et al.* | § | **Case No. 21-32156 (MI)** |
| | § | |
| **Debtors.[1]** | § | **(Jointly Administered)** |
| | § | |

**PRELIMINARY[2] RESPONSE OF THE PREPETITION SENIOR SECURED LENDERS
TO THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER DISMISSING THE
CHAPTER 11 CASES OR, ALTERNATIVELY, CONVERTING THE CASES TO
CHAPTER 7 AND GRANTING RELATED RELIEF**

For the first time in these cases, prepetition senior secured lenders Prudential Insurance Company of America, Prudential Legacy Insurance Company of New Jersey, and Prudential Retirement Insurance and Annuity Company (collectively, the "Prepetition Senior Secured Lenders" or "Lenders") are compelled to file pleadings with this Court.

The Prepetition Senior Secured Lenders have agreed to fund a responsible and orderly wind-down of these cases, at their sole expense, resulting in a further depletion of their recovery. They have agreed in connection with the Debtors' proposed plan of reorganization (the "Plan") to forego millions of dollars in adequate protection claims and instead to share ratably with all general

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power LLC (4169), Case No. 21-32158. The Debtors' mailing address is: PO Box 163, Plantersville, Texas 77363.

[2] The Prepetition Senior Secured Lenders do not believe that the Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Dismissing the Chapter 11 Cases or, Alternatively, Converting the Cases to Chapter 7 and Granting Related Relief [ECF No. 665] (the "Committee Motion") should be heard on less than four days' notice and respectfully request that it be set for an evidentiary hearing at the same time as the Debtors' motion seeking confirmation of the Plan.

unsecured creditors on account of their deficiency claim, which is over twenty million dollars. They have agreed to leave behind for the benefit of all creditors any estate claims and causes of action on which they have adequate protection liens and have allowed administrative claims to be paid out of the rapidly diminishing cash remaining from the sale of their collateral.

Nevertheless, the Prepetition Senior Secured Lenders now have become the target of unfounded critical rhetoric in the Committee Motion.  The Committee's tactics are an effort to stretch much too far a playbook that does not apply here.[3]

### **<u>Response</u>**

The two-member Committee – representing roughly $571,116 in claims (less than 0.29% of unsecured claims) – has incurred fees to the tune of $1.572 million of estate dollars and has recovered nothing to date for unsecured creditors.[4]

They refuse to support the orderly wind down of these cases and have threatened to derail the Debtors' plan process unless additional fees are set aside to "investigate" potential litigation claims.  This work has already been done by Debtors' conflicts counsel.[5]  Even if this analysis had not already been conducted, there is no obligation whatsoever for the Prepetition Senior Secured

---

[3] *See, e.g., In re Limetree Bay Servs., LLC*, Case No. 21-32351 (DRJ), Dkt. No. 1212 (Bankr. S.D. Tex. Mar. 22, 2022).

[4] Estate professional fees, including Committee professional fees, invoiced to date total $6,818,993.12. All fees paid to date have been funded by the Prepetition Senior Secured Lenders, and they reserve the right and intend to object to any professional fees (and to decline to make their cash collateral available to pay for any such fees) expended on work that does not provide demonstrable value to unsecured creditors in excess of that set forth in the Debtors' proposed Plan that is funded by and supported by the Prepetition Senior Secured Lenders.

[5] The Committee is well aware of this fact, given that the Committee presented the results of this investigation by the Debtors' conflicts counsel to the Prepetition Senior Secured Lenders in a meeting in which they asked that the Lenders provide litigation funding for the pursuit of these claims.  After carefully considering the presentation, the Lenders declined the request.

Lenders to spend still more of their rapidly diminishing cash to fund a trust to pay professional fees incurred by junior creditors.

The relief sought in the Committee Motion provides no benefit to creditors. The alternative paths of dismissal and conversion proposed by the Committee would eviscerate any hope of recovery by administrative or unsecured creditors. The Plan, however, offers the prospect of recovery by administrative and unsecured creditors and simultaneously results in a *diminished* recovery to the Lenders, who would pay for the additional costs of the wind-down of the estate and waive their multimillion-dollar adequate protection claim.[6] This is largely mischaracterized (or at best misunderstood) by the Committee and its advisors.[7]

While the Committee Motion is troubling on many levels, the gratuitous attacks against the Lenders are particularly offensive. At no time have the Prepetition Senior Secured Lenders been in "control" of these cases; rather, all expenditures and actions by the Debtors (represented by two well-respected law firms and led by an independent chief restructuring officer) have been subject to Court approval on notice to the Committee and its advisors (who have not objected).

In any event, the Committee Motion misstates the facts and the law and fails to acknowledge the benefit to all parties in interest that resulted from this Chapter 11 process funded by the Lenders and the additional benefits that will flow from confirmation of the Plan. It should be denied, among other reasons, because:

---

[6] Under the Plan, the deficiency claim of the Prepetition Senior Secured Lenders would instead receive equal treatment with other unsecured creditors.

[7] For example, the Committee warns of increased DIP claims although the DIP Facility has been paid in full and terminated. Motion at 13, ¶ 28.

3

- There is no obligation for the Prepetition Senior Secured Lenders to fund a trust at all, much less when the funding demanded would go only to pay professional fees and other costs of junior creditors.

- The Debtors' Plan provides the only meaningful path of recovery for *all* unsecured creditors, including the Prepetition Senior Secured Lenders' multimillion-dollar deficiency claim.

- Capitulation to the Committee's demands would result only in the incurrence of significant additional professional fees and costs with no foreseeable benefit to the estates or their creditors.

- The Debtors' Plan provides for the responsible and orderly wind-down of these estates and is the best path forward for all creditors.

## Summary and Conclusion

The Committee Motion is another sad chapter in a story that often unfolds at the end of liquidating cases in which the senior secured lenders are the fulcrum and threats are made to extract payments that benefit professionals instead of stakeholders.  It would perhaps be less painful to throw some money into a "liquidating trust" than to stand up to extortionate demands, but it is not in the best interests of the Debtors' estates, their stakeholders (including general unsecured creditors), or the integrity of the bankruptcy process to do so.  Therefore, the Prepetition Senior Secured Lenders respectfully object to the Motion and request entry of an order denying it in full and denying all fees associated with its prosecution.

Dated:  April 20, 2022

Respectfully submitted,

By: ____/s/ Paul D. Moak_____

**REED SMITH LLP**
Paul D. Moak
Texas Bar No. 00794316
811 Main Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 469-3661
Email: pmoak@reedsmith.com

Co-Counsel to the Prepetition Senior Secured
Lenders

**MORGAN, LEWIS & BOCKIUS LLP**
Julia Frost-Davies (pro hac vice)
One Federal Street
Boston, MA 02110
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
Email: julia.frost-davies@morganlewis.com

-and-

David L. Lawton (pro hac vice)
One State Street
Hartford, CT 06103
Telephone: (860) 240-2700
Facsimile: (860) 240-2701
Email: david.lawton@morganlewis.com

Co-Counsel to the Prepetition Senior Secured
Lenders

**Certificate of Service**

The undersigned certifies that this Response was served electronically on April 20, 2022, via ECF on those parties registered to receive such ECF service in these Cases.

*/s/ Paul D. Moak*
Paul D. Moak