**Exhibit 1**

**Solicitation Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § § | Case No. 21-32156 (MI) |
| Debtors.³ | § § § | (Jointly Administered) |

### NOTICE OF:

(A) DEADLINE TO VOTE TO ACCEPT OR REJECT CHAPTER 11 PLAN;

(B) DEADLINE TO OBJECT TO APPROVAL OF DISCLOSURE STATEMENT;

(C) DEADLINE TO OBJECT TO PLAN CONFIRMATION;

(D) COMBINED HEARING TO CONSIDER FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; AND

(E) RELATED MATTERS AND PROCEDURES.

**TO HOLDERS OF IMPAIRED CLAIMS AGAINST THE DEBTORS ENTITLED TO VOTE TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN.**

PLEASE TAKE NOTICE OF THE FOLLOWING

### WHAT IS IN THIS PACKAGE

This package contains the following:

This document, which is the Notice of: (A) Deadline to Vote to Accept or Reject the Joint Chapter 11 Plan for Agilon Energy Holdings, LLC, et al. (the "***Plan***"), (B) Deadline to Object to Approval of the Disclosure Statement for the Joint Chapter 11 Plan for Agilon Energy Holdings, LLC, et al. (the "***Disclosure Statement***"), (C) Deadline to Object to Plan Confirmation and Final Approval of

---

³ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power LLC (4169), Case No. 21-32158. The Debtors' mailing address is: PO Box 163, Plantersville, Texas 77363.

the Disclosure Statement, (D) Combined Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Plan, and (E) Related Matters and Procedures (the "**Solicitation Notice**");

    a.    Hard copy materials or a jump drive containing in PDF format:

        (1)    the Combined Plan and Disclosure Statement;

        (2)    the *Order (I) Conditionally Approving Disclosure Statement; (II) Fixing the Record Date for Voting; (III) Approving the Plan Solicitation Package and Voting Procedures; (IV) Setting Deadlines to Vote on Plan and to Object to Plan and Disclosure Statement; and (V) Setting Hearing on Final Approval of Disclosure Statement and Plan Confirmation* (the "**Disclosure Statement Order**");

    b.    A Ballot; and

    c.    a return envelope for the Ballot, addressed to:

> Agilon Ballot Processing,
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

IF THIS PACKAGE DOES NOT CONTAIN THE ABOVE ITEMS, PLEASE CONTACT THE DEBTORS' ATTORNEY IDENTIFIED BELOW.

## OPTION TO OBTAIN COPIES OF DISCLOSURE STATEMENT AND PLAN

If you wish to have a hard copy (or an additional hard copy) of the Disclosure Statement and Plan mailed to you, you must do so by written request to the attorneys identified below.

## Background

On June 27, 2021 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the chapter 11 cases (the "**Cases**").

On August 2, 2021, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (and as may be reconstituted from time to time, the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Cases.

On April 8, 2022, Agilon Energy Holdings II LLC ("**Agilon**"), Victoria City Power LLC ("**VCP**"), and Victoria Port Power LLC ("**VPP**" and collectively, the "**Debtors**"), filed their joint Plan and Disclosure Statement in the above-captioned bankruptcy case. [Docket No. 647].

On April 21, 2022, the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "***Court***") entered the enclosed Disclosure Statement Order. Therein, the Court conditionally approved the Disclosure Statement as containing adequate information pursuant to 11 U.S.C. § 1125.

You are receiving this Solicitation Notice so that you may exercise your right to vote to accept or reject the Plan pursuant to 11 U.S.C. § 1126. You are also receiving this Solicitation Notice so that you may exercise your right to file objections to the Disclosure Statement and to confirmation of the Plan if you chose to make such an objection.

Once the Plan is confirmed pursuant to 11 U.S.C. § 1129, the terms of the Plan bind the Debtors, any entity issuing securities under the Plan, any entity acquiring property under the Plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the Plan and whether or not such creditor, equity security holder, or general partner has accepted the Plan. 11 U.S.C. § 1141(a).

## Key Dates and Deadlines

**A.    Record Date**

In order to be eligible to vote to accept or reject the Plan, you must be a creditor of one or more of the Debtors with a claim in one of the Voting Classes under the Plan as of the date of entry of the Disclosure Statement Order conditionally approving the Disclosure Statement (the "***Record Date***"). The term "claim" means: (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. 11 U.S.C. § 101(5).

**B.    Allowance of Claims for Voting Purposes**

The following rules, standards and protocols for the allowance of each claim against the Debtors apply for voting purposes only (and not for any other purposes):

   a.    With respect to a claim identified in the Schedules (as defined in the Plan) as liquidated, non-contingent and undisputed, and for which no proof of claim has been timely filed, the claim amount for voting purposes shall be the amount as identified in the Schedules (the "***Scheduled Amount***").

   b.    With respect to a liquidated, non-contingent, undisputed claim as to which proof of claim has been timely filed and as to which no objection has yet been filed, the amount and classification of such claim shall be that specified in such proof of claim, subject to any applicable limitations as set forth below.

    c.        With respect to a proof of claim which is the subject of an objection filed at least ten (10) days prior to the Voting Deadline, the claim represented by such proof of claim as applicable, shall be disallowed for voting purposes unless the Court orders otherwise on motion filed by the claimant, so long as the Court determination occurs prior to the conclusion of the Confirmation Hearing.

    d.        With respect to a timely filed proof of claim that is unliquidated, contingent and/or disputed in part, the holder of such claim shall be entitled to vote only that portion of the claim that is liquidated, non-contingent and undisputed in the liquidated, non-contingent and undisputed amount, subject to any limitations set forth herein, unless otherwise ordered by the Court.

