**Exhibit 3**

**Form of Notice to Non-Voting Creditors and Equity Interest Holders**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC,** *et al.* | § | **Case No. 21-32156 (MI)** |
| | § | |
| **Debtors.**[6] | § | **(Jointly Administered)** |
| | § | |

**NOTICE TO NON-VOTING CREDITORS,**
**EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST**

Agilon Energy Holdings II LLC ("***Agilon***"), Victoria City Power LLC ("***VCP***"), and Victoria Port Power LLC ("***VPP***" and collectively, the "***Debtors***") have filed a Combined Disclosure Statement and Joint Chapter 11 Plan for Agilon Energy Holdings, LLC, et al. (the "***Disclosure Statement***" or "***Plan***" as the case may be).

On April 21, 2022, the Bankruptcy Court conditionally approved the Disclosure Statement as containing adequate information pursuant to 11 U.S.C. § 1125 and authorized the solicitation of votes on the Plan.[7]

You are receiving this notice because either:

(i)     your Claim against one or more of the Debtors is unimpaired (expected to be paid in full) under the Plan and you are deemed to have accepted the Plan;

(ii)    your Equity Interest in one or more of the Debtors is expected to receive nothing under the Plan and you are deemed to have rejected the Plan; or

(iii)   you are entitled to notice as a party-in-interest.

As an unimpaired creditor, equity interest holder, or party-in-interest, you are NOT entitled to vote to accept or reject the Plan pursuant to 11 U.S.C. § 1126.  However, you are receiving this Notice so that you may exercise your right to file an objection to the Disclosure Statement or to

---

[6]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power LLC (4169), Case No. 21-32158. The Debtors' mailing address is:  PO Box 163, Plantersville, Texas 77363.

[7]  *Order (I) Conditionally Approving Disclosure Statement; (II) Fixing the Record Date for Voting; (III) Approving the Plan Solicitation Package and Voting Procedures; (IV) Setting Deadlines to Vote on Plan and to Object to Plan and Disclosure Statement; and (V) Setting Hearing on Final Approval of Disclosure Statement and Plan Confirmation* (the "***Disclosure Statement Order***"). [Docket No. ___].

20

confirmation of the Plan if you chose to make such an objection and/or elect to opt-out of the releases contained in Section 12.2 of the Plan.

You may obtain a copy of the Disclosure Statement, the Plan, or the Disclosure Statement Order through the Bankruptcy Court's PACER System at www.txs.uscourts.gov or on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy. If you wish to have a hard copy of the Disclosure Statement and Plan mailed to you, you must do so by written request to the attorney identified below:

> Agilon Energy Holdings, LLC et al.
> c/o Simon R. Mayer
> Locke Lord LLP
> 600 Travis St., Suite 2800
> Houston, Texas 77002
> Email: simon.mayer@lockelord.com

### Deadline to File and Serve Objections to the Disclosure Statement and Plan

The deadline to file with the Court and serve any objections to final approval of the Disclosure Statement or to the confirmation of the Plan is May 23, 2022 by 5:00 p.m. (Central Prevailing Time).

Objections must: (1) be in writing and be filed on the docket of these jointly administered cases; (2) state the name, address and phone number of the objecting party and nature of the claim of such party; (3) state with particularity the basis and nature of any objection; and (4) be served upon the Debtors, counsel for the Debtors, and the Committee through the Court's CM/ECF system or by personal service on or before the Objection Deadline. Any objection not timely filed and served will be deemed to be waived and to be a consent to the Court's entry of an order confirming the Plan.

### General Releases

THE PLAN CONTAINS A SERIES OF RELEASES. PARTIES SHOULD BE AWARE THAT IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and certain parties will be giving releases and be bound by injunctions as set forth in Section 12.2 and 12.4 of the Plan.

**"*Released Party*" means each of (a) the Debtors; (b) the Estates; (c) the CRO; (d) the DIP Secured Parties; (e) the Prepetition Senior Secured Lenders; (f) the Committee; (g) each of the Committee's members (solely in their capacity as members of the Creditors' Committee) and with respect to each of the foregoing identified in subsections (a) through (g) herein, each of such Entities' respective shareholders, affiliates, subsidiaries, members, current and former officers, current and former directors, employees, managers, agents, attorneys, investment bankers, restructuring advisors, professionals, advisors, and representatives, each in their capacities as such; provided, however, that**

21

the Debtors' non-Debtor affiliates, former officers, former directors, former employees, and former managers shall not be Released Parties.

