**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC**, *et al.* | § | **Case No. 21-32156 (MI)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II)
FIXING THE RECORD DATE FOR VOTING; (III) APPROVING THE PLAN
SOLICITATION PACKAGE AND VOTING PROCEDURES; (IV) SETTING
DEADLINES TO VOTE ON PLAN AND TO OBJECT TO PLAN AND DISCLOSURE
STATEMENT; AND (V) SETTING HEARING ON FINAL APPROVAL OF
<u>DISCLOSURE STATEMENT AND PLAN CONFIRMATION</u>**
(Related to Docket No. 652)

Having considered the *Motion for Entry of an Order (I) Conditionally Approving
Disclosure Statement; (II) Fixing the Record Date for Voting; (III) Approving the Plan Solicitation
Package and Voting Procedures; (IV) Setting Deadlines to Vote on Plan and to Object to Plan and
Disclosure Statement; and (V) Setting Hearing on Final Approval of Disclosure Statement and
Plan Confirmation* (the "***Motion***") filed by Agilon Energy Holdings II LLC ("***Agilon***"), Victoria
City Power LLC ("***VCP***"), and Victoria Port Power LLC ("***VPP***" and collectively, the "***Debtors***");
and all objections, if any, to the entry of this Order having been resolved or overruled on the merits;
and after due deliberation and consideration and sufficient cause appearing therefor; the Court
having found that (a) jurisdiction over the matters in the Motion is proper pursuant to 28 U.S.C.
§ 1334; (b) this is a core matter under 28 U.S.C. § 157 and this Court has constitutional authority
to enter a final order on the Motion; (c) venue is proper in this Court pursuant to 28 U.S.C. § 1408

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective
Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156;
Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power  LLC (4169), Case No. 21-32158.
The Debtors' mailing address is:  PO Box 163, Plantersville, Texas 77363.

1

and 1409; (d) proper and adequate notice of the Motion has been provided and no further notice is needed; (e) the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties in interest; and (e) good and sufficient cause exists for granting relief requested in the Motion;

**ITS IS THEREFORE ORDERED THAT:**

1.      The Disclosure Statement is hereby conditionally approved as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code without prejudice to any party in interest filing an objection to the Disclosure Statement no later than the Objection Deadline.

2.      The following dates are hereby established (subject to modification, as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan and confirming the Plan (all times Central Prevailing Time):

| Event | Date/Deadline |
|---|---|
| Hearing on Conditional Approval of Disclosure Statement | April 21, 2022 at 11:00 a.m. |
| Voting Record Date | April [●], 2022 |
| Mailing  of Solicitation Packages and Notice to Non-Voting Classes and Interests | April [●], 2022 |
| Plan Supplement Deadline | May [●], 2022 |
| Voting Deadline | May [●], 2022 by 5:00 p.m. |
| Objection Deadline | May [●], 2022 at 5:00 p.m. |
| Voting Report | May [●], 2022 |
| Combined Hearing | [●] [●], 2022 at [●] [●].m. |

3.      The Solicitation Package provides the Holders of Claims and Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, the Local Rules, and the Complex Rules.

2

4.      The *Solicitation Notice* in substantially the form attached hereto as **Exhibit 1,** (ii) the *Ballot* in substantially the form attached hereto as **Exhibit 2,** and (iii) the *Notice to Non-Voting Classes of Claims, Equity Interests and Parties-In-Interest* in substantially the form attached as **Exhibit 3** are approved.

5.      The Debtors' Administrative Advisor, Bankruptcy Management Solutions, Inc., known by its trade name Stretto, is authorized to assist the Debtors with their solicitation and Plan confirmation process.

6.      The Debtors are authorized (but not required) to distribute the Plan, the Disclosure Statement, and the Disclosure Statement Order (excluding exhibits) in PDF format on a jump drive, or via other electronic means, but the original Ballots and the Solicitation Notice shall be provided in paper format.[2]

7.      Except to the extent that the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Debtors shall mail a Non-Voting Status Notice in lieu of Solicitation Packages.

8.      Within two Business Days after the Service Date, the Debtors shall cause to be filed a certificate of service with the Court certifying that the Solicitation Package and the Notice to Non-Voting Classes of Claims, Equity Interests and Parties-In-Interest were mailed to the appropriate parties in interest.

