IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AGILON ENERGY HOLDINGS II LLC, *et al.* | § § | Case No. 21-32156 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DEBTORS'** *EMERGENCY* **MOTION FOR DATES RELATED TO
SOLICITATION AND CONFIRMATION OF THE DEBTORS'
COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN
OF AGILON ENERGY HOLDINGS II, LLC,** *ET AL.*

> **Emergency relief has been requested. Relief is requested not later than 12:00 p.m. (CPT) on April 27, 2022.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

To the Honorable Marvin Isgur,
United States Bankruptcy Judge:

Agilon Energy Holdings II LLC ("***Agilon***"), Victoria City Power LLC ("***VCP***"), and Victoria Port Power LLC ("***VPP***" and collectively, the "***Debtors***") hereby file this *Emergency Motion for Dates Related to Solicitation and Confirmation of the Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Agilon Energy Holdings II, LLC , et al.* (the "***Motion***"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389), Case No. 21-32156; Victoria Port Power LLC (4894), Case No. 21-32157; and Victoria City Power LLC (4169), Case No. 21-32158. The Debtors' mailing address is: PO Box 163, Plantersville, Texas 77363.

1

**Motion**

1. On April 13, 2022, the Debtors filed their *Emergency Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement; (II) Fixing the Record Date for Voting; (III) Approving the Plan Solicitation Package and Voting Procedures; (IV) Setting Deadlines to Vote on Plan and to Object to Plan and Disclosure Statement; and (V) Setting Hearing on Final Approval of Disclosure Statement and Plan Confirmation* [Docket No. 652] (the "***Disclosure Statement Motion***").

2. The Disclosure Statement Motion was set for hearing on April 21, 2022.

3. When calculating the solicitation, voting and objection deadlines requested in the Disclosure Statement Motion, the Debtors used April 21, 2022 (the date of the hearing on the Disclosure Statement Motion) as the date it was anticipated the order approving the motion would be entered.

4. Prior to the hearing, the Official Committee of Unsecured Creditors (the "***Committee***") raised a number of objections to the Plan, including certain objections related to whether the disclosure statement portion of the Plan provided adequate information pursuant to 1125(a)(1).

5. At the April 21, 2022 hearing, the Court ordered the Debtors to make certain clarifications and amendments to the Plan to resolve the Committee's adequate information objections and ordered the Debtors to file an amended Plan by April 25, 2022.

6. On April 25, 2022, the Debtors filed an amended Plan [Docket No. 691] (the "***Amended Plan***"). Additionally, the Debtors filed a new proposed order for the Disclosure Statement Motion [Docket No. 693] (the "***Proposed Order***").

7.      After the filing of the Amended Plan, the Committee confirmed that it had "no further comments to the Disclosure Statement itself." [Docket No. 694 ¶ 1].

8.      Based on the Committee's comments, the Debtors anticipate the Court will enter the order granting the Disclosure Statement Motion on April 26, 2022 or April 27, 2022.

9.      Stretto, the Debtors service agent for solicitation purposes, has informed the Debtors that that it requires two (2) business days from the date the Disclosure Statement Motion is granted to complete mailing of the Solicitation Packages.[2]

10.     Given the five day difference between the April 21, 2022 hearing date and the anticipated order entry date, April 26, 2022, the solicitation, voting and objection deadlines must be recalculated in order to comply with the Bankruptcy Rules and Stretto's service requirements.

11.     For the convenience of the Court and parties in interest, the Debtors, anticipating the Proposed Order will be entered on April 26, 2022 or April 27, 2022, propose the following key dates be entered on the Proposed Order (all time Central Prevailing Time):

| Event | Date/Deadline |
| --- | --- |
| Voting Record Date | April 27, 2022 |
| Mailing of Solicitation Packages and Notice to Non-Voting Classes and Interests | April 29, 2022 |
| Plan Supplement Deadline | May 13, 2022 |
| Voting Deadline | May 27, 2022 by 5:00 p.m. |
| Objection Deadline | May 27, 2022 at 5:00 p.m. |
| Voting Report | May 31, 2022 |

12.     Moreover, due to certain scheduling conflicts explained in more detail below, the Debtors and the Committee have been unable to agree to a date for the confirmation hearing on the Plan.

