**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

--------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11**
                                            :
**AGILON ENERGY HOLDINGS II LLC, *et al.*,[1]** :   **Case No. 21-32156 (MI)**
                                            :
                                            :          **Jointly Administered**
              **Debtors.**                  :
--------------------------------------------------------------x

**COVERSHEET TO FOURTH INTERIM AND FINAL FEE APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AS COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM AUGUST 11, 2021 THROUGH JUNE 14, 2022**

| | |
|---|---|
| **Name of Applicant:** | Pachulski Stang Ziehl & Jones LLP |
| **Applicant's Role in Case:** | Counsel to the Official Committee of Unsecured Creditors |
| **Docket No. of Employment Order(s):** | Docket No. 537, effective July 27, 2021 |
| **Interim Application (   )   No. _____** <br> **Final Application    ( X )** | Final Application |

| | **Beginning Date** | **End Date** |
|---|---|---|
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 04/01/2022 | 06/14/2022 |

| |
|---|
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? (  Y  ) Y/N** |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (  Y  ) Y/N** |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (  Y  ) Y/N** |

---

[1] The debtors and debtors in possession these chapter 11 cases (the "Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("Agilon"), Case No. 21-32156; Victoria Port Power LLC (4894) ("VPP"), Case No. 21-32157; and Victoria City Power LLC (4169) ("VCP" and together with Agilon and CPP, the "Debtors"). The Debtors' mailing address is: 5850 San Felipe, Ste. 601, Houston, Texas 77057.

| Do expense reimbursements represent actual and necessary expenses incurred? (  Y  ) Y/N | |
|---|---|
| **Compensation Breakdown for Time Period Covered by this Application** | |
| **Total professional fees requested in this Application:** | $1,310,428.00 |
| **Total professional hours covered by this Application:** | 1,103.8 |
| **Average hourly rate for professionals:** | $1,187.20 |
| **Total paraprofessional fees requested in this Application:** | $68,071.50 |
| **Total paraprofessional hours covered by this Application:** | 143.7 |
| **Average hourly rate for paraprofessionals:** | $473.71 |
| **Total fees requested in this Application:** | $1,364,212.75 |
| **Total expense reimbursements requested in this Application:** | $7,399.72 |
| **Total fees and expenses requested in this Application:** | $1,371,612.47 |
| **Total fees and expenses awarded in all prior Applications:** | $938,387.99 |

**Plan Status:** On June 7, 2022, the Court entered an Order [Docket No. 801] confirming the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Agilon Energy Holdings II, LLC, et al* [Docket No. 784], which went effective on June 14, 2022.  *See* Docket No. 808.

**Primary Benefits:**. The Committee, advised by PSZJ, worked cooperatively and productively with the Debtor and Secured Lender throughout this case on a variety of matters including debtor in possession financing and efforts to sell the Debtor's assets as a going concern.  As a result of the collaborative effort the auction was very successful and the Debtor consummated a sale transaction on terms very favorable to the Debtors and the Secured Lender.  Thereafter, the Committee was initially not able to reach agreement with the Debtors and Secured Lender regarding an appropriate exit strategy for the case.  After the Committee filed a motion to convert or dismiss the case the parties were able to reach agreement on plan terms which provide some seed money for a litigation trust and a potential that there could be a distribution to general unsecured creditors.

Dated: July 28, 2022        Respectfully submitted,

By:  */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Email: mwarner@pszjlaw.com

-and-

2

Jeffrey N. Pomerantz, Esq. (Admitted *Pro Hac Vice*)
Ira D. Kharasch (Admitted *Pro Hac Vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email: jpomerantz@pszjlaw.com
Email: ikharasch@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11**
                                                    :
**AGILON ENERGY HOLDINGS II LLC**, *et al.*[2], :        **Case No. 21-32156 (MI)**
                                                    :
                                                    :        **Jointly Administered**
            **Debtors.**                            :
---------------------------------------------------------------x

**FOURTH INTERIM AND FINAL FEE APPLICATION OF PACHULSKI**
**STANG ZIEHL & JONES LLP FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR THE PERIOD FROM**
**AUGUST 11, 2021 THROUGH JUNE 14, 2022**

