UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>AGILON ENERGY HOLDINGS II LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-32156 (MI)<br><br>(Jointly Administered) |

**RIVERON RTS, LLC'S MOTION FOR ENTRY OF AMENDED FINAL ORDER
ALLOWING COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF RIVERON RTS, LLC**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Riveron RTS, LLC F/K/A Conway Mackenzie ("**Riveron**"), the financial advisor to the Official Committee of Unsecured Creditors in the above-captioned chapter 11 cases, hereby moves (this "**Motion**") for entry of an order substantially in the form of **Exhibit 1** hereto (the "**Amended Riveron Final Order**"), amending that certain *Final Order Allowing Compensation and Reimbursement of Expenses of Riveron RTS, LLC F/K/A Conway Mackenzie, LLC*[2] [Docket No.

---

[1] The debtors and debtors in possession these chapter 11 cases (the "Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Agilon Energy Holdings II LLC (3389) ("Agilon"), Case No. 21-32156; Victoria Port Power LLC (4894) ("VPP"), Case No. 21-32157; and Victoria City Power LLC (4169) ("VCP" and together with Agilon and CPP, the "Debtors"), Case No. 21-32158. The Debtors' mailing address is: 5850 San Felipe, Ste. 601, Houston, Texas 77057.

[2] Conway MacKenzie, LLC changed its name to Riveron RTS, LLC effective September 1, 2021.

861] (the "**Riveron Final Order**") to include the amount of the Reimbursable Expenses (defined below).  In support of this Motion, Riveron represents as follows:

**Background**

1. On July 28, 2022, Riveron filed the *Final Fee Application of Riveron RTS, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisors to the Official Committee of Unsecured Creditors for the Period From August 11, 20221 through and Including June 14, 2022* [Docket No. 840] (the "**Riveron Final Fee Application**").

2. No objections were filed to the Riveron Final Fee Application, and on September 2, 2022, a Certificate of No Objection was filed [Docket No. 858].  Thereafter the Court entered the Riveron Final Order.

3. The Proposed Order attached to the Riveron Final Fee Application at Docket No. 840-6 contained a scrivener's error in that it did not address a reference to the amount of the reimbursable expenses sought by Riveron (the "**Reimbursable Expenses**"), *to wit*: $20,787.50 (as such amount was specifically addressed in the Riveron Final Fee Application at: (i) Docket No. 840, pages 2, 5, paragraphs 27, 29, and the final paragraph; and (ii) Docket No. 840-3, the exhibit of Expense Summary for the Final Application Period.

4. On September 7, 2022, this Court entered its Riveron Final Order, approving the Riveron Final Fee Application, which did not include the amount of the Reimbursable Expenses due to the scrivener's error.

5. By this Motion, Riveron respectfully requests the entry of the Amended Riveron Final Order, substantially in the form of **Exhibit 1** hereto, correcting the scrivener's error and providing for the allowance of, *inter alia*, the Reimbursement of Expenses.

2

**Jurisdiction and Venue**

6.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

7.      The predicate for the relief requested herein is based upon Rule 60 of the Federal Rule of Civil Procedure (the "**Federal Rules**"), made applicable to the above captioned chapter 11 cases pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Basis for Relief**

8.      Federal Rule 60(a), as made applicable to these Chapter 11 Cases by Bankruptcy Rule 9024, provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

9.      Here, the Court should enter the Amended Final Riveron Order to correctly reference, *inter alia*, the Reimbursable Expenses incurred by Riveron.  No objections were filed to the Riveron Final Fee Application – which detailed and sought allowance of the Reimbursable Expenses.  Accordingly, entry of an amended order properly addressing the Riveron Final Fee Application is appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, based upon the foregoing, Riveron respectfully requests that the Court enter an order amending the Riveron Final Order to properly identify the Reimbursable Expenses, and such other and further relief as may be just and proper under the circumstances.

Dated: September 19, 2022

/s/ Michael D. Warner
Michael D. Warner, Esq.
(TX Bar No. 00792304)
Benjamin L. Wallen, Esq.
(TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:   (713) 691-9401
Email: mwarner@pszjlaw.com
            bwallen@pszjlaw.com

*Counsel for the (former) Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September, 2022, a true and correct copy of the above and foregoing has been served on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in these cases.

/s/ Michael D. Warner
Michael D. Warner