    e.        A holder shall not be entitled to vote a claim to the extent such claim duplicates or has been superseded by another claim of such holder.

    f.        If a claim for which a proof of claim has been timely filed is asserted for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.  If the applicable bar date has not occurred and a claim is listed in the Schedules as wholly unliquidated and/or contingent, it shall be accorded one vote valued at $1 for purposes of Section 1126(c) of the Bankruptcy Code (the "***One Vote, One Dollar Procedure***"), unless the Court orders otherwise on timely motion filed by the claimant, so long as the Court determination occurs prior to the conclusion of the Confirmation Hearing.

    g.        With respect to a proof of claim that is the subject of an objection solely to the classification asserted in the proof of claim, such claim shall be allowed provisionally for voting purposes in the amount asserted in the claim and in the classification to which the objection seeks to re-classify said claim, unless the Court orders otherwise on motion filed by the claimant.

    h.        With respect to a claim which has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification of such claim shall be that set by the Court.

**C.**    **Deadline to Vote and Voting Procedures**

Enclosed you will find a Ballot which you may use to cast your vote to accept or reject the Plan.  The following voting procedures apply:

    i.        For the purpose of voting on the Plan, any Ballot must be timely delivered and received by the Voting Deadline via first class mail, overnight carrier, and hand delivery to:

9

>   Agilon Ballot Processing,
>   c/o Stretto
>   410 Exchange, Suite 100
>   Irvine, CA 92602

>   or by submitting such Ballot using Stretto's e-ballot platform at https://balloting.stretto.com.

ii. Any Ballot received after the Voting Deadline shall not be counted, unless the Court orders otherwise.

iii. Whenever a holder of a claim submits more than one Ballot voting the same claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

iv. Creditors must vote all of their claims within a particular Plan class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan or that does not indicate an acceptance or a rejection of the Plan will not be counted. In addition, votes to accept or reject the Plan must be unequivocal and not conditional or qualified in any way.

v. The voter must complete each section of the Ballot, including, without limitation, (i) certifying the amount of its Claim, (ii) voting to accept or reject the Plan, (iii) completing the requested identification information, and (iv) signing and dating the Ballot with an original signature if being submitted by first class mail, overnight courier or hand delivery or by electronically signing the Ballot if submitted using https://balloting.stretto.com.

vi. If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, such persons should indicate such capacity when signing and, unless otherwise determined by the Debtors, must submit proper evidence satisfactory to the Debtors to so act on behalf for the beneficial interest holder.

vii. Ballots will not be counted if they are unsigned. Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature

viii. All votes must be cast using the Ballots distributed to the holders of claims. Votes cast in any manner other than by using such ballots will not be counted.

ix. Any holder of a claim in an impaired class who has delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

x. Subject to any contrary order of the Bankruptcy Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of

10

which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of the Bankruptcy Code. Subject to contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, unless otherwise directed by the Bankruptcy Court. The Debtors' interpretation of the terms and conditions of the Plan (including the Ballot and the voting instructions), shall be final and binding on all parties, unless otherwise directed by the Court. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liability for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not therefore been cured or waived) will not be counted.

> YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED

EACH BALLOT FOR PREPETITION SENIOR SECURED CLAIMS AND GENERAL UNSECURED CLAIMS ADVISES HOLDERS THAT, IF THEY DO NOT ELECT TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 12.2 OF THE PLAN, THEY SHALL BE BOUND BY THE THIRD PARTY RELEASES SET FORTH IN SECTION 12.2 OF THE PLAN AND DEEMED TO HAVE FOREVER RELEASED AND WAIVED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.

D.  **Deadline to File and Serve Objections to the Disclosure Statement and Plan**

The Court has conditionally approved the Disclosure Statement as containing adequate information pursuant to 11 U.S.C. § 1125. If you do not agree that the Disclosure Statement contains adequate information, you may file and serve an objection to the Disclosure Statement.

If you oppose confirmation of the Plan under 11 U.S.C. § 1129, you may file and serve an objection to confirmation of the Plan. Please take note of the following:

a.  The deadline to file with the Court and serve any objections to final approval of the Disclosure Statement or to the confirmation of the Plan is May 23, 2022 at 5:00 p.m. (Central Prevailing Time) (the "***Objection Deadline***").

b.  Objections must: (1) be in writing and be filed on the docket of these jointly administered cases; (2) state the name, address and phone number of the objecting party and nature of the claim of such party; (3) state with particularity the basis and nature of any objection; and (4) be filed, together with proof of service, with the Court no later than the Objection Deadline. Any objection not timely filed and

served will be deemed to be waived and to be a consent to the Court's entry of an order confirming the Plan.

E.     **Final Disclosure Statement and Plan Confirmation Hearing**

A hearing on the final approval of the Disclosure Statement and on confirmation of the Plan is set for May 27, 2022 at [●] [●].m. (Central Prevailing Time), before the Honorable Marvin Isgur, United States Courthouse, Courtroom 404, 515 Rusk, Houston, Texas 77002. The hearing may be adjourned and continued without further notice other than announcement in open court or through the filing of a notice or other document on the Court's docket.

You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.

Video communication will be by use of the GoToMeeting platform. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "judgeisgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.

/s/
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
Email: eguffy@lockelord.com
          simon.mayer@lockelord.com

*Attorneys for*
*Agilon Energy Holdings II LLC, et al.*