*__Third party release provisions contained in Section 12.2 of the Plan:__*

**As of the Effective Date and in consideration of the Distributions to be made hereunder and the funding provided by the DIP Secured Parties and the Prepetition Senior Secured Lenders, except as otherwise expressly provided under the Plan, each Releasing Party is deemed to have released and discharged each Released Party from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, actions, causes of action, and liabilities of any kind, whether known or unknown, liquidated or unliquidated, fixed or Contingent, matured or unmatured, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts (including any orders entered in connection therewith), the formulation, preparation, dissemination, negotiation, or filing of this DS/Plan, the Bankruptcy Cases, the filing of the Bankruptcy Cases, the pursuit of confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, indebtedness under which any Debtor is or was a borrower or guarantor, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; provided, however, the foregoing releases shall not release claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence.**

**For the avoidance of any doubt, any Holder of a Claim against, or an Interest in, the Debtors who timely opts out of these releases will not be a Releasing Party. The procedure for opting out of the releases is set forth in the Ballots and Notices of Non-Voting Status that are served on the appropriate Holders.**

**Notwithstanding anything contained herein to the contrary, this release does not release any (a) post-Effective Date obligations of any party under (x) the Plan or (y) any document, instrument or agreement implementing the Plan or (b) continuing contractual obligation owed by any Released Party to or for the benefit of any Debtor or Post-Effective Date Debtor.**

**IMPORTANTLY, ALL HOLDERS OF A CLAIM OR AN INTEREST IN THE DEBTORS WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY,**

> **UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED AND DISCHARGED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN.**

**Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of a Class [___] claim or an Interests in the Debtors and elects **NOT** to release the Released Parties as set forth in Section 12.2 of the Plan.

☐   The undersigned elects not to grant (OPTS OUT OF) the releases set forth in section 12.2 of the Plan.

> **IF YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT THIS NOTICE, YOU WILL CONTINUE TO BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.2 OF THE PLAN**

Dated: _____, 2022

Print or type name:

_____

Signature:

_____

Title:

_____

Address:

_____

_____

_____

**Instructions for Submitting Your Opt-Out Notice**

In order for your Opt-Out Notice to count, this original, signed Notice must be actually received no later than May 23, 2022 by 5:00 p.m. (Central Prevailing Time).  Please submit your Opt-Out Notice by completing, signing, and dating this Notice and returning it (with an original signature) promptly via first class mail, overnight courier, or hand delivery to:

> **Agilon Ballot Processing,**
> **c/o Stretto**
> **410 Exchange, Suite 100**
> **Irvine, CA 92602**

**Final Disclosure Statement and Plan Confirmation Hearing**

A hearing on the final approval of the Disclosure Statement and on confirmation of the Plan is set for May 27, 2022 at [●] [●].m. (Central Prevailing Time) before the Honorable Marvin Isgur, United States Courthouse, Courtroom 404, 515 Rusk, Houston, Texas 77002.  The hearing may be adjourned and continued without further notice other than announcement in open court or through the filing of a notice or other document on the Court's docket.

You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  You will be responsible for your own long-distance charges.  Once connected, you will be asked to enter the conference room number.  Judge Isgur's conference room number is 954554.

Video communication will be by use of the GoToMeeting platform.  To use GoToMeeting, the Court recommends that you download the free GoToMeeting application.  To connect, you should enter the meeting code "judgeisgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.

Once the Plan is confirmed pursuant to 11 U.S.C. § 1129, the terms of the Plan bind the Debtors, any entity issuing securities under the Plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the Plan and whether or not such creditor, equity security holder, or general partner has accepted the Plan. 11 U.S.C. § 1141(a).

Dated: [●], 2022
Houston, Texas.

/s/ _____
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
LOCKE LORD LLP
600 Travis St., Suite 2800
Houston, TX 77002
Telephone:  (713) 226-1200
Facsimile:  (713) 223-3717
Email: eguffy@lockelord.com
            simon.mayer@lockelord.com

**Attorneys for**
**Agilon Energy Holdings II LLC, et al.**