9.      Objections to the Plan may not be considered by this Court unless such objections are timely filed and properly served in accordance with this Order.  Specifically, all objections to

---

[2] The form of Solicitation Notice is also available on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy. Parties requiring a replacement Ballot are directed to contact the Debtors' counsel.

confirmation of the Plan or requests for modifications to the Plan, if any, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (iv) be filed with this Court (contemporaneously with a proof of service) and served upon the Notice Parties.

10.     Completed Ballots to accept or reject the Plan must be received in the manner specified in the Solicitation Notice no later than May [●], 2022 by 5:00 p.m. (Central Prevailing Time) (the "***Voting Deadline***").

11.     The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, the Solicitation Package, and related documents without further order of the Court and to make conforming changes among the Disclosure Statement, the Plan and related documents (including the appendices thereto) where, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation process.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The prevailing are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


_____
Marvin Isgur
United States Bankruptcy Judge

**Exhibit 1**

**Solicitation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC,** *et al.* | § | **Case No. 21-32156 (MI)** |
| | § | |
| Debtors.[3] | § | **(Jointly Administered)** |
| | § | |

### NOTICE OF:

(A)  **DEADLINE TO VOTE TO ACCEPT OR REJECT CHAPTER 11 PLAN;**

(B)  **DEADLINE TO OBJECT TO APPROVAL OF DISCLOSURE STATEMENT;**

(C)  **DEADLINE TO OBJECT TO PLAN CONFIRMATION;**

(D)  **COMBINED HEARING TO CONSIDER FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; AND**

(E)  **RELATED MATTERS AND PROCEDURES.**

**TO HOLDERS OF IMPAIRED CLAIMS AGAINST THE DEBTORS ENTITLED TO VOTE TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN.**

PLEASE TAKE NOTICE OF THE FOLLOWING

### WHAT IS IN THIS PACKAGE

This package contains the following:

This document, which is the Notice of: (A) Deadline to Vote to Accept or Reject the Joint Chapter 11 Plan for Agilon Energy Holdings, LLC, et al. (the "***Plan***"), (B) Deadline to Object to Approval of the Disclosure Statement for the Joint Chapter 11 Plan for Agilon Energy Holdings, LLC, et al. (the "***Disclosure Statement***"), (C) Deadline to Object to Plan Confirmation and Final Approval of

---

[3]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power  LLC (4169), Case No. 21-32158. The Debtors' mailing address is:  PO Box 163, Plantersville, Texas 77363.

the Disclosure Statement, (D) Combined Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Plan, and (E) Related Matters and Procedures (the "***Solicitation Notice***");

    a.    Hard copy materials or a jump drive containing in PDF format:

        (1)    the Combined Plan and Disclosure Statement;

        (2)    the *Order (I) Conditionally Approving Disclosure Statement; (II) Fixing the Record Date for Voting; (III) Approving the Plan Solicitation Package and Voting Procedures; (IV) Setting Deadlines to Vote on Plan and to Object to Plan and Disclosure Statement; and (V) Setting Hearing on Final Approval of Disclosure Statement and Plan Confirmation* (the "***Disclosure Statement Order***");

    b.    A Ballot; and

    c.    a return envelope for the Ballot, addressed to:

        Agilon Ballot Processing,
        c/o Stretto
        410 Exchange, Suite 100
        Irvine, CA 92602

IF THIS PACKAGE DOES NOT CONTAIN THE ABOVE ITEMS, PLEASE CONTACT THE DEBTORS' ATTORNEY IDENTIFIED BELOW.

### **OPTION TO OBTAIN COPIES OF DISCLOSURE STATEMENT AND PLAN**

If you wish to have a hard copy (or an additional hard copy) of the Disclosure Statement and Plan mailed to you, you must do so by written request to the attorneys identified below.

### **Background**

On June 27, 2021 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the chapter 11 cases (the "***Cases***").

On August 2, 2021, the United States Trustee for Region 7 (the "***U.S. Trustee***") appointed an official committee of unsecured creditors (and as may be reconstituted from time to time, the "***Committee***") pursuant to section 1102 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Cases.