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Disclosure Statement Motion.

13. The Committee informed the Debtors on Monday that both Mr. Pomerantz and Mr. Kharasch will be out of town beginning on May 29, 2022; with Mr. Pomerantz returning on June 12th, and Mr. Kharasch returning sometime later. To accommodate their schedules, the Committee's counsel has requested that the confirmation hearing be set for either May 25, 2022 or May 26, 2022 or after June 20, 2022. [*See* Docket No. 694 ¶ 4].

14. This request creates several problems for the Debtors. First, having the hearing on May 25, 2022 or 26, 200 would require a significant shortening of the statutory time period for voting. *See* FED. R. BANKR. P. 2002(b). Although the Debtors do not oppose the shortening of this time period, they do not believe that they have a sufficient basis for requesting the Court to do so. Second, if the hearing were put off until the week of June 20, 2022, the Debtors' lead counsel will be out of town. Finally, and most importantly, the Debtors have serious concerns as to whether they will continue to have permission to use cash collateral if the confirmation date occurs late in June, almost two months after the expiration of the current cash collateral budget.

15. **The Debtors request that the Court set the confirmation hearing on the Debtors' Plan for June 2, 2022.** The Debtors believe that obtaining confirmation of their Plan as soon as possible is important to the Plan's success. Their cash position is being further depleted the longer these cases continue, and there is no funding to spend an additional month in Chapter 11.

16. The Debtors are mindful of the fact that setting the confirmation hearing in Mr. Pomerantz's absence is not ideal. However, Mr. Pomerantz's partner, Mr. Warner, has been extremely active in these cases and presumably would be available during Mr. Pomerantz's absence. And, given the hybrid nature of the Court's hearings, Mr. Pomerantz may well be able to participate remotely in tandem with Mr. Warner.

17. The Debtors will continue to work with the Committee to find a solution to this scheduling problem, but the Court should note that the Committee has advised that it opposes the setting of the confirmation hearing during the time period from May 29, 2022 through June 13, 2022.

### Necessity for Emergency Consideration

18. Emergency consideration is warranted so that the hearing date may be set this week in order to permit notice to be provided to creditors in connection with the solicitation of votes on the Debtors' Plan. . **In order to have the confirmation hearing prior to the expiration of May or in early June and satisfy Bankruptcy Rule 2002(b), the Debtors request consideration of this Motion no later than 12:00 p.m. on April 27, 2022.**

### Notice

19. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002; (iii) counsel for the Committee; (iv) counsel for and the members of any other committees appointed by this Court; (v) counsel for the Debtors' Prepetition Senior Secured Lenders; (vi) the consolidated thirty (30) largest unsecured creditors of the Debtors; (vii) governmental agencies having a regulatory or statutory interest in these cases; and (viii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). A copy of this Motion is also available on the website of the Debtors' notice and claims agent at http://cases.stretto.com/agilonenergy. In light of the nature of the relief requested, and the exigent circumstances of these Cases, the Debtors submit that no further notice is necessary.

## Conclusion

The Debtors respectfully request that the Court grant the relief requested herein and such other relief as the Court finds appropriate and deems just and proper.

>  /s/ Simon R. Mayer
> Elizabeth M. Guffy
> Texas Bar No. 08592525
> Simon R. Mayer
> Texas Bar No. 24060243
> **LOCKE LORD LLP**
> 600 Travis St., Suite 2800
> Houston, TX 77002
> Telephone:  (713) 226-1200
> Facsimile:  (713) 223-3717
> Email: eguffy@lockelord.com
>              simon.mayer@lockelord.com
>
> ***Attorneys for***
> ***Agilon Energy Holdings II LLC, et al.***

## Rule 9013-1(i) Certificate

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

> /s/ Simon R. Mayer
> Simon R. Mayer

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing pleading was served electronically through the Court's ECF system on April 26, 2022, on all parties registered for electronic service.

> /s/ Simon R. Mayer
> Simon R. Mayer