---

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN THIRTY DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), hereby files this application (the "**Application**") seeking (i) the interim allowance of compensation for services rendered and necessary expenses for the period from April 1, 2022 through June 14, 2022 (the "**Fourth Application Period**"), and [why are we seeking interim allowance of amounts in the final fee period?  We are seeking final allowance; just seems odd to state it like this] (ii) the allowance on a final basis of compensation for services rendered and necessary expenses for the period from August 11, 2021 through June

---

[2] The debtors and debtors in possession these chapter 11 cases (the "Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("Agilon"), Case No. 21-32156; Victoria Port Power LLC (4894) ("VPP"), Case No. 21-32157; and Victoria City Power LLC (4169) ("VCP" and together with Agilon and CPP, the "Debtors"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste. 601, Houston, Texas 77057.

14, 2022 (the "**Final Application Period**"), pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No.144] (the "**Interim Compensation Order**").  For the Fourth Interim Application Period, PSZJ seeks the allowance of $431,531.50 as fees for services rendered and $1,692.98 as reimbursement of expenses incurred.  In addition, for the Final Application Period, PSZJ seeks the final allowance of $1,364,212.75[3] as fees for services rendered and $7,399.72 as reimbursement of expenses incurred, which amounts include those sought for the Fourth Application Period.  In support of this Application, PSZJ submits the Declaration of Michael D. Warner (the "**Warner Declaration**") attached hereto as **Exhibit 1** and a proposed order granting the Application attached hereto as **Exhibit 2**.  In further support of this Application, PSZJ respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] For the final amount of fees incorporates PSZJ's voluntary $14,286.75 fee reduction, which was incorporated into the Order approving Third Interim Fee Application (defined below). *See* Docket Nos. 713 and 773.

## BACKGROUND

### A.        Background

3.        On July 27, 2021 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.        On July 30, 2021, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  *See* Docket No. 81. As of the Effective Date (defined below), the Committee consisted of the following two members: (i) Baker Hughes Company; and (ii) Saber Power Services, LLC.

5.        On June 7, 2022, the Court entered the *Findings of Fact, Conclusions of Law and Order Approving Third Amended Combined Disclosure Statement on a Final Basis and Confirming Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Agilon Energy Holdings II, LLC, et al.* [Docket No. 801] (the "**Confirmation Order**"). The Confirmation Order confirmed the *Third Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Agilon Energy Holdings II, LLC, et al.* [Docket No. 784] (the "**Combined Plan**") and approved the Disclosure Statement therein on a final basis.

6.        On June 15, 2022 (the "**Effective Date**"), the Debtors filed the *Notice of Occurrence of Plan Effective Date* [Docket No. 808] (the "**Notice of Effective Date**"), setting forth that, *inter alia*, the Effective Date of the Combined Plan occurred on June 14, 2022.

7.      The Combined Plan requires that all final applications for Professional Fee Claims (as defined in the Combined Plan) be filed no later than forty-five days after service of the Notice of Effective Date; therefore, the deadline to file such applications is July 29, 2022.

### B.        The Committee's Retention of PSZJ

8.      On August 11, 2021, the Committee held a meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval.

9.      On August 12, 2021, PSZJ filed its *Application Of The Official Committee Of Unsecured Creditors Pursuant To Sections 327, 328, 330, And 1103 Of The Bankruptcy Code, Federal Rules Of Bankruptcy Procedure 2014(A) And 2016, And Local Rules 2014-1 And 2016-1 For Authorization To Retain And Employ Pachulski Stang Ziehl & Jones LLP As Counsel Effective As Of August 11, 2021* [Docket No. 402] (the "**PSZJ Retention Application**").  On September 7, 2021, the Court entered an Order approving the PSZJ Retention Application [Docket No. 203] (the "**Retention Order**").

10.     The Retention Order authorizes the Debtors to compensate and reimburse PSZJ in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders entered in these Chapter 11 Cases.  The Retention Order also authorizes the compensation of PSZJ at its standard hourly rates and the reimbursement of PSZJ' actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

11.     On October 29, 2021, PSZJ filed its *First Interim Fee Application of Pachulski Stang Ziehl & Jones, LLP for Allowance of Compensation for Services Rendered as Counsel to the Official Committee of Unsecured Creditors for the Period from August 11, 2021 Through September 30, 2021* [Docket No. 314] (the "**First Interim Fee Application**").  On November 23, 2021, the Court entered an Order [Docket No. 364] approving the First Interim Fee Application.