On April 8, 2022, Agilon Energy Holdings II LLC ("***Agilon***"), Victoria City Power LLC ("***VCP***"), and Victoria Port Power LLC ("***VPP***" and collectively, the "***Debtors***"), filed their  joint Plan and Disclosure Statement in the above-captioned bankruptcy case. [Docket No. 647].

On April [●], 2022, the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "***Court***") entered the enclosed Disclosure Statement Order. Therein, the Court conditionally approved the Disclosure Statement as containing adequate information pursuant to 11 U.S.C. § 1125.

You are receiving this Solicitation Notice so that you may exercise your right to vote to accept or reject the Plan pursuant to 11 U.S.C. § 1126. You are also receiving this Solicitation Notice so that you may exercise your right to file objections to the Disclosure Statement and to confirmation of the Plan if you chose to make such an objection.

Once the Plan is confirmed pursuant to 11 U.S.C. § 1129, the terms of the Plan bind the Debtors, any entity issuing securities under the Plan, any entity acquiring property under the Plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the Plan and whether or not such creditor, equity security holder, or general partner has accepted the Plan. 11 U.S.C. § 1141(a).

## Key Dates and Deadlines

**A.     Record Date**

In order to be eligible to vote to accept or reject the Plan, you must be a creditor of one or more of the Debtors with a claim in one of the Voting Classes under the Plan as of the date of entry of the Disclosure Statement Order conditionally approving the Disclosure Statement (the "***Record Date***"). The term "claim" means: (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. 11 U.S.C. § 101(5).

**B.     Allowance of Claims for Voting Purposes**

The following rules, standards and protocols for the allowance of each claim against the Debtors apply for voting purposes only (and not for any other purposes):

a.      With respect to a claim identified in the Schedules (as defined in the Plan) as liquidated, non-contingent and undisputed, and for which no proof of claim has been timely filed, the claim amount for voting purposes shall be the amount as identified in the Schedules (the "***Scheduled Amount***").

b.      With respect to a liquidated, non-contingent, undisputed claim as to which proof of claim has been timely filed and as to which no objection has yet been filed, the amount and classification of such claim shall be that specified in such proof of claim, subject to any applicable limitations as set forth below.

c.    With respect to a proof of claim which is the subject of an objection filed at least ten (10) days prior to the Voting Deadline, the claim represented by such proof of claim as applicable, shall be disallowed for voting purposes unless the Court orders otherwise on motion filed by the claimant, so long as the Court determination occurs prior to the conclusion of the Confirmation Hearing.

d.    With respect to a timely filed proof of claim that is unliquidated, contingent and/or disputed in part, the holder of such claim shall be entitled to vote only that portion of the claim that is liquidated, non-contingent and undisputed in the liquidated, non-contingent and undisputed amount, subject to any limitations set forth herein, unless otherwise ordered by the Court.

e.    A holder shall not be entitled to vote a claim to the extent such claim duplicates or has been superseded by another claim of such holder.

f.    If a claim for which a proof of claim has been timely filed is asserted for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.  If the applicable bar date has not occurred and a claim is listed in the Schedules as wholly unliquidated and/or contingent, it shall be accorded one vote valued at $1 for purposes of Section 1126(c) of the Bankruptcy Code (the "***One Vote, One Dollar Procedure***"), unless the Court orders otherwise on timely motion filed by the claimant, so long as the Court determination occurs prior to the conclusion of the Confirmation Hearing.

g.    With respect to a proof of claim that is the subject of an objection solely to the classification asserted in the proof of claim, such claim shall be allowed provisionally for voting purposes in the amount asserted in the claim and in the classification to which the objection seeks to re-classify said claim, unless the Court orders otherwise on motion filed by the claimant.

h.    With respect to a claim which has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification of such claim shall be that set by the Court.