DOCS_NY:45948.1

12.     On January 27, 2022, PSZJ filed its *Second Interim Fee Application Of Pachulski Stang Ziehl & Jones, LLP for Allowance of Compensation for Services Rendered as Counsel to the Official Committee of Unsecured Creditors for the Period from October 1, 2021 Through December 31, 2021* [Docket No. 471] (the "**Second Interim Fee Application**").  On February 22, 2022, the Court entered an Order [Docket No. 542] approving the Second Interim Fee Application.

13.     On April 29, 2022, PSZJ filed its *Third Interim Fee Application Of Pachulski Stang Ziehl & Jones, LLP for Allowance of Compensation for Services Rendered as Counsel to the Official Committee of Unsecured Creditors for the Period from January 1, 2022 Through March 31, 2022* [Docket No. 713] (the "**Third Interim Fee Application**", and collectively with the First Interim Fee Application and the Second Interim Fee Application, the "**Interim Fee Applications**").  On May 24, 2022, the Court entered an order [Docket No. 773] approving the Third Interim Fee Application.

## SUMMARY OF PROFESSIONAL INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

14.     In this Application, PSZJ seeks the final allowance of $1,364,212.75 as fees for services rendered and $7,399.72 as reimbursement of expenses incurred during the entirety of the Final Application Period.  Of such amounts, $431,531.50 in fees for services rendered and $1,692.98 as reimbursement of expenses incurred are attributable to the Fourth Application Period. During the Final Fee Application Period and the Fourth Interim Application Period, respectively, PSZJ attorneys and paraprofessionals expended a total of $431,531.50 and 373.4 hours for which compensation is requested.

15.     Pursuant to the Interim Compensation Order, during these Chapter 11 Cases, PSZJ submitted monthly fee statements from time to time and received payment of 80% of fees and 100% of expenses with respect thereto.  All though the Court has entered orders approving the fees

and expenses requested in the Interim Fee Applications as more fully set forth therein, PSZJ has

not received payment in full of the amounts approved pursuant to the order approving the Third

Interim Fee Application.   In addition, PSZJ did not submit monthly statements under the Interim

Compensation Order for the months of April through June, 2022, the amounts of which are

included in this Application.   A summary of the unpaid amounts from the Third Interim Fee

Application as well as those for the Fourth Interim Period follows:

| Period | Fees Incurred | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|
| January 1 – 31, 2022 | $90,018.50 | (90,018.50) | $873.06 | ($873.06) | $0.00 |
| February 1 – 28, 2022 | $149,389.00 | ($129,104.34) | $4.10 | ($4.10) | $20,284.66 |
| March 1 – 31, 2022 | $104,539.50 | ($83,631.60) | $4,384.79 | ($4,384.79) | $20,907.90 |
| April 1 – 30, 2022 | $239,593.00 | ($191,674.40) | $1,261.03 | ($1,261.03) | $47,918.60 |
| May 1, 2022 – June 14, 2022 | $191,938.50 | $0.00 | $431.95 | $0.00 | $192,370.45 |
| Voluntary reduction from Third Interim Fee Application | | ($14,286.75) | | | ($14,286.75) |
| **Balance Owing:** | $775,478.50 | ($508,715.59) | $6,954.93 | ($6,522.98) | **$267,194.86** |

16.     The fees charged by PSZJ in these Chapter 11 Cases are billed in accordance with

PSZJ's existing billing rates and procedures in effect at the time such fees or expenses were

incurred. The rates PSZJ charges for the services rendered by its professionals and

paraprofessionals in these Chapter 11 Cases generally are the same rates PSZJ charges for

professional and paraprofessional services rendered in comparable bankruptcy and non-

bankruptcy related matters. Such fees are reasonable based on the customary compensation

charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

17.     Attached hereto as **Exhibit 3** is a summary breakdown of hours and amounts billed by timekeeper.  The summary sheet lists those PSZJ professionals, paraprofessionals, and other staff who have performed services for the Committee during the Final Application Period, the capacities in which each individual is employed by PSZJ, the hourly billing rate charged by PSZJ for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

18.     PSZJ maintains computerized records of the time spent by all PSZJ attorneys and paraprofessionals in connection with these Chapter 11 Cases.  Copies of the time records of PSZJ's attorneys and paraprofessionals for the Final Application Period are attached hereto as **Exhibit 4**.