**C.    Deadline to Vote and Voting Procedures**

Enclosed you will find a Ballot which you may use to cast your vote to accept or reject the Plan.  The following voting procedures apply:

i.    For the purpose of voting on the Plan, any Ballot must be timely delivered and received by the Voting Deadline via first class mail, overnight carrier, and hand delivery to:

Agilon Ballot Processing,
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

or by submitting such Ballot using Stretto's e-ballot platform at https://balloting.stretto.com.

ii.      Any Ballot received after the Voting Deadline shall not be counted, unless the Court orders otherwise.

iii.     Whenever a holder of a claim submits more than one Ballot voting the same claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

iv.      Creditors must vote all of their claims within a particular Plan class either to accept or reject the Plan and may not split their vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan or that does not indicate an acceptance or a rejection of the Plan will not be counted.  In addition, votes to accept or reject the Plan must be unequivocal and not conditional or qualified in any way.

v.       The voter must complete each section of the Ballot, including, without limitation, (i) certifying the amount of its Claim, (ii) voting to accept or reject the Plan, (iii) completing the requested identification information, and (iv) signing and dating the Ballot with an original signature if being submitted by first class mail, overnight courier or hand delivery or by electronically signing the Ballot if submitted using https://balloting.stretto.com.

vi.      If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, such persons should indicate such capacity when signing and, unless otherwise determined by the Debtors, must submit proper evidence satisfactory to the Debtors to so act on behalf for the beneficial interest holder.

vii.     Ballots will not be counted if they are unsigned.  Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature

viii.    All votes must be cast using the Ballots distributed to the holders of claims. Votes cast in any manner other than by using such ballots will not be counted.

ix.      Any holder of a claim in an impaired class who has delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

x.       Subject to any contrary order of the Bankruptcy Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of

which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of the Bankruptcy Code.  Subject to contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, unless otherwise directed by the Bankruptcy Court.  The Debtors' interpretation of the terms and conditions of the Plan (including the Ballot and the voting instructions), shall be final and binding on all parties, unless otherwise directed by the Court.  Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liability for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not therefore been cured or waived) will not be counted.

---

YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED

---

EACH BALLOT FOR PREPETITION SENIOR SECURED CLAIMS AND GENERAL UNSECURED CLAIMS ADVISES HOLDERS THAT, IF THEY DO NOT ELECT TO OPT OUT OF THE RELEASE PROVISIONS CONTAINED IN SECTION 12.2 OF THE PLAN, THEY SHALL BE BOUND BY THE THIRD PARTY RELEASES SET FORTH IN SECTION 12.2 OF THE PLAN AND DEEMED TO HAVE FOREVER RELEASED AND WAIVED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.

**D.      Deadline to File and Serve Objections to the Disclosure Statement and Plan**

The Court has conditionally approved the Disclosure Statement as containing adequate information pursuant to 11 U.S.C. § 1125.  If you do not agree that the Disclosure Statement contains adequate information, you may file and serve an objection to the Disclosure Statement.

If you oppose confirmation of the Plan under 11 U.S.C. § 1129, you may file and serve an objection to confirmation of the Plan.  Please take note of the following:

a.      The deadline to file with the Court and serve any objections to final approval of the Disclosure Statement or to the confirmation of the Plan is May [●], 2022 at 5:00 p.m. (Central Prevailing Time) (the "*Objection Deadline*").

b.      Objections must: (1) be in writing and be filed on the docket of these jointly administered cases; (2) state the name, address and phone number of the objecting party and nature of the claim of such party; (3) state with particularity the basis and nature of any objection; and (4) be filed, together with proof of service, with the Court no later than the Objection Deadline.  Any objection not timely filed and

served will be deemed to be waived and to be a consent to the Court's entry of an order confirming the Plan.

**E.      Final Disclosure Statement and Plan Confirmation Hearing**

A hearing on the final approval of the Disclosure Statement and on confirmation of the Plan is set for [●] [●], 2022 at [●] [●].m. (Central Prevailing Time), before the Honorable Marvin Isgur, United States Courthouse, Courtroom 404, 515 Rusk, Houston, Texas 77002.  The hearing may be adjourned and continued without further notice other than announcement in open court or through the filing of a notice or other document on the Court's docket.

You may participate in the hearing either in person or by an audio and video connection.  Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  You will be responsible for your own long-distance charges.  Once connected, you will be asked to enter the conference room number.  Judge Isgur's conference room number is 954554.

Video communication will be by use of the GoToMeeting platform.  To use GoToMeeting, the Court recommends that you download the free GoToMeeting application.  To connect, you should enter the meeting code "judgeisgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.