19.     PSZJ reserves the right to request additional compensation for the Final Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

**SUMMARY OF SERVICES RENDERED**

20.     The following narrative provides a brief summary of the services rendered by PSZJ on behalf of the Committee organized by project category.  The summary that follows is not intended to be a detailed description of the work performed by PSZJ, as those day-to-day services and the time expended in performing such services are fully set forth in the contemporaneous time records that are attached as **Exhibit 4**.  Rather, the following summary is intended to highlight certain of those areas in which services were rendered to the Committee.

10

A.        **Asset Analysis/Recovery**

Fees:   $195,173.50   Total Hours: 174.4

21.     In this category, PSZJ professionals expended time working with Debtors'
professionals in conducting initial case diligence, analysis and investigation into potential causes
of action against insiders, analysis of potential lien avoidance claims, and analyses of other assets
including non-litigation assets.  Further, the complexity of the various matters and the compressed
time frame for the review of Debtors' assets necessitated multiple internal communications among
PSZJ professionals in order to properly coordinate strategy and achieve efficiency in the Chapter
11 Cases.

B.        **Asset Disposition**

Fees:   $228,204.50   Total Hours:   185.0

22.     This category relates to the Committee's involvement in the marketing, auction and
sale of substantially all the Debtors' assets.  From the beginning of the Chapter 11 Cases, in order
to assist the Debtors in maximizing the value of the Debtors' estates, the Committee and its
professionals were extremely active and involved in extensive and ongoing discussions with the
Debtors, the Debtors' professionals and other stakeholders with respect to the sale and marketing
of the Debtors' assets, including with respect to the solicitation of bids, assistance and input into
the marketing process, discussions with potential bidders, and the sale and auction process as a
whole.  PSZJ professionals also expended time (i) reviewing, analyzing, and revising various sale
and transaction documents, such as the bid procedures, form asset purchase agreement and form
of sale order; and (ii) conferring and strategizing with the Debtors, potential buyers, prepetition
lenders, and other parties in interest regarding the sale. The Committee and its professionals
actively participated in the auction including discussions with the bidders and, as a result of such

vigorous bidding and negotiations, a successful bidder and back-up bidder were named and the sale was approved by the Bankruptcy Court on February 9, 2022 and closed on February 28, 2022.

### C. **Bankruptcy Litigation**

Fees:   $91,876.50   Total Hours:   89.0

23.    Time was spent under this task code in vigorously opposing the initial plan proposed by the Debtors, including by pursuing dismissal or conversion of the Chapter 11 Cases. The Committee believed the initial plan was proposed for the sole benefit of the prepetition senior secured lenders in the Chapter 11 Cases enabling the secured creditors to receive substantial benefits under the plan including releases and exculpations at the expense of unsecured creditors. Also in this category, time was spent reviewing and consulting with the Debtors' professionals regarding the dispute and settlement with GE relating to one of the Debtors' turbines, which was a critical asset of the Debtors' estates.

### D. **Case Administration**

Fees:   $120,070.50   Total Hours:   133.2

24.    This category includes work performed by PSZJ professionals in connection with the day-to-day management of the work-flow, organization, and efficiency of services provided by the professionals as Committee counsel in the Chapter 11 Cases and other miscellaneous tasks that are not unique to another category. Among other things, PSZJ professionals expended time (i) submitting telephonic appearances, reviewing, revising and filing various pleadings in accordance with local practice and rules; (ii) preparing various critical date and work-in-process memoranda regarding case status and various date and deadlines in the cases; (iii) attending periodic work-in-progress team calls regarding status of various case issues; (iv) reviewing docket and various pleadings regarding first day matters and initial case review and maintaining a master calendar of

case dates and deadlines; and (v) preparing notices of appearance and various witness and exhibit lists. Because of the often compressed time-frames and the complexity of the various matters, time was spent by multiple PSZJ professionals which necessitated multiple internal communications in order to properly coordinate strategy and achieve efficiency in the Chapter 11 Cases.