/s/_____
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone:  (713) 226-1200
Facsimile:  (713) 223-3717
Email: eguffy@lockelord.com
          simon.mayer@lockelord.com

*Attorneys for*
*Agilon Energy Holdings II LLC, et al.*

**Exhibit 2**

**Form of Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § | Case No. 21-32156 (MI) |
| | § | |
| Debtors.[4] | § | (Jointly Administered) |
| | § | |

## CLASS [    ] BALLOT

Agilon Energy Holdings II LLC ("***Agilon***"), Victoria City Power LLC ("***VCP***"), and Victoria Port Power LLC ("***VPP***" and collectively, the "***Debtors***") have filed a Combined Disclosure Statement and Joint Chapter 11 Plan for Agilon Energy Holdings, LLC, et al. (the "***Disclosure Statement***" or "***Plan***" as the case may be).

The Court has conditionally approved the Disclosure Statement, which provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  You may obtain a copy of these documents by written request to Simon R. Mayer, Locke Lord LLP, 600 Travis Street, Suite 2800, Houston, Texas 77002, telephone (713) 226-1507; facsimile: (713) 229-2675, email: simon.mayer@lockelord.com or on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy.

**You should review the Disclosure Statement and Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

The Debtors' records indicate that you may have a Claim against one or more of the Debtors which has been categorized in the Class indicated above under the Plan.  If you hold a claim against more than one Debtor or in more than one class, you will receive a Ballot for each claim that you are entitled to vote.

---

[4]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power  LLC (4169), Case No. 21-32158. The Debtors' mailing address is:  PO Box 163, Plantersville, Texas 77363.

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class [___] claim against the Debtors in the unpaid amount in United States Dollars of $ _____:[5]

(Check one box only)

[   ] ACCEPTS THE PLAN                          [   ] REJECTS THE PLAN

## GENERAL RELEASES

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and certain parties will be giving releases and be bound by injunctions as set forth in Section 12.2 and 12.4 of the Plan.  You should note that a party that votes in favor of the Plan and does not opt out of the releases will become a Released Party.

"*Released Party*" means each of (a) the Debtors; (b) their Estates; (c) the CRO; (d) the DIP Secured Parties; (e) the Prepetition Senior Secured Parties; and (f) Holders of a Claim that are eligible to vote to accept or reject the Plan who both vote to accept the Plan and do not opt out of the releases, and, (g) solely to the extent of their participation in transactions with the Debtors or in these Chapter 11 Cases, the agents, employees, and professionals of each Released Party, solely in their capacities as such; *provided, however*, that the Debtors' non-Debtor affiliates, former officers, former directors, former employees, former members, and former managers shall not be Released Parties. The consideration for each release is set forth in section 4.3 of the Plan.

*Third party release provisions contained in Section 12.2 of the Plan:*

As of the Effective Date and in consideration of the Distributions to be made hereunder, the mutual releases granted hereunder, and the funding provided by the DIP Secured Parties and the Prepetition Senior Secured Lenders, except as otherwise expressly provided under the Plan, each Releasing Party is deemed to have released and discharged each Released Party from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, actions, causes of action, and liabilities of any kind, whether known or unknown, liquidated or unliquidated, fixed or Contingent, matured or unmatured, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts (including any orders entered in connection therewith),

---

[5]   For voting purposes only, subject to tabulation rules.

the formulation, preparation, dissemination, negotiation, or filing of this DS/Plan, the Bankruptcy Cases, the filing of the Bankruptcy Cases, the pursuit of confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, indebtedness under which any Debtor is or was a borrower or guarantor, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided, however*, the foregoing releases shall not release claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence.

For the avoidance of any doubt, any Holder of a Claim against, or an Interest in, the Debtors who timely opts out of these releases will not be a Releasing Party. The procedure for opting out of the releases is set forth in the Ballots and Notices of Non-Voting Status that are served on the appropriate Holders.

Notwithstanding anything contained herein to the contrary, this release does not release any (a) post-Effective Date obligations of any party under (x) the Plan or (y) any document, instrument or agreement implementing the Plan or (b) continuing contractual obligation owed by any Released Party to or for the benefit of any Debtor or Post-Effective Date Debtor.  This release also does not release the Debtors' non-Debtor affiliates, former officers, former directors, former employees, former members, and former managers, regardless of their election as to the Plan's opt-out provisions.