### E.        Claims Administration and Objections

Fees:  $11,147.00     Total Hours:   8.0

25.      In this category, PSZJ professionals expended time and effort, *inter alia*, (i) reviewing Shell's claim against the Debtors; (ii) corresponding with Prudential counsel regarding the draft stipulation preserving challenge rights; (iii) reviewing the summary of Castleman claims; (iv) corresponding on issues and amounts of Prudential secured and unsecured claims against the Debtors; (v) reviewing claims and waterfall materials related to the plan and addressing issues with case professionals; (vi) reviewing budget projection and claims analysis; (vii) reviewing settlement with ProEnergy and addressing issues with Committee; and (vii) reviewing the stipulation with Fluor regarding general unsecured claim.

### F.        Compensation of Prof.

Fees:  $23,696.50     Total Hours:   37.8

26.      Under this task code, PSZJ professionals expended time, *inter alia*, (i) preparing PSZJ's monthly fee statements and reviewing and revising the detailed descriptions of professional services in accordance with local rules; (ii) preparing and filing PSZJ's First, Second, and Third Interim Fee Applications; (iii) preparing and filing certificates of no objections to PSZJ's interim fee applications; and (iv)  conferring with the U.S. Trustee on multiple occasions regarding interim applications and providing follow-up information including LEDES data.

G.        **Compensation of Prof./Others**

Fees:   $6,207.00      Total Hours: 11.1

27.      In this category, PSZJ's professionals expended time, *inter alia*, (i) assisting the Committee's financial advisor, Riveron RTS, LLC ("**Riveron**"), with their monthly fee statements and interim fee applications, (ii) preparing and filing certificates of no objections to Riveron's interim fee applications, and (iii) reviewing compensation procedures order in connection therewith.

H.        **Executory Contracts**

Fees:   $2,604.50      Total Hours:   2.1

28.      Under this task code, PSZJ professionals expended time reviewing the agreements relating to Shell LC; addressing issues related to assumption of pipeline agreements;   and participating in the hearing regarding assumption of agreement and retention of environmental consultant.

I.        **Financial Filings**

Fees:   $5,307.50      Total Hours:   6.8

29.      In this category, PSZJ professionals expended time reviewing the Debtors various schedules and statements of financial affairs, drafting summary memorandum of schedules and statements for Committee review, and addressing amendments to schedules and statements with Debtors' counsel.

J.        **Financing**

Fees:   $105,996.00   Total Hours:   90.0

30.      This category relates to the Committee's involvement in the debtor-in-possession financing and cash-collateral motions in the Chapter 11 Cases.  In order to assist the Debtors in

maximizing the value of the Debtors' estates, the Committee and its professionals were extremely active and involved in extensive and ongoing discussions with the Debtors, the Debtors' professionals and other stakeholders with respect to the terms of the final DIP financing facility, including with respect to review of perfection of existing liens, the review of loan documents, reviewing and commenting on the DIP order and negotiations related thereto, and reviewing pleadings and attending the hearing to approve theDIP facility.

### K.        General Creditors Committee

Fees:   $116,695.50   Total Hours:   112.6

31.     PSZJ's professionals expended time, *inter alia*, (i) preparing for and participating in periodic calls with the Committee and providing regular case updates to the Committee's members; (ii) conferring with Committee members and responding to inquiries from other general unsecured creditors; (iii) preparing and sending detailed communications to Committee members regarding various issues and pleadings filed in the cases, general status and obtaining approval for varioius strategic decisions and recommended actions in the Chapter 11 Cases; (iv) preparing the Committee's bylaws, confidentiality protections, preparing, filing and supplementing Committee information motion, and creating the creditor information website; and (v) providing general services on behalf of the Committee that are  not unique to another task category.

### L.        General Business Advice

Fees:   $16,136.00   Total Hours:   12.6

32.     Under this task code, PSZJ professionals expended time addressing issues relating to Debtors' business dealings with creditor, Shell Oil, reviewing Shell Oil's prepetition and postpetition agreements, reviewing Debtors' financial advisor's materials, and attending weekly update calls with Debtors' professionals.

### M.        Meeting of Creditors

Fees:  $4,145.00     Total Hours:   4.8

33.        In this category, PSZJ professionals expended time preparing for and attending the 341 meeting of creditors meeting, and preparing a summary of the 341 meeting for Committee review.

### N.        Operations

Fees:  $1,256.00     Total Hours:   1.0

34.        Under this task code, PSZJ professionals and the Committee's financial advisors expended time addressing issues related to contract and operational issues of the Debtors.