*<u>Injunction provisions contained in Section 12.4 of the Plan:</u>*

THE CONFIRMATION ORDER SHALL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY, OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, OR LIABILITIES RELEASED PURSUANT TO THE PLAN, INCLUDING THE CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, AND LIABILITIES RELEASED OR EXCULPATED IN THE PLAN OR THE CONFIRMATION ORDER.

IMPORTANTLY, ALL HOLDERS OF ALLOWED CLAIMS THAT ARE ELIGIBLE TO VOTE ON THE PLAN AND WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED AND DISCHARGED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN.

**Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of a Class [___] claim and elects **NOT** to release the Released Parties as set forth in Section 12.2 of the Plan.

☐     The undersigned elects not to grant (OPTS OUT OF) the releases set forth in section 12.2 of the Plan.

---

**IF YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT YOUR BALLOT, YOU WILL CONTINUE TO BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.2 OF THE PLAN**

---

Dated: _____, 2022

Print or type name:

_____

Signature:

_____

Title:

_____

Address:

_____

_____

_____


**Instructions for Submitting Your Ballot**

In order for your vote on the Plan to count, this original, signed Ballot must be actually received no later than May [●], 2022 by 5:00 p.m. (Central Prevailing Time) (the "***Voting Deadline***").  Please submit your Ballot by one of the following two methods:

**OPTION 1 – Via Paper Ballot.**

Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:

        **Agilon Ballot Processing,**
        **c/o Stretto**

**410 Exchange, Suite 100**
**Irvine, CA 92602**


**OPTION 2 – Via E-Ballot Portal.**

If Submitting Your Vote through the Electronic Balloting Portal, Stretto will accept Ballots if properly completed through the Electronic Balloting Portal. To submit your Ballot via Stretto's online portal, please visit http://cases.stretto.com/agilonenergy. Click on the "File a Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following unique password in order to retrieve and submit your customized electronic Ballot.

Unique Ballot Password: _____

Stretto's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted via facsimile, email or other means of electronic transmission will not be counted.  Each Password is to be used solely for the Claim described in Item 1 of your electronic Ballot. Creditors who cast a Ballot usingStretto's online portal should NOT also submit a hardcopy Ballot.

Any Ballot received after the Voting Deadline shall not be counted, unless the Court orders otherwise.  Ballots will not be counted if they are unsigned.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**Exhibit 3**

**Form of Notice to Non-Voting Creditors and Equity Interest Holders**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **AGILON ENERGY HOLDINGS II LLC,** *et al.* | § | **Case No. 21-32156 (MI)** |
| | § | |
| **Debtors.**[6] | § | **(Jointly Administered)** |
| | § | |

**NOTICE TO NON-VOTING CREDITORS,
EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST**

Agilon Energy Holdings II LLC ("***Agilon***"), Victoria City Power LLC ("***VCP***"), and Victoria Port Power LLC ("***VPP***" and collectively, the "***Debtors***") have filed a Combined Disclosure Statement and Joint Chapter 11 Plan for Agilon Energy Holdings, LLC, et al. (the "***Disclosure Statement***" or "***Plan***" as the case may be).

On April 21, 2022, the Bankruptcy Court conditionally approved the Disclosure Statement as containing adequate information pursuant to 11 U.S.C. § 1125 and authorized the solicitation of votes on the Plan.[7]

You are receiving this notice because either:

(i)     your Claim against one or more of the Debtors is unimpaired (expected to be paid in full) under the Plan and you are deemed to have accepted the Plan;

(ii)    your Equity Interest in one or more of the Debtors is expected to receive nothing under the Plan and you are deemed to have rejected the Plan; or

(iii)   you are entitled to notice as a party-in-interest.

As an unimpaired creditor, equity interest holder, or party-in-interest, you are NOT entitled to vote to accept or reject the Plan pursuant to 11 U.S.C. § 1126.  However, you are receiving this Notice so that you may exercise your right to file an objection to the Disclosure Statement or to

---

[6] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power  LLC (4169), Case No. 21-32158. The Debtors' mailing address is:  PO Box 163, Plantersville, Texas 77363.