### O.        Plan and Disclosure Statement

Fees:  $392,579.50   Total Hours:   321.9

35.        Under this task code, PSZJ's professionals expended time, *inter alia*, (i) reviewing, commenting on Debtors' plan term sheet; (ii) reviewing and commenting on Debtors' disclosure statement, plan and related documents including trust agreement; (iii) researching and drafting objections to the Debtors' disclosure statement and plan in conjunction with motion to dismiss or convert case; (iv) preparation of discovery requests related to plan confirmation and preparation for confirmation hearing; (v) conducting extensive negotiations and discussions with the stakeholders in the Chapter 11 Cases regarding multiple plan issues including release and exculpation of non-Debtor parties and the assets to be included in the general unsecured creditors' trust to be established pursuant to the plan; (vi) preparing and negotiating with the Debtors' and their lenders regarding a settlement of the Committee's concerns regarding the plan and the Committee's confirmation objections;; and (vii) addressing certain post-confirmation and pre-Effective Date issues.  Additionally, because of the compressed time-frames and the complexity

of the plan confirmation matters, time was spent by multiple PSZJ professionals which necessitated multiple internal communications in order to properly coordinate strategy and achieve efficiency in the Chapter 11 Cases.

### P.        Relief from Stay

Fees:   $99.00 Total Hours:   .2

36.     In this category, time was spent submitting appearances for the April 6, 2022, relief from stay hearing.

### Q.        Retention of Prof.

Fees:   $11,514.00     Total Hours:   15.5

37.     Under this task code, PSZJ's professionals expended time, *inter alia*, (i) preparing the PSZJ Retention Application and related retention materials; and (ii) conferring with the U.S. Trustee regarding comments to the retention order and addressing U.S. Trustee's comments; and (iii) preparing and filing supplemental PSZJ declaration regarding retention application.

### R.        Ret. Of Prof./Other

Fees:   $19,614.50     Total Hours:   20.8

38.     In this category, PSZJ's professionals expended time, *inter alia*, (i) assisting Riveron with the preparation of retention application and related materials; and (ii) reviewing retention applications and declarations filed by the Debtors' professionals, including Locke Lord, Porter Hedges, and Tateswood.

17

S.        **Travel**[4]

Fees:   $26,176.50     Total Hours:   20.7

39.     This category includes time expended by PSZJ's professionals in traveling to and from Houston for the auction of substantially all the Debtors' assets.

## FINAL APPLICATION PERIOD

40.     The professional services performed by PSZJ on behalf of the Committee during the Final Application Period required an aggregate expenditure of more than 1,247.5 hours by PSZJ's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, 733.0 recorded hours were expended by partners of PSZJ, 325.4 recorded hours were expended by counsel, 45.4 recorded hours were expended by associates, and 143.7 recorded hours were expended by paraprofessionals and others of PSZJ.

41.     During the Final Application Period, PSZJ billed the Committee for time expended by attorneys based on hourly rates ranging from $725 to $1,525 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $1,093 (based on 1,247.5 recorded hours for professionals at PSZJ's agreed billing rates in effect at the time of the performance of services).

42.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently.  Whenever possible, PSZJ sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

---

[4] For the Travel category this was part of the PSZJ's voluntary fee reduction, which was incorporated into the Order approving Third Interim Fee Application (defined below). *See* Docket Nos. 713 and 773.

43.     In sum, the services rendered by PSZJ during the Final Application Period were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## BASIS FOR THE RELIEF REQUESTED

44.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals not more than once every 120 days after the commencement of the cases (or more often as the court may permit) and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.   Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

45.     Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.     the time spent on such services;
>
> B.     the rates charged for such services;
>
> C.     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

19

E.      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

F.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

46.      In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Fourth Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) which incorporates and expands upon the requirements of section 330 of the Bankruptcy Code.  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 123 n.8.  In *In re Fourth Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977), the Fourth Circuit applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases.

47.      Under an analysis utilizing the *Johnson* factors and the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, PSZJ submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount.  PSZJ devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases.  Whenever possible,

PSZJ sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

48.     PSZJ respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to represent the Committee effectively and efficiently.