[7] *Order (I) Conditionally Approving Disclosure Statement; (II) Fixing the Record Date for Voting; (III) Approving the Plan Solicitation Package and Voting Procedures; (IV) Setting Deadlines to Vote on Plan and to Object to Plan and Disclosure Statement; and (V) Setting Hearing on Final Approval of Disclosure Statement and Plan Confirmation* (the "***Disclosure Statement Order***"). [Docket No. ___].

confirmation of the Plan if you chose to make such an objection and/or elect to opt-out of the releases contained in Section 12.2 of the Plan.

You may obtain a copy of the Disclosure Statement, the Plan, or the Disclosure Statement Order through the Bankruptcy Court's PACER System at www.txs.uscourts.gov or on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy.  If you wish to have a hard copy of the Disclosure Statement and Plan mailed to you, you must do so by written request to the attorney identified below:

> Agilon Energy Holdings, LLC et al.
> c/o Simon R. Mayer
> Locke Lord LLP
> 600 Travis St., Suite 2800
> Houston, Texas 77002
> Email: simon.mayer@lockelord.com

**Deadline to File and Serve Objections to the Disclosure Statement and Plan**

The deadline to file with the Court and serve any objections to final approval of the Disclosure Statement or to the confirmation of the Plan is May [●], 2022 by 5:00 p.m. (Central Prevailing Time).

Objections must: (1) be in writing and be filed on the docket of these jointly administered cases; (2) state the name, address and phone number of the objecting party and nature of the claim of such party; (3) state with particularity the basis and nature of any objection; and (4) be served upon the Debtors, counsel for the Debtors, and the Committee through the Court's CM/ECF system or by personal service on or before the Objection Deadline.  Any objection not timely filed and served will be deemed to be waived and to be a consent to the Court's entry of an order confirming the Plan.

**General Releases**

THE PLAN CONTAINS A SERIES OF RELEASES.  PARTIES SHOULD BE AWARE THAT IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in the Plan and as reproduced below, will be receiving releases and certain parties will be giving releases and be bound by injunctions as set forth in Section 12.2 and 12.4 of the Plan.

**"*Released Party*" means each of (a) the Debtors; (b) their Estates; (c) the CRO; (d) the DIP Secured Parties; (e) the Prepetition Senior Secured Parties; and (f) Holders of a Claim that are eligible to vote to accept or reject the Plan who both vote to accept the Plan and do not opt out of the releases, and, (g) solely to the extent of their participation in transactions with the Debtors or in these Chapter 11 Cases, the agents, employees, and professionals of each Released Party, solely in their capacities as such; *provided, however*, that the Debtors' non-Debtor affiliates, former officers, former directors, former employees,**

21

**former members, and former managers shall not be Released Parties. The consideration for each release is set forth in section 4.3 of the Plan.**

**<u>*Third party release provisions contained in Section 12.2 of the Plan:*</u>**

**As of the Effective Date and in consideration of the Distributions to be made hereunder, the mutual releases granted hereunder, and the funding provided by the DIP Secured Parties and the Prepetition Senior Secured Lenders, except as otherwise expressly provided under the Plan, each Releasing Party is deemed to have released and discharged each Released Party from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, actions, causes of action, and liabilities of any kind, whether known or unknown, liquidated or unliquidated, fixed or Contingent, matured or unmatured, foreseen or unforeseen, then-existing or thereafter arising, at law, in equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring efforts (including any orders entered in connection therewith), the formulation, preparation, dissemination, negotiation, or filing of this DS/Plan, the Bankruptcy Cases, the filing of the Bankruptcy Cases, the pursuit of confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, indebtedness under which any Debtor is or was a borrower or guarantor, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided, however*, the foregoing releases shall not release claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence.**

**For the avoidance of any doubt, any Holder of a Claim against, or an Interest in, the Debtors who timely opts out of these releases will not be a Releasing Party. The procedure for opting out of the releases is set forth in the Ballots and Notices of Non-Voting Status that are served on the appropriate Holders.**