49.     Further, PSZJ submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Committee:

(a)     *The Time and Labor Required*.  The professional services rendered by PSZJ on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch.  PSZJ respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b)     *The Novelty and Difficulty of Questions*.  These Chapter 11 Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues in areas such as restructuring, lien perfection, energy, litigation, and corporate finance.  PSZJ's efforts and effective assistance was for the purpose of maximizing value for the benefit of the estate and its stakeholders.

(c)     *The Skill Required to Perform the Legal Services Properly*.  PSZJ believes that its recognized expertise in the area of insolvency proceedings and reorganization, particularly before this Court, have contributed to the efficient and effective representation of the Committee in these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  PSZJ's representation of the Committee has not precluded its acceptance of new clients.  However, the issues that have arisen in these Chapter 11 Cases required attention on a continuing, and often times emergent, basis, requiring PSZJ's professionals to commit significant portions of their time to these cases.

(e)     *The Customary Fee*.  The fees sought herein are based upon PSZJ's normal hourly rates for services of this kind.  PSZJ respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Committee.  PSZJ's hourly rates and the fees requested herein are commensurate with fees PSZJ has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

21

(f)     *Whether the Fee is Fixed or Contingent*.   The fees requested in this Application represent fees incurred based upon a fixed hourly rate basis, contingent upon the Court's approval of this Application.

(g)     *Time Limitations Imposed by Client or other Circumstances*.   PSZJ provided capable legal representation within the time limitations imposed under the unique circumstances of these cases. The issues that have arisen in these Chapter 11 Cases, particularly with respect to the disputes among the various stakeholders, required attention on a continuing, and often times emergent, basis,

(h)     *The Amount Involved and Results Obtained*.   For the reasons described above, PSZJ respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous matters that had to be addressed.

(i)     *The Experience, Reputation and Ability of the Attorneys*.   PSZJ is a professional association whose more than 75 attorneys practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; corporate, finance and business transactions; employment and other phases of the law.   PSZJ has represented debtors, creditors, fiduciaries, and numerous other parties in cases before the Bankruptcy Courts for the Southern District of Texas as well as in various other Bankruptcy Courts throughout the country.

(j)     *The Undesirability of the Case*.   Not applicable.

(k)     *Nature and Length of Professional Relationship*.   Not applicable.

(l)     *Awards in Similar Cases*.   As previously indicated, the fees sought herein are commensurate with fees PSZJ has been awarded in other chapter 11 cases.

50.     Consistent with Section 331 of the Bankruptcy Code, this is PSZJ's fourth interim and final fee application since the Petition Date.  *See* 11 U.S.C. § 331.

51.     In sum, the services rendered by PSZJ were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

52.     No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, PSZJ respectfully requests that the Court:

(a)    approve interim allowance for the Fourth Interim Application Period of $431,531.50 for professional services rendered to the Committee and $1,692.98 out-of-pocket expenses incurred in connection with the rendering of such services during the period from April 1, 2022, through and including June 14, 2022;

(b)    approve final allowance for the Final Application Period of $1,364,212.75 for professional services rendered to the Committee and $7,399.72 out-of-pocket expenses incurred in connection with the rendering of such services during the period from August 11, 2021 through and including June 14, 2022;

(c)    authorize the Debtors to immediately pay to PSZJ any unpaid portion of such allowed fees and expenses; and

(d)    award such other relief as the Court deems just and proper under the circumstances.

Dated: July 28, 2022                     Respectfully submitted,

By:   */s/ Michael D. Warner*
        Michael D. Warner (TX Bar No. 00792304)
        Steven W. Golden (TX Bar No. 24099681)
        **PACHULSKI STANG ZIEHL & JONES LLP**
        440 Louisiana Street, Suite 900
        Houston, TX 77002
        Telephone: (713) 691-9385
        Email: mwarner@pszjlaw.com
        Email: sgolden@pszjlaw.com

        -and-

        Jeffrey N. Pomerantz, Esq. (Admitted *Pro Hac Vice*)
        Ira D. Kharasch (Admitted *Pro Hac Vice*)
        10100 Santa Monica Blvd., 13th Floor
        Los Angeles, CA 90067
        Telephone: (310) 277-6910
        Email: jpomerantz@pszjlaw.com
        Email: ikharasch@pszjlaw.com
        *Counsel for the Official Committee of Unsecured Creditors*

23