**Notwithstanding anything contained herein to the contrary, this release does not release any (a) post-Effective Date obligations of any party under (x) the Plan or (y) any document, instrument or agreement implementing the Plan or (b) continuing contractual obligation owed by any Released Party to or for the benefit of any Debtor or Post-Effective Date Debtor. This release also does not release the Debtors' non-Debtor affiliates, former officers, former directors, former employees, former members, and former managers, regardless of their election as to the Plan's opt-out provisions.**

*__Injunction provisions contained in Section 12.4 of the Plan:__*

**THE CONFIRMATION ORDER SHALL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY, OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, OR LIABILITIES RELEASED PURSUANT TO THE PLAN, INCLUDING THE CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, AND LIABILITIES RELEASED OR EXCULPATED IN THE PLAN OR THE CONFIRMATION ORDER.**

---

**IMPORTANTLY, ALL HOLDERS OF A CLAIM OR AN INTEREST IN THE DEBTORS WHO DO NOT VALIDLY OPT OUT OF OR FILE AN OBJECTION TO THE THIRD PARTY RELEASES CONTAINED IN THE PLAN BY THE PLAN OBJECTION DEADLINE WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY RELEASED AND DISCHARGED ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES PURSUANT TO THE TERMS OF THE PLAN.**

---

**Opt-Out Election (See box immediately above).**

By checking the box below, the undersigned Claimant is the holder of a Class [___] claim or an Interests in the Debtors and elects **NOT** to release the Released Parties as set forth in Section 12.2 of the Plan.

☐    The undersigned elects not to grant (OPTS OUT OF) the releases set forth in section 12.2 of the Plan.

---

**IF YOU DO NOT CHECK THE "OPT-OUT" BOX IMMEDIATELY ABOVE AND TIMELY SUBMIT THIS NOTICE, YOU WILL CONTINUE TO BE DEEMED TO CONSENT TO THE RELEASE OF THE RELEASED PARTIES SET FORTH IN SECTION 12.2 OF THE PLAN**

---

Dated: _____, 2022

Print or type name:

_____

Signature:

_____

Title:

_____

Address:

_____

_____

_____

**Instructions for Submitting Your Opt-Out Notice**

In order for your Opt-Out Notice to count, this original, signed Notice must be actually received no later than May [●], 2022 by 5:00 p.m. (Central Prevailing Time).  Please submit your Opt-Out Notice by completing, signing, and dating this Notice and returning it (with an original signature) promptly via first class mail, overnight courier, or hand delivery to:

> **Agilon Ballot Processing,**
> **c/o Stretto**
> **410 Exchange, Suite 100**
> **Irvine, CA 92602**

**Final Disclosure Statement and Plan Confirmation Hearing**

A hearing on the final approval of the Disclosure Statement and on confirmation of the Plan is set for [●] [●], 2022 at [●] [●].m. (Central Prevailing Time) before the Honorable Marvin Isgur, United States Courthouse, Courtroom 404, 515 Rusk, Houston, Texas 77002.  The hearing may be adjourned and continued without further notice other than announcement in open court or through the filing of a notice or other document on the Court's docket.

You may participate in the hearing either in person or by an audio and video connection.  Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  You will be responsible for your own long-distance charges.  Once connected, you will be asked to enter the conference room number.  Judge Isgur's conference room number is 954554.

Video communication will be by use of the GoToMeeting platform.  To use GoToMeeting, the Court recommends that you download the free GoToMeeting application.  To connect, you should enter the meeting code "judgeisgur" in the GoToMeeting app or click the link on Judge Isgur's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.

Once the Plan is confirmed pursuant to 11 U.S.C. § 1129, the terms of the Plan bind the Debtors, any entity issuing securities under the Plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the Plan and whether or not such creditor, equity security holder, or general partner has accepted the Plan. 11 U.S.C. § 1141(a).

Dated: [●], 2022
Houston, Texas.

/s/_____
Elizabeth M. Guffy
Texas Bar No. 08592525
Simon R. Mayer
Texas Bar No. 24060243
LOCKE LORD LLP
600 Travis St., Suite 2800
Houston, TX 77002
Telephone:  (713) 226-1200
Facsimile:  (713) 223-3717
Email:  eguffy@lockelord.com
         simon.mayer@lockelord.com

***Attorneys for***
***Agilon Energy Holdings II LLC, et al.***